**FILED**

NOV - 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CASE NUMBER  1:06CV01873

JUDGE: Ricardo M. Urbina

DECK TYPE: Pro se General Civil

DATE STAMP: 11/ /2006

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Clare L. Reading and James L. Reading, ) <br> 2425 E. 6X STREET <br> MESA, ARIZONA 85213 <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES *aka*, UNITED STATES ) <br> OF AMERICA, a Federal Corporation, ANN ) <br> TAYLOR, PAUL CHASE, CINDY MASON ) <br> and BOB CAREY ) <br> ) <br> Defendants. ) <br> ) | Case No. <br><br> **VERIFIED COMPLAINT** <br><br> QUIET TITLE ACTION STEMMING FROM VIOLATIONS OF THE FIRST, FOURTH, FIFTH, SIXTH, NINTH, THIRTEENTH FOURTEENTH AND SIXTEENTH AMENDMENTS TO THE CONSTITUTION |

COMES NOW Clare L. Reading and James L. Reading Plaintiffs, proceeding on their own behalf and with the assistance of Law, bringing this action alleging violations of federal rights due State Citizens (sentient beings) by federal officer(s) acting under color of federal law. Liken to President George W. Bush, the Defendants deprived Plaintiffs of rights, privileges and immunities secured under the Constitution for the United States of America, including but not limited to Amendments One, Four, Five, Six, Nine, Thirteen, Fourteen and Sixteen thereof. The following issues give rise to the Plaintiffs' complaint as proper before this Court in seeking such relief as commanded upon the exhaustion of the administrative remedies, and are not extraordinary. Plaintiffs are seeking actual and compensatory damages for the injuries to person and personal Labor Property caused by the Defendants for their reckless and willful acts.

Clare L. Reading and James L. Reading, are unschooled in law and; therefore, are waived from being held to the standards of a bar attorney as stated in *Haines*: ***"however inartfully plead, [pro se] must be held to a less stringent standard than formal pleadings drafted by bar-admitted attorneys and can only be dismissed for failure to state a claim if it appears beyond a doubt that the pro se litigants can prove no set of facts in support of [his] claims which would entitle him to relief."*** *Haines v. Kerner,* 404 U.S. 519-521. Plaintiffs request this Court to take judicial notice of *Haines,* as such doctrines are applicable in this instant case. Plaintiffs further indulge this Court to exercise impartiality at all stages of these proceedings, applying sound legal principles and conditions precedent.

## I.
## Jurisdiction And Venue

This Court has jurisdiction pursuant to Title 28 U.S.C. § 2410 – Quiet Title; Title 28 U.S.C. § 1331 – Federal Question; Title 28 U.S.C. § 1332 – Diversity of citizenship; 28 U.S.C. § 1340 – Internal Revenue; 28 U.S.C. § 1346 – United States Defendants; 28 U.S.C. § 1367 – Supplemental Jurisdiction; 28 U.S.C. § 3002(15)(A) – United States Federal Corporation; Title 5 U.S.C. § 702; All Writs Act at 28 U.S.C. §§ 1651 and 1658; Federal Rules of Civil Procedure §§ 57 and 65; and the broad equitable powers of this Court.

Plaintiffs' action and petition for relief is based upon declaring their Constitutionally-guaranteed Rights in light of conduct of officers and/or employees of the United States, acting under color of federal law; therefore, Plaintiffs respectfully request this Court – a creature of statute – to sit as an Article III Court, pursuant to the United States Constitution, to hear these issues. Other jurisdictional claims arise under the United States Constitution at Article I § 7, Amendments I, IV, V, VI, IX, XIV, and XVI, and of the laws of the United States and presents federal questions within this Court's jurisdiction under Article III of the United States Constitution.

Venue is proper in the District of Columbia, the Seat of Government, pursuant to 4 U.S.C. §§ 71, 72 and 73; the United States is a federal corporation created by an Act of Congress pursuant to 28 U.S.C § 3002(15)(A) and a *citizen* as defined at 28 U.S.C § 1332(c)(1) and (d) maintaining its corporate offices located in the district. A duly authorized officer of the United States will answer on behalf of the acts committed by the corporation, its officials, officers, agents from said district. *"The United States government is a foreign corporation with respect to a state." In the Matter of Merriam*, 36 N.E. 505, 141 N.Y. 479, affirmed 16 S.Ct. 1073, 163 U.S. 625, 41 L.Ed 28720 CJS, Section 1785; also see *Penhallow v. Doane's Administrator's*; *Clearfield Trust Company v. United States*, 318 U.S. 363-371, 1942. Said corporations are prohibited from certain acts and limited to certain enumerated powers by said contract (the Constitution for the United States), which are alleged herein.

## II.
## Joinder of Parties

The Defendants, the UNITED STATES aka, UNITED STATES OF AMERICA, ANN TAYLOR, PAUL CHASE, CINDY MASON and BOB CAREY, having individually and collectively participated in causing damage and harm to Plaintiffs Clare L. Reading and James L. Readings' person and personal Labor Property hereby enjoin all Defendants, pursuant to Fed.R.Civ.P. – Rule 18, *in pari materia* with 28 U.S.C. § 1367 – engaging this Court's supplemental jurisdiction.

> *". . . if the joined claims do arise from the same case or controversy, the court may exercise supplemental jurisdiction over the claims." See Leham v. Revolution Portfolio LLC*, 166 F.3d 389, 394, (1st Cir. 1999). *". . . Rule 18 permits joinder of any and all claims subject only to objections to jurisdiction and venue . . ." Sinclair v. Soniform*, Inc., 935 F.2d 599 (3d Cir. 1991))

Therefore, in the interest of justice and under the Due-Process Clause of the Fifth Amendment and the Equal Protection of the law under the Fourteenth Amendment to the Constitution for the

United States of America, Plaintiffs effectively move to enjoin all parties named herein as proper before the Court.

### III.
### Plaintiffs' Capacity And The Invocation Of
### Jurisdiction Pursuant To The Common Law

Plaintiffs, Clare L. Reading and James L. Reading are presently domiciled in the geographical location identified as 2425 East Fox Street, Mesa Arizona situated in these 50 United States of (North) America. Plaintiffs are, at all times mentioned herein, proceeding in the capacity and standing as a Living, Breathing, Conscious, Thinking, Flesh and Blood Sentient Human Beings. Not appearing as subclass statutory persons, citizens, collective entities or otherwise; but, of a superior class and authority not enjoyed by the United States, a corporation void of conscience – given life and existence by its corporate officials, officers, agents and employees (*see Brasswell v. United States*, 487, U.S. 99 (1988) quoting *United States v. White*, 322 U.S. 694 (1944).

The Fifth, Sixth, Seventh and Fourteenth Amendments to the Constitution secure Due Process to the American people in the course of the Common Law, which necessarily includes the **right to trial by jury**. *See Wayman v. Southard*, 23 U.S. 1; 6 L. Ed. 253; 10 Wheat 1(1825). The United States Supreme Court established: "*The Constitution is to be interpreted according to the Common Law Rules.*" *Schick v. United States*, 195 U.S. 65; 24 S. Ct. 826; 49 L. Ed.99. The Supreme Court stated further: "*It [U.S. Constitution] must be interpreted in the light of Common Law, the principles and history of which are familiarity known to the framers of the Constitution. The language of the Constitution could not be understood without reference to the Common Law.*" *United States v. Wong Kim Ark*, 169 US 649; 18 S.Ct. 456. Therefore, this Court is hereby provided notice that, as a precaution, Plaintiffs are invoking the **saving to suitors clause** at 28 U.S.C. § 1333(1), in order to secure and proceed in the course of the Common Law in the

event that there are controversy within special maritime and territorial jurisdiction of the United States.

Under rules of Common-Law procedure, acquiescence to stipulations of fact and law set forth in attending facts, claim and/or complaint affidavits, along with conclusions of law included or incorporated by reference in conditional acceptance, protest and/or rebuttal – documents will have the effect of a Common Law Retraxit and Stipulation by Tacit Procuration – whether for purposes of administrative or judicial Due Process remedies.

## IV.
## Defendants

(a) At all times relevant hereto the corporate citizen Defendant UNITED STATES aka UNITED STATES OF AMERICA's main office is located at 500 N. Capitol St. NW, Washington, DC 20221 which is within the jurisdiction of the Court.

(b) Defendant ANN TAYLOR's main office is located at 500 N. Capitol St. NW, Washington, DC 20221 and her pilot office is located at 300 W. Congress St., MS 5126, Tucson, Arizona 85701.

(c) Defendant PAUL CHASE's main office is located at 500 N. Capitol St. NW, Washington, DC 20221 and his pilot office is located at 40 W. Baseline Road, Suite 211, Tempe, Arizona 85283.

(d) Defendant CINDY MASON's main office is located at 500 N. Capitol St. NW, Washington, DC 20221 and her pilot office is located at 40 W. Baseline Road, Suite 211, Tempe, Arizona 85283.

(e) Defendant BOB CAREY's main office is located at 500 N. Capitol St. NW, Washington, DC 20221 and his pilot office is located at 40 W. Baseline Road Suite 211, Tempe, Arizona 85283.

### V.
### Conditions Precedent Establishes The Defendants
### Effectively Waived Immunity By Their Reckless Acts

1. Plaintiffs reallege all allegations stated above, and further allege:

2. The Plaintiffs having effectively exhausted their administrative remedy in several sections of Title 26 of the United States Code, including but not limited to: 26 U.S.C. § 6335 – Administrative Appeals of the statutory Form 668-B - Levy and Form 2433 Notice of Seizure resulting in a written denial giving Plaintiffs jurisdiction to reclaim their personal property in a district court of the United States pursuant to an action to quiet the title of such property.

3. The UNITED STATES Defendants have further waived immunity under the Anti-Injunction Act codified at 26 U.S.C. § 7421. The Anti-Injunction Act precludes this Court from exercising jurisdiction over actions that seek to enjoin the assessment and collection of federal income taxes: **which is not the intent or subject matter of this suit**. According to *Hoillingshead v United States*, 85-2 USTC 9772 (5th Cir 1985) 26 U.S.C. § 7421 is a waiver of immunity by the Government for a Citizen who claims that their personal Labor Property has been subject to wrongful Levy. ***"The government consents to be sued when the IRS violates a congressionally mandated procedure during the administrative assessment and collection process."***

Section 7421 of the Internal Revenue Code provides, in relevant part as follows:

   (a) Tax – Except as provided in sections 6015 (e), 6212 (a) and (c), 6213 (a), 6225 (b), 6246 (b), 6330 (e)(1), 6331 (i), 6672 (c), 6694 (c), and 7426 (a) and (b)(1), 7429 (b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

4. Plaintiffs are not seeking to restrain the lawful assessment or collection of any internal revenue tax, but dispute the unlawful seizure of personal Labor Property as a result of the

intentional violations of procedural and substantive Due Process and the documented reckless and willful disregard for the internal revenue laws.

5. Verified evidence of the records provides that Defendant UNITED STATES and named employees have failed to comply with the administrative prerequisites that would grant relief under the Anti-Injunction Act. Immunity under the Anti-Injunction Act exists to the extent the UNITED STATES Defendants are in compliance with the Constitutional Mandate and statutes as set forth by Acts of Congress and applicable Treasury Regulations.

6. Evidence provides that the UNITED STATES Defendants and said employees have and continue to illegally seize Plaintiffs' personal Labor Property without restoring the value of Plaintiffs' Labor, without establishing liability, without imposing a tax, without a determination, without a deficiency, without an assessment, and without a warrant in violation of multiple provisions of the federal, Constitutional, procedural and substantive Due Process.

7. Further, the UNITED STATES Defendant and employees named herein consent to being sued when any one of its officials, officers, or agents proceed in violation of congressionally-mandated, statutory procedures during an administrative, civil or criminal judicial proceeding as in this case.

## VI.
## Factual History And Summary Of Events

8. Plaintiffs reallege all allegations stated above in this complaint, and further allege:

9. That on September 22, 2006 at approximately 3:30 p.m., Named Unknown Agents identified as ANN TAYLOR, PAUL CHASE, CINDY MASON and BOB CAREY appeared on documents and/or physically at 2425 East Fox St., Mesa Arizona and caused to be seized personal property in the possession and control of Plaintiffs identified as a 2005 Nissan Titan

Pick-up with shell top, VIN: 1N6AA06B75N511819, secured under a carport located on Plaintiffs' property.

10. That Plaintiffs observed Named Unknown Agent PAUL CHASE proceed onto the private property with a tow truck, bearing Arizona License plate CE08456, accompanied by two unknown males from Valley Towing, wherein they illegally seized and hitched Plaintiffs' personal property in their control while other Named Unknown Agents stood and watched.

11. That on or about October 3, 2006 or soon thereafter, and within 10 days of the illegal seizure, Plaintiffs caused to be filed IRS Form 9423 – Collections Appeals Request, including an Affidavit and Exhibits in support providing evidence sufficient to conclude that the Notice of Seizure and Levy were procedurally invalid – effectively exhausting their administrative remedies.

12. That on or about October 12, 2006, Plaintiffs participated in a predetermined phone conference with Collections Appeals Officer PAUL BAKER who refused to allow Plaintiffs to record the hearing which resulted in the officer's pronouncement that he would address the issues raised in Plaintiffs' appeals affidavit.

13. That on or about October 13, 2006, Plaintiffs received a Summary Administrative Determination from Appeals Officer PAUL BAKER, dated October 16, 2006, addressing each issue raised by Plaintiffs in their administrative appeal for the return of such property – interpreting and determining without surprise that the Compliance function was justified in illegally stealing and seizing personal property in Plaintiffs' possession and control.

14. That Plaintiffs are appalled at IRS Appeals Officer BAKER patronizing Plaintiffs' and [taxpayers] generally, making the ridiculous claim that the IRS Appeals Office is an "independent" function within the Internal Revenue Service when it clearly rubberstamps

99% of the violations and usurpation of law committed by fellow employees assigned in different departments. That's like saying Adolph Hitler functioned independent of his army goon squad during the extermination of Jewish nationals or the human heart (for those government employees that have one) is a separate and distinct function of the body human body.

15. That the property once controlled by and in possession of Plaintiffs is presently in possession of the UNITED STATES Defendant and the employees named herein; scheduled for a Public Auction Sale on Thursday November 9, 2006 at: Internal Revenue Service 210 E. Earll Drive, Phoenix, Arizona; for which they will derive a pecuniary benefit resulting in their unjust enrichment from the theft thereof.

16. That the instruments used to seize the personal property in Plaintiffs' control have been issued in violation of procedural and substantive Due Process of law, as evidence herein establishes that the Form 668-B - Levy and Form 2433 Notice of Seizure are procedurally invalid and fully violates Plaintiffs' rights guaranteed by the Fourth, Fifth, Thirteenth and Fourteenth Amendments to the Constitution for the United States of America.

## VII.
## COUNT I.
### Quiet Title Of Personal Property Pursuant To 28 U.S.C. 2410

17. Plaintiffs reallege all allegations stated above, and further allege:

18. On or about September 22, 2006 or soon thereafter, Defendants ANN TAYLOR, PAUL CHASE, CINDY MASON and BOB CAREY conspired with intent to deprive Plaintiffs of their Constitutionally-protected Rights, did in bad faith and willful oppression under color of law intentionally and recklessly with willful disregard for the internal revenue laws did cause a statutory non-judicial Form 668-B Levy and Form 2433-Notice of Seizure to issue in the

amount $173,607.14 for the tax years 1993, 1994 and 1995, resulting in the illegal seizure of personal property in possession and control Plaintiffs, having a Fair Market Value of approximately $21,000.00.

19. This action arises under the Federal Tax Lien Act of 1966 [80 Stat. 1125] and Title 28 U.S.C. § 2410 and jurisdiction is conferred upon this court to determine quiet title in state law and federal Supplemental Jurisdiction pursuant to 28 U.S.C. § 1367.

20. The named Defendants are in possession and control of personal property illegally seized from Plaintiffs' pending sale more particularly described as follows:

   **2005 White Nissan Titan Pick-up truck; SE King Cab Short Bed; V8 5.6 Liter engine; Automatic transmission with optional 4x4 off road package and pickup shell/Cap; VIN: 1N6AA06B75N511819**

21. The personal property described above is in actual possession of the Defendants.

22. The Defendant, the UNITED STATES is a statutory citizen and a federal corporation created by an Act of Congress.

23. The Defendants, ANN TAYLOR, PAUL CHASE, CINDY MASON and BOB CAREY, named on the statutory Form-668 B and Form 2433 Notice of Seizure are presumed to be employees of the UNITED STATES Defendant.

24. Plaintiffs are with evidence sufficient to establish and conclude that the Defendants do not have a procedurally valid statutory Notice of Federal Tax Lien for tax years 1993, 1994 and 1995, giving rise to a valid statutory Form 668-B - Levy and Form 2433 Notice of Seizure issued for purpose of *taking* personal property controlled by and previously possessed by Plaintiffs.

25. Plaintiffs are with evidence sufficient to establish and conclude that the Defendants failed to comply with the procedural requirements of 26 U.S.C. § 6212 and 6213, and never caused a

Notice of Deficiency to issue for tax years 1993, 1994 and 1995 giving Plaintiffs an opportunity to petition Tax Court prior to issuing the Notice of Federal Tax Lien giving rise to the statutory Form 668-B Levy and Form 2433 Notice of Seizure.

26. The Plaintiffs are with evidence sufficient to establish and conclude that the Defendants failed to comply with the procedural requirements of 26 U.S.C. § 6203, and never made an Assessment of a tax liability for tax years 1993, 1994 and 1995 prior to causing the Notice of Seizure to issue.

27. The Plaintiffs contend that the Defendants intentionally violated the procedural requirements Substitute for Return (SFR) as applicable to 26 CFR § 301.6020-1(2)(b)(2) and IRM 5.1.11.9 – 26 U.S.C. § 6020(b) Authority, and failed to obtain a signature from the Secretary authorizing the issuance of the Substitute for Return for tax periods 1993, 1994 and 1995 as indicated on the Notice of Seizure. The Defendants, causing an SFR Form 1040 to issue, knew that the Authority of Section 6020(b) does not authorize the issuance of Form 1040.

28. The procedural violations enumerated herein are consistent with the violations as stated throughout these causes of action.

29. The Defendants claim some interest adverse to the Plaintiffs' interest in the personal property described above, but the Defendants' claim is without merit and the Defendants have no estate, title, claim, lien, superior claim or in Plaintiffs' personal property or any portion thereof.

30. Plaintiffs, having exhausted the administrative procedures, prior to petitioning this Court have no plain, speedy or adequate remedy at law.

**VIII.**
**COUNT II.**
**Defendants Failed To Comply With 26 U.S.C. § 6212(a)**

31. Plaintiffs reallege all allegations stated above, and further allege:

32. On or about September 22, 2006 or soon thereafter, Defendants ANN TAYLOR, PAUL
    CHASE, CINDY MASON and BOB CAREY conspired with intent to deprive Plaintiffs of
    their Constitutionally-protected Rights, did in bad faith and under color of law intentionally
    and recklessly did cause a procedurally invalid Form 668-B - Levy and a Form 2433 –
    Notice of Seizure to be issued in the amount $173,607.14 for the tax years 1993, 1994 and
    1995, resulting in the illegal seizure of personal property in possession and control of
    Plaintiffs, having a Fair Market Value of approximately $21,000.00; with willful disregard
    for the internal revenue laws *failed to issue a Notice of Deficiency* (**90-day letter**) <u>required</u>
    by 26 U.S.C. § 6212(a) and implementing regulations.

33. This deprivation of the opportunity to litigate a tax liability before paying the tax can cause
    substantial hardship to a taxpayer. <u>*Granquist v. Hackleman*</u>, 264 F.2d 9, 14 (9th Cir. 1959).
    Such a deprivation is also "out of keeping with the thrust of the Code." <u>*Laing*</u>, 423 U.S. at
    176, 96 S.Ct. at 482.

34. The UNITED STATES Defendant and named employees have effectively usurped this Act
    of Congress and intentionally blocked Plaintiffs' Constitutionally-protected access to Due
    Process and Equal Protection of the law wherein they failed to allow Plaintiffs ninety (90)
    days to petition the Tax Court and effectively dispute Defendants' outrageous, fictitious
    and unverifiable claim - void of establishing a basis of liability.

**IX.**
**COUNT III.**
**Defendants Failed To Make An Assessment**
**Of A Statutory Federal Income Tax Liability**

35. Plaintiffs reallege all allegations stated above, and further allege:

36. On or about September 22, 2006 or soon thereafter, Defendants ANN TAYLOR, PAUL

CHASE, CINDY MASON and BOB CAREY conspired with intent to deprive Plaintiffs of

their Constitutionally-protected Rights, did in bad faith and under color of law intentionally

and recklessly did cause a procedurally invalid Form 668-B - Levy and a Form 2433 –

Notice of Seizure to be issued in the amount $173,607.14 for the tax years 1993, 1994 and

1995, resulting in the illegal seizure of personal property in possession and control of

Plaintiffs, having a Fair Market Value of approximately $21,000.00; with willful disregard

for the internal revenue laws *failed to make an assessment* of a statutory liability in the

time and mode prescribed by the Secretary prior to the issuance of the Form 668-B - Levy

and Form 2433 Notice of Seizure.

37. The elements of an assessment have been established by Congress at 26 U.S.C. § 6203,

which states as follows.

> "Method of assessment -The assessment shall be made by recording the
> liability of the taxpayer in the office of the Secretary in accordance with rules
> or regulations prescribed by the Secretary. **Upon request of the taxpayer, the**
> **Secretary shall furnish the taxpayer a copy of the record of the**
> **assessment.**" And Regulations state:

> 26 CFR § 301.6203-1 Method of assessment "*The assessment shall be made*
> *by an assessment officer signing the summary record of assessment.* The
> summary record, through supporting records, shall provide identification of
> the taxpayer, character of liability assessed, the taxable period, if applicable,
> and the amount of the assessment . . . *The date of the assessment is the date*
> *the summary record is signed by the assessment officer.*" (*See Stallard v.*
> *United States*, 806 F. Supp. 152 (W.D. Tex. 1992), aff'd 12. F.3d 499 (5th Cir.
> 1994)

38. The Defendants failed to comply with all seven elements of an assessment which include: (1), must be made by an assessment officer, (2) must be signed by the assessment officer, (3) must have supporting records, (4) shall identify the taxpayer (5) *character of liability assessed*, (6) the taxable period, (7) and the amount assessed.

39. On or about April 2006, Plaintiffs filed a Freedom of Information Act request for a copy of the 23C Summary Record of Assessment for 1986 to Present to include tax periods 1993, 1994 and 1995 and was served a computer generated Individual Master File Literal transcript that does not satisfy the requirements of 26 CFR § 301.6203-1.

40. Particularly, the IMF Literal transcript is not signed by an assessment officer, is not supported by any records belonging to or identifiable by Plaintiffs and does not identify the character of liability resulting in the alleged assessment – merely a computer generated government transcript contrived from sources unknown to Plaintiffs and Defendants.

41. Defendants well knew that a tax "liability" is the <u>basis</u> and <u>prerequisite</u> for which an assessment is determined as defined in Treasury Regulations at 26 CFR § 301.7602-2(c)((3)(C) Tax Liability. "*A Tax Liability means the liability for any tax imposed by Title 26 of the United States Code . . .*" and Defendants failed to *impose* or make Plaintiffs liable for any tax imposed under Title 26 of the United States Code that would give rise to a valid assessment.

### X.
### COUNT IV.
### <u>Notice of Federal Tax Lien Giving Rise To A Form 668-B - Levy and Form 2433</u>
### <u>Notice of Seizure Have Been Issued In Violation Of 26 U.S.C §§ 6331(a) and 6303</u>

42. Plaintiffs reallege all allegations stated above, and further allege:

43. On or about September 22, 2006 or soon thereafter, Defendants ANN TAYLOR, PAUL CHASE, CINDY MASON and BOB CAREY conspired with intent to deprive Plaintiffs of

their Constitutionally-protected Rights, did in bad faith and under color of law intentionally and recklessly did cause a procedurally invalid Form 668-B - Levy and a Form 2433 – Notice of Seizure to be issued in the amount $173,607.14 for the tax years 1993, 1994 and 1995, resulting in the illegal seizure of personal property in possession and control of Plaintiffs, having a Fair Market Value of approximately $21,000.00; with willful disregard for the internal revenue laws *failed to issue a Notice and Demand for tax* prior to the taking of such property.

44. The UNITED STATES Defendant and employees never cause Letter 17, 17A or any other Letter or Notice titled "Notice and Demand" to issue for tax years 1993, 1994 and 1995, as commanded by this statutory Act of Congress prior to or after causing the procedurally invalid non-judicial statutory Form 668-B - Levy and Form 2433 Notice of Seizure to issue.

45. Defendants collectively and individually, did know or should have known that prior to seizure of any personal Labor Property a notice and demand for tax after assessment must be made, and the Defendants have willfully failed to comply with this Act of Congress.

## XI.
## COUNT V.
### Defendants Failed To Obtain Signatory Approval From The Area Director Authorizing The Issuance Of The Levy And Notice Of Seizure

46. Plaintiffs reallege all allegations stated above in this complaint, and further allege:

47. On or about September 22, 2006 or soon thereafter, Defendants ANN TAYLOR, PAUL CHASE, CINDY MASON and BOB CAREY conspired with intent to deprive Plaintiffs of their Constitutionally-protected Rights, did in bad faith and under color of law intentionally and recklessly did cause a procedurally invalid Form 668-B - Levy and a Form 2433 – Notice of Seizure to be issued in the amount $173,607.14 for the tax years 1993, 1994 and 1995, resulting in the illegal seizure of personal property in possession and control of

Plaintiffs, having a Fair Market Value of approximately $21,000.00; with willful disregard for the internal revenue laws *failing to obtain signatory approval from the Area Director* pursuant to 26 U.S.C. § 6335, prior illegally seizing Plaintiffs' personal property.

48. The Defendants are procedurally commanded at 26 U.S.C. § 6335 and Treasury Regulations at 26 U.S.C. § 301.6335-1(b) to obtain signature approval from the Area Director prior to seizing Plaintiffs' personal property; and failed to fully comply with this statutory provision giving rise to a violation of 26 U.S.C. § 7214(a)(3), attempting to defeat this provision of the internal revenue laws.

## XII.
### COUNT VI.
### Defendants Failed To Obtain Signatory Approval From The Area Director Authorizing The Sale Of Their Personal Property

49. Plaintiffs reallege all allegations stated above, and further allege:

50. On or about September 22, 2006 or soon thereafter, Defendants ANN TAYLOR, PAUL CHASE, CINDY MASON and BOB CAREY conspired with intent to deprive Plaintiffs of their Constitutionally-protected Rights, did in bad faith and under color of law intentionally and recklessly did cause a procedurally invalid Form 668-B - Levy and a Form 2433 – Notice of Seizure to be issued in the amount $173,607.14 for the tax years 1993, 1994 and 1995, resulting in the illegal seizure of personal property in possession and control of Plaintiffs, having a Fair Market Value of approximately $21,000.00; with willful disregard for the internal revenue laws *failing to obtain signatory approval from the Area Director* pursuant to 26 U.S.C. § 6335, underline causing a Notice of Sale to be issued against Plaintiffs' personal property.

51. The Defendants are procedurally commanded at 26 U.S.C. § 6335 and Treasury Regulations at 26 U.S.C. § 301.6335-1(b)(1) to obtain signature approval from the Area

Director prior to issuing the Notice of Sale of Plaintiffs' personal property as no delegation of authority exists to give unknown Property Appraisal & Liquidation Specialist, S. MASSEL the right to sign for and/or sell such property; and failed to fully comply with this statutory provision giving rise to a violation of 26 U.S.C. § 7214(a)(3), attempting to defeat this provision of the internal revenue laws.

### XIII.
### COUNT VII.
### Defendants Proceeded In Violation Of The Fourth Amendment

52. Plaintiffs reallege all allegations stated above, and further allege:

53. On or about September 22, 2006 or soon thereafter, Defendants ANN TAYLOR, PAUL CHASE, CINDY MASON and BOB CAREY conspired with intent to deprive Plaintiffs of their Constitutionally-protected Rights, did in bad faith and under color of law intentionally and recklessly did cause a procedurally invalid Form 668-B - Levy and a Form 2433 – Notice of Seizure to be issued in the amount $173,607.14 for the tax years 1993, 1994 and 1995, resulting in the illegal seizure of personal property in possession and control of Plaintiffs, having a Fair Market Value of approximately $21,000.00; in direct violation of the Fourth Amendment to the Constitution for the United States of America.

54. The Fourth Amendment to the Constitution states in pertinent part:

> "*The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizure, shall not be violated, and no Warrant shall issue, but upon probable cause, supported by Oath or Affirmation, and particularly describing the place to be searched, and the persons or things to be seized.*"

55. The UNITED STATES Defendant and named employee Defendants, proceeded in violation of this Constitutional provision wherein they illegally seized personal property in possession

and control of Plaintiffs (1) without a warrant, (2) without probable cause, and (3) without Oath or Affirmation giving authority to seize said property.

56. The Defendants' failure to comply with the substantive and procedural Due Process well knew that they were proceeding in violation of this Constitutional mandate for which they are presumed to have taken an Oath to uphold – as they cannot present any evidence that they did not violate the clear language of this Amendment having caused to be seized personal property in possession and control of Plaintiffs without any of the requisite Constitutional Due Process requirements of the Fourth Amendment, judicial Order or Decree.

## XIV.
## COUNT VIII.
### Defendants Proceeded In Violation Of 26 U.S.C. § 7214(a)(3) And 7214 (a)(7)

57. Plaintiffs reallege all allegations stated above, and further allege:

58. On or about September 22, 2006 or soon thereafter, Defendants ANN TAYLOR, PAUL CHASE, CINDY MASON and BOB CAREY conspired with intent to deprive Plaintiffs of their Constitutionally-protected Rights, did in bad faith and under color of law intentionally and recklessly did cause a procedurally invalid Form 668-B - Levy and a Form 2433 – Notice of Seizure to be issued in the amount $173,607.14 for the tax years 1993, 1994 and 1995, resulting in the illegal seizure of personal property in possession and control of Plaintiffs, having a Fair Market Value of approximately $21,000.00.

59. The Defendants caused personal property in Plaintiffs' possession and control to be seized on Form 668-B Levy, Form 2433 Notice of Seizure, the Notice of PUBLIC AUCTION SALE," referencing Internal Revenue Code section 6331 as their alleged authority to seize which states in pertinent part:

(a) Notice of Public Action Sale states: "*Under the authority of Internal Revenue Code section 6331, the property described below has been seized . . .*"

(b) Form 668-B Levy states: "*. . . under the provisions of Code section 6331 . . .*"

(c) Form 2433 Notice of Seizure states: "*Under the authority in section 6331 of Internal Revenue Code . . .*"

60. That the Defendants intentionally issued documents causing the seizure and theft of personal property in possession and controlled by Plaintiffs under the authority of 26 U.S.C. § 6331(a) and implementing regulations at 26 CFR § 301.6331-1(4) states in pertinent part:

" . . . *Authority of Secretary ... Levy maybe made upon the accrued salary or wages of any officer, or elected official of the United States, the District of Columbia or any agency or instrumentally of the United States or District of Columbia . . .*"

Plaintiffs are not now nor have ever provided services or maintained [e]mployment in the capacity or jurisdiction of whom the statutory Form 668-B - Levy and Form 2433 – Notice – of Seizure applies – as the Defendants are not authorized to enlarge the limited jurisdictional scope of this Act of Congress.

61. That the Defendants' Form 668-B - Levy and Form 2433 – Notice of Seizure specifically cites Section 6331, which is an authority that lacks jurisdiction to cause a Fourth Amendment seizure of personal property in possession and control of Plaintiffs, as the language specifically identifies effected persons to include officers, employees or elected officials of the United States or the District of Columbia, or any agency or instrumentality thereof and the Plaintiffs is not now nor has ever been of such status – invoking a violation of 26 U.S.C. §§ 7214(a)(1) and 7214(a)(7). It must be noted as cited in *Anderson v. United States*, 44 F.3d 795 (9th Cir. 1995), quoting the United States Supreme Court's well established precedent so stating:

*"[W]here, as here, the statute's language is plain, `the sole function of the courts is to enforce it according to its terms.'"* <u>United States v. Ron Pair Enters., Inc.</u>, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989)

62. Further, in a most recent ruling regarding the proper application of 26 U.S.C. § 6331, the Court ruled that the statute **"Is Not Money-Mandating,"** states the Honorable Susan G. Braden in her TO BE PUBLISHED Memorandum Opinion and Final Order filed on August 11, 2006 in re: <u>*William A. Fry v. The United States*</u>, United States Court of Federal Claims Case No. 05-1212 T, page 9, paragraph 1; and continues in paragraph 2: **"No language in either subsection** [26 U.S.C § 6331(a) and (b)] **fairly can be interpreted as money-mandating"** and therefore cannot be used as the authority to seize personal property in Plaintiffs' possession and/or control.

## XV.
## COUNT IX.
### <u>Defendants Simulated Judicial Process In Violation Of State Law</u>

63. Plaintiffs reallege all allegations stated above in this complaint, and further allege:

64. On or about September 22, 2006 or soon thereafter, Defendants ANN TAYLOR, PAUL CHASE, CINDY MASON and BOB CAREY conspired with intent to deprive Plaintiffs of their Constitutionally-protected Rights, did in bad faith and under color of law intentionally and recklessly did cause a procedurally invalid Form 668-B - Levy and a Form 2433 – Notice of Seizure to be issued in the amount $173,607.14 for the tax years 1993, 1994 and 1995, resulting in the illegal seizure of personal property in possession and control of Plaintiffs, having a Fair Market Value of approximately $21,000.00, in violation of 26 U.S.C 7214(a)(3); with willful disregard for the internal revenue laws ***knowingly simulated judicial process.***

65. Defendants did know or should have known that State law controls the disposition of Plaintiffs real and personal property and does not permit the taking of said personal property without judgment and decree pursuant to a court's Order.

66. Defendants well knew that they failed to comply with (Arizona Statutes) AS § 13-4305 and 12-1551 *et. seq.*, that commands a court order be issued prior to causing Plaintiffs' personal property to be seized as this State's law governs the disposition of all real and personal property controlled or owned by Plaintiffs.

67. Nowhere within the Arizona Statute has the UNITED STATES Defendant or its employee Defendants herein named been given statutory jurisdiction to take Plaintiffs' personal property without first convening a court of competent jurisdiction to dispose of any claim or interest over personal property in possession and/or control of Plaintiffs that the Defendants may assert.

## XVI.
## COUNT X.
### Defendants Have Caused To Be Illegally Seized Plaintiffs' Labor Property In Violation Of The Just Compensation Clause Of The Fifth Amendment

68. Plaintiffs reallege all allegations stated above, and further allege:

69. On or about September 22, 2006 or soon thereafter, Defendants ANN TAYLOR, PAUL CHASE, CINDY MASON and BOB CAREY conspired with intent to deprive Plaintiffs of their Constitutionally-protected Rights, did in bad faith and under color of law intentionally and recklessly did cause a procedurally invalid Form 668-B - Levy and a Form 2433 – Notice of Seizure to be issued in the amount $173,607.14 for the tax years 1993, 1994 and 1995, resulting in the illegal seizure of personal property in possession and control of Plaintiffs, having a Fair Market Value of approximately $21,000.00; with willful disregard for the

internal revenue laws *knowingly demanding other or greater sums than are authorized by law,* .

70. Plaintiffs Clare L. Reading and James L. Reading are indigenous to these 50 United States of (North) America, presently domiciled in the geographical mass of land identified as Arizona and continue to be productive members of society. Plaintiffs are with material facts sufficient to conclude that their personal Labor is Property Rights, a source of energy when applied by Clare L. Reading and James L. Reading individually or collectively – has the ability to create wealth and prosperity and; therefore, subject to the protections under the Fourth, Fifth, Thirteenth, Fourteenth and Sixteenth Amendments to the Constitution for the United States of America.

71. Plaintiffs' free exercise of their Rights and abilities to Labor and provide for each other comes with the price of deprivation of life and liberty, for the production of property. This cost of deprivation includes but is not limited to: (1) a loss of life with aging, physical wear and tear of ones body from mental and physical Labor – never to recover the time or energy used from such labor, (2) loss of liberty – having to be in a certain place at a certain time out of necessity as a means to provide for family and survival, and (3) the personal or private property equally exchanged as result of the Plaintiffs' mental and physical labor to be enjoyed as just compensation therein protected under the Constitution.

72. The "Just Compensation" clause of the Fifth Amendment states in pertinent part: ". . . *nor shall any person be deprived of life, liberty, or property . . . be taken for public use without just compensation.*" Accordingly, any statute purporting to levy Labor Property and **taken for public use** is subject to the *just compensation* clause of the Fifth Amendment. *"Congress and the President, like the courts, possess no power not derived from the*

*Constitution*." *Ex Parte Quirin*, 63 S.Ct. 2, 10, 317 U.S. 1 (1942); and "[T]he Constitution

[is] the supreme law established by the people. "*Muskrat v. United States*, 31 S.Ct. 250, 254

(1911).

73.    Plaintiffs' personal and private property derived from their mental and physical labor and

sweat equity, are Rights so sacred that it enjoys the protection under the *Just Compensation*

*Clause* of the Fourth Amendment having suffered a loss and deprivation of both life and

liberty in exchange for such property. This Right of just compensation and restoring the value

of Plaintiffs' Labor Property is protected under the Fifth Amendment to the Constitution.

74.    The United States Supreme Court established without question that:

> "*The property that every man has is his personal labor, as it is the original*
> *foundation of all other property so it is the most sacred and inviolable...to hinder*
> *his employing [it]...in what manner he thinks proper, without injury to his*
> *neighbor, is a plain violation of the most sacred property*". *Butcher's Union Co. v.*
> *Cresent City Co.*, 111 US 746.

> "*Property is everything which has an exchangeable value, and the right of*
> *property includes the power to dispose of it according to the will of the owner.*
> *Labor is property, and as such merits protection. The right to make it available is*
> *next in importance to the rights of life and liberty.* " *Slaughter-House Cases*, 83
> U.S. 36 (1872)

> "Justice Stevens explained that he believes *that money is property . . . and as such,*
> *it is entitled to the constitutional protections normally afforded to property . . .*"
> (Stevens, J., concurring. *Landell v. Sorrell*, (Vt. 2000)

> "This leaves only the district's interest in control over how its money was spent and
> the state's interest in control over the allocation of resources for processing as
> property interests that could possibly rise to the status of "property". *Certainly the*
> *state and school district have cognizable property interests in their financial*
> *resources; money is property in the most traditional sense.*" *United States v.*
> *Granberry*, (E.D.Mo. 1989) *725 F. Supp. 446, 453*

75.    Plaintiffs' personal property is an article of commerce being seized and *taken for public*

*use* as the Defendants have no intention of justly compensating Plaintiffs for the loss incurred

on such property.  The Defendants' acts come in violation of the Anti Trust laws at 15 U.S.C.

§ 17 wherein the United States Congress passed into law that *"the labor of a human being is not a commodity or article of commerce. . ."* in keeping with the *Just Compensation Clause* of the Fifth Amendment and the *Anti-Slavery Clause* of the Thirteenth Amendment.

76.    Labor being one of the most sacred of all property Rights warranting protection, Congress includes statutory enactments that clearly restore back and compensate Plaintiffs' for the loss sustained in the value of their Labor Property at multiple sections within Title 26 of the United States Code including but not limited to: 26 U.S.C. §§ 83, 212, 1001, 1012, *et. al.*,

77.    The Defendants attempting to subjugate and subject Plaintiffs to a form of statutory slavery, have seized Plaintiffs' personal property, therein seizing Plaintiffs' Labor, making the Marxist claim that such property has no basis, and therefore no tax basis – unwilling to define and openly recognize fair market value thereof; resulting in the employment of an exaction on the Plaintiffs' Labor Property in violation of the Fifth Amendment and denying Equal Protection of the law pursuant to the Fourteenth Amendment, effectively ignoring 26 U.S.C. §§ 83, 212, 1001, 1012, *et. seq.*,  - refusing to restore the fair market value of Plaintiffs' Labor Property as if it has a Zero *basis* or value contrary to the Constitution, Supreme Court and Acts of Congress.

78.    The UNITED STATES Defendant and named employees have, collectively and collusively attempted to usurp the Plaintiffs' free exercise of said Rights to earn a living without government intrusion in direct violation of the Common Law protections of the Constitution, seeking to deprive Plaintiffs of their Labor Property - resulting in their unjust enrichment.

79.    Plaintiffs have never intentionally assigned their Labor Property to or for the benefit of another nor contracted with the Defendants to waive their unalienable Rights that would result in the seizure and theft of such property or any property derived therefrom.

## XVII.
## COUNT XI.
### Defendants Issued A Bill Of Attainder In Violation Of The Constitution

80. Plaintiffs reallege all allegations stated above, and further allege:

81. On or about September 22, 2006 or soon thereafter, Defendants ANN TAYLOR, PAUL
    CHASE, CINDY MASON and BOB CAREY conspired with intent to deprive Plaintiffs of
    their Constitutionally-protected Rights, did in bad faith and under color of law intentionally
    and recklessly did cause a procedurally invalid Form 668-B - Levy and a Form 2433 –
    Notice of Seizure to be issued in the amount $173,607.14 for the tax years 1993, 1994 and
    1995, resulting in the illegal seizure of personal property in possession and control of
    Plaintiffs, having a Fair Market Value of approximately $21,000.00; with willful disregard
    for Article I, Section 9 Cl. 3 and Article I, Section 10 Clause 1, of the Constitution for the
    United States of America, did *knowingly caused a Bill of Attainder to issue,* labeling
    Plaintiffs as "Illegal Tax Protesters" and punishing Plaintiffs for taking lawful positions
    established by the Constitution for the United States of America, Acts of Congress and the
    United States Supreme Court - contrary to IRS public policy.

82. On or about January 1989 or soon thereafter Plaintiffs began questioning the statutory
    language of Title 26 - Internal Revenue Code, implementing regulations found in Title 26
    of the Code of Federal Regulations and various United States Supreme Court rulings
    applicable to the internal revenue laws as relevant to the Sixteenth Amendment.

83. Plaintiffs began petitioning the Internal Revenue Service, Congress and its fiduciaries
    seeking answers and a better understanding of the internal revenue laws, not based on Pubic
    Policy, but predicated on Public Law and this ongoing petitioning has resulted in IRS

abuses beyond things imaginable as all such inquiries have been regarded as frivolous without explanation.

84. The Defendants well knew that the non-judicial administrative statutory Form 668-B – Levy and Form – 2433 Notice of Seizure are instruments not issued by a district court of the United States, as prior to it's issuance after legally petitioning the Internal Revenue Service regarding the statutory language of the internal revenue laws beginning the year 1989 and soon thereafter.

85. As the records reflects, Plaintiffs have been administratively attacked and have been penalized, punished and suffered resulting in (1) the taking of personal property and encumbrance of real property, (2), labeled as illegal tax protesters (3), non-filers and banished from contracted labor and unable to make a living, and all acts accomplished without a judicial trial – elements of a Bill of Attainder - resulting in the taking of that personal Labor Property without the benefit of a judicial trial – and any Act of Congress purporting to abrogate this constitutional requirement is *void ab initio*.

## XVIII.
## COUNT XII.
## Defendants Failed To Comply With 26 U.S.C § 6001

86. Plaintiffs reallege all allegations stated above, and further allege:

87. On or about September 22, 2006 or soon thereafter, Defendants ANN TAYLOR, PAUL CHASE, CINDY MASON and BOB CAREY conspired with intent to deprive Plaintiffs of their Constitutionally-protected Rights, did in bad faith and under color of law intentionally and recklessly did cause a procedurally invalid Form 668-B - Levy and a Form 2433 – Notice of Seizure to be issued in the amount $173,607.14 for the tax years 1993, 1994 and 1995, resulting in the illegal seizure of personal property in possession and control of

Plaintiffs, having a Fair Market Value of approximately $21,000.00; with willful disregard for the internal revenue laws by *failing to serve notice* upon the Plaintiffs pursuant to 26 U.S.C. § 6001 and Treasury Regulations at 26 CFR § 1.6001-1 and 301.6001-1, informing the Plaintiffs to make returns to show whether or not Plaintiffs has been made liable for a tax imposed by the internal revenue laws.

88. The UNITED STATES Defendant and its employees failed to serve notice Letter 978 or 979 or any other "Notice" from the Secretary, district director or area director to make any return – as no tax has ever been imposed upon Plaintiffs by Title 26 requiring Plaintiffs to file a return.

89. The Plaintiff, Clare L. Reading particularly did not file an income tax return for tax years 1993, 1994 and 1995 due to the fact that she was not working and did not earn any income, realize any profit or derive any gain from any investments for the years in question and believed she was one NOT REQUIRED by statute, regulation or otherwise to file a return of income not realized as the Defendants are fully apprized of these facts.

90. The Defendants intentionally caused unverified false financial claims and entries of income for tax year 1993, 1994 and 1995 to be administratively entered into government System of Records controlled and maintained by its employees. The only evidence of an alleged liability that can be introduced by the Defendants are those for which they have themselves created and housed in their government database.

91. The Defendants proceeding with malicious intent caused to be seized personal Labor Property in possession and control of Plaintiffs, not subject to seizure for failing to meet these requisite requirements. As the Secretary *may* require any person and not finding it necessary to: (1) make Plaintiffs liable, (2) impose a statutory tax under the internal

revenue laws, (3) inform the Plaintiffs to keep books and records, and (4) serve notice that Plaintiffs may be made liable by some tax imposed is an indication that the Secretary did not intend to impose any tax, nor is it the duty of the Plaintiffs to determine what tax the Secretary may impose. In other words, if the Secretary used his discretion and decided not to serve notice upon Plaintiffs to act then it must be presumed that Plaintiffs have no obligation to serve themselves.

### XIX.
### COUNT XIII.
### Defendants Failed To Comply With 26 U.S.C. § 6331(j)(2)(A)

92. Plaintiffs reallege all allegations stated above, and further allege:

93. On or about September 22, 2006 or soon thereafter, Defendants ANN TAYLOR, PAUL CHASE, CINDY MASON and BOB CAREY conspired with intent to deprive Plaintiffs of their Constitutionally-protected Rights, did in bad faith and under color of law intentionally and recklessly did cause procedurally invalid Form 668-B - Levy and a Form 2433 – Notice of Seizure to be issued in the amount $173,607.14 for the tax years 1993, 1994 and 1995, resulting in the illegal seizure of personal property in possession and control of Plaintiffs, having a Fair Market Value of approximately $21,000.00; with willful disregard for the internal revenue laws *failed to verify, establish or identify the statutory tax liability imposed* against the personal Labor Property rights of Plaintiffs by Title 26 of the United States Code prior to issuing the statutory instruments.

94. Defendants caused to be issued a Notice of Federal Tax Lien, Form 668-B - Levy and Form 2433 Notice of Seizure dated September 22, 2006, intentionally mischaracterizing the alleged "Kind of Tax" liability as 1040, deceitfully misleading other incompetent parties with the presumption that Congress enacted "Form 1040" as the type of tax liability

imposed – when "Form 1040" is not a "Kind of Tax" but a self-assessing information return and financial confession form.

95. Pursuant to an Act of Congress codified at <u>26 U.S.C. § 6301 - Collection authority</u> clearly states: "***The Secretary shall collect the taxes imposed by the internal revenue laws***," and the Secretary <u>failed</u> to ***impose*** a statutory tax liability against the Plaintiffs that is cognizable under the internal revenue laws or the Internal Revenue Code.

96. The UNITED STATES Defendant and named employees knew that a "Liability" is the basis and prerequisite which gives rise to an assessment <u>after demand</u> pursuant to 26 U.S.C. § 6321 as defined in Treasury Regulations at 26 CFR § 301.7602-2(c)((3)(C) Tax Liability. "***A Tax Liability means the liability for any tax imposed by Title 26 of the United States Code . . .***" and the Defendants failed to ***impose*** or make Plaintiffs ***liable for any tax imposed*** by Title 26 of the United States Code.

## XX.
## COUNT XIV.
### Defendants Failed To Comply With 26 U.S.C. § 6020(b)

97. Plaintiffs reallege all allegations stated above, and further allege:

98. On or about September 22, 2006 or soon thereafter, UNITED STATES and alleged employees conspired with intent to deprive Plaintiffs of their Constitutionally-protected Rights, did in bad faith and under color of law intentionally and recklessly did cause to be issued a procedurally invalid Form 668-B - Levy and Form 2433 Notice of Seizure to issue in the amount $173,607.14 for the tax years 1993, 1994 and 1995; resulting the illegal seizure personal of property in possession and control of Plaintiffs, having a Fair Market Value of approximately $21,000.00; with willful disregard for the internal revenue laws ***failing to obtain approval from the Secretary in writing*** <u>prior</u> to establishing and creating

an alleged liability under the authority of 26 U.S.C. § 6020(a) and 26 CFR § 301.6020-1(a)(1), and failed to fully comply with this statutory provision giving rise to a violation of 26 U.S.C. § 7214(a)(3), attempting to defeat this provision of the internal revenue laws.

99. The Treasury Regulations state in pertinent part:

> "If any person required by the Code . . . fails to make a return, it may be prepared by the district director or other authorized internal revenue officer. . .." *The return upon being signed by the person required to make it shall be received by the district director as a return of such person.*"

100.    The statutory language of 26 U.S.C. § 6020(a) state in pertinent part:

> "If any person shall fail to make *a return required by this title or by regulations prescribed thereunder*, but shall consent to disclose all information necessary for the preparation thereof, then, in that case, *the Secretary may prepare such return, which being signed by such person*, may be received by the Secretary as the return of such person."

101.    As disclosed in the IMF Literal Transcripts for tax years 1993, 1994 and 1995, the TC- 150 reference established a *Zero liability* for issuance of the Substitute for Return (SFR) as applicable to 26 CFR 301.6020-1(2)(b)(2) and IRM 5.1.11.9 – 26 U.S.C. § 6020(b) Authority. The following are the only excise taxable activity forms listed that the Secretary or his delegate are authorized to file as a Substitute for Return:

      a.) Form 940, Employer's Annual Federal Unemployment Tax Return
      b.) Form 941, Employer's Quarterly Federal Tax Returns
      c.) Form 942, Employer's Quarterly Tax Returns for Household Employees
      d.) Form 943, Employer's Annual Tax Return for Agricultural Employees
      e.) Form 720, Quarterly Federal Excise Tax Return
      f.) Form 2290, Heavy Vehicle Use Tax Return
      g.) Form CT-1, Employer's Annual Railroad Retirement Tax Return
      h.) Form 1065, U.S. Partnership Return of Income

102.    In this instant case, the person required to make the return being the district director or and authorized internal revenue officer, failed to sign the alleged return. The UNITED STATES Defendant and unknown employees made false entries and caused an unsigned

Substitute For Return to be entered on Plaintiffs' assigned Individual Master File (IMF) Literal transcript for tax years 1993, 1994 and 1995, reflecting an established Substitute for Return (SFR) TC – 150 assessing a Zero liability.

103.     The UNITED STATES Defendant and employees committed an act of computer fraud by causing entries in the assigned IMF Literal transcripts to establish an SFR TC 150 Zero liability module for purposes of assessing Plaintiffs a unknown liability under a different transaction code; as the issuance of a Form 1040 Dummy Return was not signed, approved or authorized by the Secretary or his delegate.

### XXI.
### COUNT XV.
### Defendants have Attempted to Convert the Plaintiffs' Rights of Labor Property into a Privileged and Forced Participation in a Government Kickback Scheme

104.  Plaintiffs reallege all allegations stated above, and further states:

105.  On or about September 22, 2006 or soon thereafter, Defendants UNITED STATES, ANN TAYLOR, PAUL CHASE, CINDY MASON and BOB CAREY conspired with intent to deprive Plaintiffs of their Constitutionally-protected Rights, did in bad faith and willful oppression under color of law intentionally and recklessly with willful disregard for the internal revenue laws did *knowingly make and sign fraudulent entries in books, made and signed fraudulent certificates, returns, and statements* titled Form 668-B - Levy and Form 2433 – Notice of Seizure in the amount $173,607.14 for the tax years 1993, 1994 and 1995; resulting the illegal seizure of personal property in possession and control of Plaintiffs having a Fair Market Value of approximately $21,000.00; using the self-assessment Form 1040 liability (return) in a misguided attempt to extort personal Labor Property from Plaintiffs as if they were federal employees giving a *gift* in return for the benefit of maintaining federal employment.

106. In an effort to achieve their mission, the Defendants did fraudulently misapply the enforcement authority of Title 26 United States Code at Subtitle "F" levy action, and regulations at 26 CFR 301.6334-1 - property exempt from levy at CFR § 301.6334-2(a).

107. The Defendants well knew they were bound by regulation pursuant to 5 U.S.C. § 301 upon a Treasury Decision made, and that the Code does not have general applicability under 44 U.S.C. § 1501 *et seq.* Particularly at 44 U.S.C. § 1505 - Documents to be published in Federal Register (a) documents (regulations) to be published ... in Federal Register in respect to sections of law.

108. The UNITED STATES Defendant knew that pursuant to 26 CFR § 404.6334(d)-1 (a) filed by authority of Section 26 U.S.C. § 6334(d), - the applicability would be in respect to the general public in ATF & E (Alcohol, Tobacco, Firearms and Explosives) activities under Subtitle "F", the only implementing regulations capable of discovery. Property that is subject to "levy" under 26 U.S.C. § 6331(a) does not include "income" – income being exempt from levy under 26 U.S.C. § 6334 on notice in regulation for federal employees at 26 CFR § 301.6334-2, and 26 CFR § 404.6334(d)-(l)(a) for person subject to ATF & E activities.

109. To punctuate this fact, Congress codified Title 28 U.S.C. § 2463, which states in pertinent part:

> "*All property taken or detained under any revenue law of the United States, shall not be repleviable*, but shall be deemed to be in the custody of the law and subject only to orders and decrees of the courts of the United States having jurisdiction thereof."

110. Blacks Law Fourth Edition at page 1463 defines **Replevin** as follows:

> "*A personal action ex delicto brought to recover the possession of goods unlawfully taken, the validity of which taking it is the mode of contesting*, if the party from which whom the goods were taken wishes to have them back in species, whereas, if he prefer to have damages instead, the validity may be contested by action of trespass or unlawful distress. *The word means a*

> *redelivery to the owner of the pledge or thing taken in distress.*" *Wharton;*
> *Sinnott v. Feiock*, 165 N.Y. 444, 59 N.E. 265, 53 L.R.A. 565, 80 Am.St.Rep.
> 736; *Healey v. Humphrey*, 81 F. 990, 27 C.C.A. 29.

111. Congress, having established that property taken under revenue laws is not repleviable, renders income - exempt from levy - if taken, repleviable. Accordingly, what is not repleviable (i.e., that which is subject to being taken) is federal property (aka "Federal income tax") that is transferred to the statutory United States person defined at 26 U.S.C. § 7701(a)(30), from which a "*gain*" portion is derived within the United States pursuant to the Rev. Act of 1918 as amended and the balance of that "gain" portion is returned to the UNITED STATES Defendant by completing and filing Form 1040 with respect to the Form W-4, 1099, 941 or other internal revenue contracts of *bailment*.

112. The Defendants well knew that the Internal Revenue Service, views any [p]erson who files a W-4 giving rise to filing Form 1040 on "*income,*" is on record for giving it as a *gift* as defined at Money and Finance at Title 31 U.S.C. § 321(d)(2) which reads in pertinent part:

> "*For purposes of the Federal income . . . property . . .shall be considered*
> *as a gift or bequest to or for the use of the United States.*"

113. The definition of the term or word Gift as cited in Blacks Law Fifth Edition at page 619 states as follows:

> "Gift. *A voluntary transfer of property to another made gratuitously and*
> *without consideration.*" *Bradley v. Bradley*, Tex.Civ.App., 540 S.W.2d
> 504, 511."

> "*In tax law, a payment is a gift if it is* made without conditions, from
> detachment and disinterested generosity, out of affection, respect, charity
> or like impulses, and *not from the constraining force of any moral or*
> *legal duty or from the incentive of anticipated benefits of an economic*
> *nature.*"

114. As relevant to the collection of income taxes under the internal revenue laws, the Department of the Treasury is an agency therein created by an Act of Congress and has

controlling interest in collections at Title 31 Money and Finance as all property both gifted and seized by employees of the Internal Revenue Service from [taxpayers] are presumed to end up in these coffers.

115. The federal question then becomes how can personal property in possession and control of Plaintiffs be subject to forfeiture and seizure when Congress "considers" such property as a gift as herein defined?" Hence the voluntary "kickback scheme" contrived as a return of income derived therefrom.

116. At no time have the Plaintiffs ever enjoyed the benefits of government employment in the same capacity as the named Defendants – who are indeed participants in the kickback scheme created for taxpayers enjoying the privilege, benefit and security of federal employment.

117. An insurmountable amount of "good faith" documentation resulted from the Plaintiffs communicating with the Defendants over a span of years, effectively diffusing the rebuttable presumption that existed prior thereto, but the Defendants would not relent employing terror tactics, ignoring the facts and law at every turn – the proximate cause and direct result of the economic damage, despotism and destruction of Plaintiffs' real and personal property.

### XXII.
### Summary, Conclusion And Remedy Sought

118. Plaintiffs reallege all allegations stated above, and further allege:

119. At all times this summary is incorporated by reference as to each and every cause of action and/or count as stated herein.

120. The collusive acts of the UNITED STATES Defendant and named employees, ANN TAYLOR, PAUL CHASE, CINDY MASON and BOB CAREY, individually and collectively, have continuously ignored and refused to comply with the Constitution for the United States of America, Acts of Congress and the United States Supreme Court as relevant

to the internal revenue laws. The violations enumerated herein have severely damaged and injured Plaintiffs' personal and real property and their rights to possess and control the same - causing irreparable harm and injury to Plaintiffs' personal Labor Property resulting in actual, direct economic damages sustained by Plaintiffs which is the proximate cause as a result of their reckless, intentional and willful acts.

The above named Defendants have collectively acted in the capacity of financial mercenaries, employing terror tactics effectively violating Plaintiffs' Labor Property rights - to include, but are not limited to constitutional, substantive, statutory and procedural due process violations: acting with nonfeasance, misfeasance and malfeasance of the following:

(a) failure to impose, identify or notify Plaintiffs of the statutory tax imposed under the internal revenue laws prior to the alleged Assessment for tax years 1993, 1994 and 1995;

(b) failure to issue a Notice and Demand for the alleged tax imposed under the internal revenue laws prior to the alleged assessment for tax years 1993, 1994 and 1995;

(c) failure to obtain signature approval from the district director, now referred to as the area director authorizing the seizure of personal property in possession and control of Plaintiffs;

(d) failure to obtain signature approval from the district director/ area director authorizing the sale of personal property in possession and control of Plaintiffs;

(e) caused false documents to be issued with the intent of willful oppression and under color of law resulting in the illegal seizure of personal property in possession and control of Plaintiffs;

(f) caused false documents to be issued with willful oppression and under color of law in an attempt to simulate judicial process and circumvent State law resulting in the illegal seizure of personal property in possession and control of Plaintiffs;

(g) demanding sums greater than allowed by the Constitution and statute, taking private property for public use in violation of the just compensation clause refusing to recognize and restore the value of Plaintiffs' Labor Property;

(h) failure to issue a Notice of Deficiency allowing Claimant 90 days to petition the Tax Court to challenge the validity of liability for tax years 1993, 1994 and 1995;

(i) failure to produce the signed Form 23C – Summary Record of Assessment establishing that an assessment of the alleged liability was made and recorded as required by the Secretary;

(j) failure to produce a form required to be signed and verified by the issuing officer pursuant to 26 CFR § 301.6020(a)(1) establishing a liability for each year 1993, 1994 and 1995;

**WHEREFORE,** Plaintiffs Clare L. Reading and James L. Reading have been damaged by the actions of the UNITED STATES Defendant and its employees officers, and agents herein named due to their individual and collective intentional, willful and reckless disregard for the internal revenue laws, causing a procedurally invalid administrative Levy and Notice of Seizure to issue - is entitled to, and prays for relief as follows:

a. An Order commanding the Defendants' cease and desist from the scheduled sale of the illegally seized personal property for which they presently have possession and control.

b. An Order commanding the Defendants return the illegally seized personal property once possessed and controlled by Plaintiffs.

c. An Order commanding the Defendants to issue a Certificate of Release of Federal Tax Lien on all real property belonging to Plaintiffs and notify all previous parties served of said Notice.

d.  An Order declaring that the Plaintiffs are not statutory citizens, persons, entities or like statutory creatures created by an Act of Congress, who do not enjoy the protections of the Constitution for the United States of America.

e.  An Order of judgment against the Defendants for treble damages in the amount totaling Sixty-three thousand dollars ($63,000.00) for the illegal seizure of personal property once possessed and controlled by Plaintiffs.

f.  An Order declaring that Plaintiffs' Labor and all tangible and intangible items derived therefrom is a property right that enjoys the Constitutional protections of just compensation clause of the Fifth Amendment and must be restored to the Plaintiffs, if not waived.

g.  An Order declaring that the Defendants are bound to comply with the Constitution for the United States of America, as amended by the Supreme Court and Acts of Congress when carrying out their official duties.

h.  An Order declaring that United States Supreme Court precedent determines the applicability of the internal revenue laws and the Defendants are therein bound by such doctrines.

i.  An Order declaring that the UNITED STATES Defendants are bound by Acts of Congress as amended and codified in Title 26 and 31 of the United States Code *nunc pro tunc.*

j.  An Order declaring that the Plaintiffs enjoy the Equal Protection of the law clause as stated in the Fourteenth Amendment of the Constitution.

k.  An Order commanding the Defendants pay all cost and fees associated with this action;

l.  Any other remedy at law and in equity this Court deems just and proper.


Respectfully Submitted:

## VERIFICATION

I/We, Clare L. Reading and James L. Reading, declare under penalty of perjury pursuant to 28

U.S.C. § 1746(1), that I/we believe the above to be true and correct to the best of my/our

knowledge, understanding and belief. All Rights retained without recourse.

On this _30th_ calendar day October, 2006, _A.D._

Signature: _Clare Louise Reading_
Clare L. Reading, Plaintiff
2425 East Fox Street
Mesa, Arizona [85213]

Signature: _James Leslie Reading_
James L. Reading, Plaintiff
2425 East Fox Street
Mesa, Arizona [85213]

F-06-1873 RMU

JS-44
(Rev.1/05 DC)

**CIVIL COVER SHEET**

| **I (a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| Clare L. Reading and James L. Reading | UNITED STATES OF AMERICA, ANN TAYLOR, PAUL CHASE, CINDY MASON, and BOB CAREY |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Maricopa County
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Clare L. Reading and James L. Reading   (480) 964-0199
2425 E Fox St..
Mesa, Arizona 85213

ATTORNEYS

CASE NUMBER   1:06CV01873

JUDGE: Ricardo M. Urbina

DECK TYPE: Pro se General Civil

DATE STAMP: 11/●/2006

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

O 1 U.S. Government Plaintiff

O 3 Federal Question
(U.S. Government Not a Party)

◉ 2 U.S. Government Defendant

O 4 Diversity
(Indicate Citizenship of Parties in item III)

**III CITIZENSHIP** FOR PLAINTIFF A...

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | O 1 | O 1 | Incorporated or Principal Place of Business in This State | O 4 | O 4 |
| Citizen of Another State | O 2 | O 2 | Incorporated and Principal Place of Business in Another State | O 5 | O 5 |
| Citizen or Subject of a Foreign Country | O 3 | O 3 | Foreign Nation | O 6 | O 6 |

**IV.  CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| O **A.** *Antitrust* | O **B.** *Personal Injury/ Malpractice* | O **C.** *Administrative Agency Review* | O **D.** *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| O  **E.** *General Civil (Other)*  **OR**  O  **F.** *Pro Se General Civil* |
|---|

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☒ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC  7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| O  G. *Habeas Corpus/ 2255* | O  H. *Employment Discrimination* | O  I. *FOIA/PRIVACY ACT* | O  J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| O  K. *Labor/ERISA (non-employment)* | O  L. *Other Civil Rights (non-employment)* | O  M. *Contract* | O  N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding   O 2 Removed from State Court   O 3 Remanded from Appellate Court   O 4 Reinstated or Reopened   O 5 Transferred from another district (specify)   O 6 Multi district Litigation   O 7 Appeal to District Judge from Mag. Judge

**VI.  CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 USC § 2410, unlawful seizure of Personal Property violating Fourth Amendment-Just Compensation and Due-Process Clause of the Fifth Amendment

| **VII.  REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ $63,000.00<br>JURY DEMAND: | Check YES only if demanded in complaint<br>YES ☒   NO O |
|---|---|---|---|

**VIII.  RELATED CASE(S) IF ANY**  N,F   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE ~~October 30 2006 PD~~   *11-1-06*   SIGNATURE OF ATTORNEY OF RECORD  *Clari Louise Reading*  *James Leslie Reading*

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
#### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  Listed below are tips for completing the civil cover sheet.  These tips coincide with the Roman Numerals on the Cover Sheet.

I.      COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.     CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.     CASE ASSIGNMENT AND NATURE OF SUIT:  The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint.  You may select only one category.  You must also select one corresponding nature of suit found under the category of case.

VI.     CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.