James L. Reading and Clare L. Reading
c/o 2425 East Fox Street
Mesa, Arizona [85213]
(480) 964-0199

Plaintiffs, in Pro Se

RECEIVED

DEC 1 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Clare L. Reading and James L. Reading,　　)
　　　　　　　　　　　　　　　　　　　　)　　Case No. 06-cv-01873-RMU
　　　　　　　　Plaintiffs,　　　　　　　　)
　　　vs.　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
UNITED STATES *aka*, UNITED STATES　　　)　　VERIFIED AFFIDAVIT AND EXHIBITS
OF AMERICA, a Federal Corporation, ANN　)　　IN SUPPORT OF COMPLAINT
TAYLOR, PAUL CHASE, CINDY MASON　　)
and BOB CAREY　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)　　Mandatory Judicial Notice
　　　　　　　　Defendants.　　　　　　　)　　Fed. R. Evid. 201(d)

1.　Affiants are a conscious, living, breathing, flesh and blood sentient beings, NOT statutory persons, persons, natural persons, artificial persons, individuals, corporations, entities, or any other sub-status, fourth-class citizens *ens legis* creation of any government, federal, state, local or otherwise.

2.　Affiants are the Plaintiffs (hereinafter referred to as "Affiants") in this cause of action and competent to testify that the facts stated herein are true and correct to wit:

3.　That Affiants are not bar association members, are unschooled in law and are attempting to bring this action to the best of Affiants' ability with reliance upon statutes, codes, rules and regulations – including those relied upon by the Affiant and established by the United States Congress and the United States Supreme Court;

4. That Affiants are not now, nor have ever been United States citizens as defined in the Supreme Court decision of _Dredd Scott v. Sanford_, 60 U.S. 393 (1856); subject to the statutory jurisdiction thereof or part of the 1868 United States Federal corporation as defined at 28 USC § 3002(15)(A), but are a man and a woman on the soil exercising All manifest sovereign immunities vested with God given rights from birth;

5. That All documents attached within this affidavit relied upon are United States Government documents and its instrumentalities, originals, copies of original copies and duplications of any kind have not been altered, manipulated or tampered with by Affiants in any manner;

6. That Affiants herein submit into evidence Exhibits A through E consisting of 40 pages and **request this Court take mandatory judicial notice of adjudicative facts pursuant Fed. R. Evid. 201(d)**, and deem such Exhibits as admitted;

7. That Affiants herein invoke their rights as protected by the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the Constitution for the United States of America to the degree that it is necessary to do so in this instant case;

8. That Affiants are <u>not</u> seeking to restrain the lawful assessment or collection of any internal revenue tax, but dispute the unlawful seizure of personal property as a result of the intentional violations of procedural and substantive due process and the documented reckless and willful disregard for the internal revenue laws, while presumed to be acting on behalf of the UNITED STATES Defendants;

9. That on September 22, 2006 at approximately 3:30 p.m., Named Unknown Agents identified as ANN TAYLOR, PAUL CHASE, CINDY MASON and BOB CAREY appeared on documents and/or physically at 2425 East Fox St., Mesa Arizona and caused to be seized

personal property in the possession and control of Affiants, identified as a 2005 Nissan Titan Pick-up with shell top, VIN: 1N6AA06B75N511819, secured under a carport located on Affiants' property (see **Exhibit A**);

10. That Affiants observed Named Unknown Agent PAUL CHASE proceed onto the private property with a tow truck bearing Arizona License plate CE08456 and accompanied by two unknown males from Valley Towing, wherein they illegally seized and hitched Affiants' personal property in their control while other Named Unknown Agents stood and watched;

11. That on or about October 3, 2006 or soon thereafter, and within 10 days of the illegal seizure, Affiants caused to be filed IRS "Form 9423 – Collections Appeals Request, including an Affidavit with Exhibits in support providing evidence sufficient to conclude that the Notice of Seizure and Levy were procedurally invalid – effectively exhausting their administrative remedies (see **Exhibit B**);

12. That on or about October 12, 2006, Affiants participated in a predetermined phone conference with Collections Appeals Officer PAUL BAKER, who refused to allow Affiants to record the hearing, which resulted in the officer's pronouncement that he would address the issues raised in Affiants' appeals affidavit;

13. That on or about October 16, 2006 or soon thereafter, Affiants received a Summary Administrative Determination from Appeals Officer PAUL BAKER dated October 16, 2006, that addressed each issue raised by Affiants in their administrative appeal for the return of such property – interpreting and determining, without surprise, that the Compliance function was justified in illegally seizing and stealing personal property in Affiants' possession and control (see **Exhibit C**);

14. That the Defendants failed to obtain signature authority from the area director prior to or after the planned sale of Affiants' personal property, as no evidence exists that STEVEN MASSELL, Property Appraisal & Liquidation Specialist, is authorized to act without this signatory requirement;

15. That the property once controlled by and in possession of Affiants is presently in possession of the UNITED STATES Defendant and the employees named herein and was scheduled for a Public Auction Sale on Thursday November 9, 2006 (at the Internal Revenue Service 210 E. Earll Drive, Phoenix, Arizona) for which they will derive a pecuniary benefit resulting in their unjust enrichment from the theft thereof (see **Exhibit D);**

16. That on or about November 7, 2006, Affiants were forced to file this Quiet Title action, execute and record a Notice of Lis Pendens and emailed it to STEVEN MASSELL, who was in charge of the above "Public Auction" scheduled for November 9, 2006, and at said auction STEVEN MASSELL announced that the sale will not take place until this case has been litigated (see **Exhibit E**);

17. That Affiants are not seeking to restrain the lawful assessment or collection of any internal revenue tax, but dispute the unlawful seizure of personal property as a result of the intentional violations of procedural and substantive due process and the documented reckless and willful disregard for the internal revenue laws, while presumed to be acting on behalf of the UNITED STATES Defendants.

/ / /

/ / /

/ / /

## VERIFICATION

I/we, <u>James L. Reading and Clare L. Reading</u>, declare under penalty of perjury and the United States of (North) America as Conscious, Thinking, Feeling, Living, Breathing, Flesh and Blood Sentient Beings that the foregoing is true, correct and not meant to mislead. All Rights retained without recourse.

Dated this _____ day of December 2006.

Signature: _James Leslie Reading_
James L. Reading, Affiant

Signature: _Clare Louise Reading_
Clare L. Reading, Affiant

## NOTARY ACKNOWLEDGMENT

State of Arizona                )
                                ) subscribed and sworn
County of _Maricopa_     )

On this _12_ day, of _December_, 2006 <u>James L. Reading and Clare L. Reading</u> personally appeared, personally known to me, or proved to me on the basis of satisfactory evidence to be the person(s) whose name is/are subscribed to within this instrument.

Witness my hand and official seal.

_Martha A. Acierto_
Signature of Notary

My Commission Expires: _June 17, 2007_

OFFICIAL SEAL
MARTHA A. ACIERTO
NOTARY PUBLIC-ARIZONA
MARICOPA COUNTY
My Commission Expires June 17, 2007

## ATTACHMENTS:

**Exhibit A**: Levy and a Notice of Seizure issued by Ann Taylor on 9/22/06 against Sudder Group LLC seizing the 2005 Nissan Titan, SE, 4X4, ¾ ton pick-up truck with shell (9 pages);

**Exhibit B**: Plaintiffs timely filed "From 9423 – Collection Appeal Request" and a "Petition for Remission of Seized Property and Notice of Filing Collection Appeal Request" (22 pages)

**Exhibit C**: Collection Appeal decision dated 10/16/2006 stating: "The seizure action is sustained in full" (4 pages)

**Exhibit D**: Notice of Public Auction Sale, set for Thursday 11/09/2006 at the IRS office, issued by STEVEN MASSELL, Property Appraisal & Liquidation Specialist on 10/13/2006 (1 page)

**Exhibit E**: Notice of Lis Pendens executed and recorded on or about 11/07/2006 to stop the sale of Plaintiffs' 2005 Nissan Titan (4 pages)

## CERTIFICATE OF SERVICE

I, Clare L. Reading, certify that on this ____ day of December 2006, I mailed a true copy of the above Affidavit in Support of Complaint with Exhibits A through E by certified mail addressed to the following:

Jeffrey A. Taylor, U.S. Attorney
U.S. Attorney's Office
555 4th Street, NW
Washington D.C. 20530
Certified Mail No. <u>7006 0810 0001 6002 5501</u>

Ann Taylor EIN: 86-17536
IRS, SB/SE
300 W. Congress
STOP: 5216TUC
Tucson, AZ 85701
Certified Mail No. <u>7006 0810 0001 6002 5495</u>

Paul Chase
Internal Revenue Service
40 W. Baseline Road, Suite 211
Tempe, Arizona 85283
Certified Mail No. <u>7006 0810 0001 6002 5488</u>

Cindy Mason
Internal Revenue Service
210 N. 1950 West
Salt Lake City, UT 84134
Certified Mail No. <u>7006 0810 0001 6002 5471</u>

Bob Carey, Territory Manager
Internal Revenue Service
210 N. 1950 West
Salt Lake City, UT 84134
Certified Mail No. <u>7006 0810 0001 6002 5464</u>

Dated the 13th day of December, 2006

Signature: _Clare Louise Reading_
Clare L. Reading, Affiant

RECEIVED

DEC 1 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**Exhibit A**
Levy and a Notice of Seizure issued by Ann Taylor on 9/22/06 against Sudder Group LLC
seizing the 2005 Nissan Titan, SE, 4X4, ¾ ton pick-up truck with shell
(9 pages)

Department of the Treasury
Internal Revenue Service
Form 2433 (Rev. Sept. 2001)



# Notice of Seizure

**Name and Address** James & Clare Reading
2425 E Fox St
Mesa, AZ 85213

Under the authority in section 6331 of the Internal Revenue Code, and by virtue of a levy from the Area Director of Internal Revenue of the area shown below, I have seized the property below for nonpayment of past due internal revenue taxes.

| Due from | Amount | Internal Revenue Area and Territory |
|---|---|---|
| CLARE READING Nominee and/or Alter Ego of Sudden Grp LLC Superior Claims Mgt Darrell Hill Et PO Box 40495; Mesa, AZ 85274-0495 | $ | |

**Description of property**

2005 Nissan Titan Pickup with Camper Top
VIN# 1N6AA06B75N521819
Color: White
AZ License Plate CD91432
odometer 319408 w
Camper Shell

| Signature of Revenue Officer making seizure | Address 300 W Congress St MS 5126 Tucson, AZ 85701 | Date 09/22/06 |
|---|---|---|
| Signature of accompanying employee Paul Chase | Address 40 W Baseline Rd Ste 211 Tempe, AZ 85283 | Date 09/22/06 |

Part 1— Taxpayer Copy         Cat. No. 21680C    www.irs.gov         Form **2433** (Rev. 9-2001)

Form **668-B (ICS)**
(Rev. May 2003)

Department of the Treasury - Internal Revenue Service

# Levy

| Due from: | Originating Internal Revenue Territory Office |
|---|---|
| **Sudder Group LLC, as nominee and/or alter ego of** | |
| **Clare Reading** | TERRITORY 10 – SALT LAKE CITY |
| **Superior Claims Mgt Darrell Hill EX** | |
| **PO Box 40475** | |
| **Mesa, AZ  85274-0475** | |

Taxpayer Identification Number:    Redacted

| Kind of Tax | Tax Period Ended | Unpaid Balance Of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/1993 | $33,830.75 | $32,971.84 | $66,802.59 |
| 1040 | 12/31/1994 | $69,787.21 | $1,418.67 | $71,205.88 |
| 1040 | 12/31/1995 | $34,658.14 | $ 940.53 | $35,598.67 |
| This levy reaches a 2005 Nissan Titan Pickup VIN# 1N6AA06B75 N511819, AZ LICENSE# CD91432 | | | | |
| | | **Total amount due  ⇒** | | **$173,607.14** |

The amounts shown above are now due, owing, and unpaid to the United States from the above taxpayer for internal revenue taxes. Notice and demand have been made for payment. Chapter 64 of the Internal Revenue Code provides a lien for the above tax and statutory additions. Section 6331 of the Code authorizes collection of taxes by levy on all property or rights to property of a taxpayer, except property that is exempt under section 6334.

Therefore, under the provisions of Code section 6331, so much of the property or rights to property, either real or personal, as may be necessary to pay the unpaid balance of assessment shown, with additions provided by law, including fees, costs, and expenses of this levy, are levied on to pay the taxes and additions

Dated at Tucson, AZ  85701
          (Place)

_09/22_        _06_
          (Date)

| Signature of Revenue Officer<br>Ann Taylor | | Telephone number<br>520-205-5019 | Date<br>09/22/06 |
|---|---|---|---|
| | Printed name of Group Manager<br>Cindy Mason | Signature  Cindy Mason<br>/s/ Cindy Mason | Date<br>5/3/2006 |
| Concurrence | Printed name of Territory Manager<br>Bob Carey | Signature<br>BC | Date<br>5/4/06 |
| | Printed name of Area Director, if required | Signature | Date |

CLARE READING                                          was asked to be present during inventory.
          (Printed name of taxpayer or taxpayer's representative)
The above named individual was present at inventory.      ☒ YES     X Ann Taylor
          Clare Reading                                  ☐ NO          (Signature of Revenue Officer)

**Part 3**
**To be given to the taxpayer**

Catalog No. 36960H

Form **668-B (ICS)** (Rev. 5-2003)

## Applicable Sections of Internal Revenue Code

Sec. 6321. Lien for Taxes
Sec. 6322. Period of lien
Sec. 6323. Validity and Priority Against Certain Persons
Sec. 6324. Special Liens for Estate and Gift Taxes
Sec. 6325. Release of lien or discharge of property
Sec. 6331. Levy and distraint
Sec. 6332. Surrender of property subject to levy
Sec. 6334. Property exempt from levy
Sec. 6335. Sale of Seized Property
Sec. 6339. Legal Effect of Certificate of Sale of Personal Property and Deed of Real Property
Sec. 6343. Authority to Release Levy and Return Property
Sec. 7429. Review of Jeopardy Levy or Assessment Procedures

### Sec. 6331. Levy and Distraint

(a) Authority of Secretary.–If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property (except such property as is exempt under section 6634) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax. Levy may be made upon the accrued salary or wages of any officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or of the District of Columbia by serving a notice of levy on the employer (as defined in section 3401 (d)) of such officer, employee or elected official. If the Secretary makes a finding that the collection of such tax is in jeopardy, notice and demand for immediate payment of such tax may be made by the Secretary and upon failure or refusal to pay such tax, collection thereof by levy shall be lawful without regard to the 10-day period provided in this section.

(b) Seizure and Sale of Property.–The term "levy" as used in this title includes the power of distraint and seizure by any means. Except as otherwise provided in subsection (e), a levy shall extend only to property possessed and obligations existing at the time thereof. In any case in which the Secretary may levy upon property or rights to property, he may seize and sell such property or rights to property (whether real or personal, tangible or intangible.)

(f) Uneconomical Levy.–No levy may be made on any property if the amount of the expenses which the Secretary estimates (at the time of levy) would be incurred by the Secretary with respect to the levy and sale of such property exceeds the fair market value of such property at the time of levy.

### Sec. 6334. Property Exempt from Levy.

(a) Enumeration.–There shall be exempt from levy–

(1) Wearing apparel and school books.–Such items of wearing apparel and such school books as are necessary for the taxpayer or members of his family.

(2) Fuel, provisions, furniture, and personal effects.–So much of the fuel, provisions, furniture and personal effects in the taxpayer's household, and of the arms for personal use, livestock, and poultry of the taxpayer, as does not exceed $6,250 in value.

(3) Books and tools of a trade, business or Profession.–So many of the books and tools necessary for the trade, business, or profession of the taxpayer as does not exceed in the aggregate $3,125 in value.

(13) Residences exempt in small deficiency cases and principal residences and certain business assets exempt in absence of certain approval or jeopardy.

(A) Residences in small deficiency cases. If the amount of the levy does not exceed $5,000–

(i) any real property used as a residence by the taxpayer, or
(ii) any real property of the taxpayer (other than real property, which is rented) used by any other individual as a residence.

(B) Principal residences and certain business assets.–Except to the extent provided in subsection (e)–

(i) the principal residence of the taxpayer (within the meaning of section 121); and
(ii) tangible personal property or real property (other than real property which is rented) used in the trade or business of an individual taxpayer.

(e) Levy allowed on principal residences and certain business assets in certain circumstances.

(1) Principal residences

(A) Approval required. A principal residence shall not be exempt from levy if a judge or magistrate of a district court of the United States approves (in writing) the levy of such residence.

(B) Jurisdiction. The district courts of the United States shall have exclusive jurisdiction to approve a levy under subparagraph (A).

(2) Certain business assets.–Property (other than a principal residence) described in subsection (a)(13)(B) shall not be exempt from levy if–

(A) a district director or assistant district director of the Internal Revenue Service personally approves (in writing) the levy of such property; or

(B) the Secretary finds that the collection of tax is in jeopardy.

An official may not approve a levy under subparagraph (A) unless the official determines that the taxpayer's other assets subject to collection are insufficient to pay the amount due, together with expenses of the proceedings.

(g) Inflation adjustment.

(1) In general. In the case of any calendar year beginning after 1999, each dollar amount referred to in paragraphs (2) and (3) of subsection (a) shall be increased by an amount equal to–

(A) such dollar amount, multiplied by
(B) the cost-of-living adjustment determined under section 1(f)(3) for such calendar year, by substituting "calendar year 1996" for "calendar year 1992" in subparagraph (B) thereof.

### Sec. 6335. Sale of Seized Property

(1) Right to Request Sale of Seized Property Within 60 Days.–The owner of any property seized by levy may request that the Secretary sell such property within 60 days after such request (or within such longer period as may be specified by the owner). The Secretary shall comply with such request unless the Secretary determines (and notifies the owner within such period) that such compliance would not be in the best interest of the United States.

### Sec. 6343. Authority to Release Levy and Return Property

(a) Release of Levy and Notice of Release.–

(1) In general.–Under regulations prescribed by the Secretary, the Secretary shall release the levy upon all, or part of, the property or rights to property levied upon and shall promptly notify the person upon whom such levy was made (if any) that such levy has been released if–

(A) the liability for which such levy was made is satisfied or becomes unenforceable by reason of lapse of time.

(B) release of such levy will facilitate the collection of such liability.

(C) the taxpayer has entered into an agreement under section 6159 to satisfy such liability by means of installment payments, unless such agreement provides otherwise.

(D) the Secretary has determined that such levy is creating an economic hardship due to the financial conditions of the taxpayer, or

(E) the fair market value of the property exceeds such liability and release of the levy on a part of such property could be made without hindering the collection of such liability.

For the purposes of subparagraph (C), the Secretary is not required to release such levy if such release would jeopardize the secured creditor status of the Secretary.

(2) Expedited determination on certain business property.–In the case of any tangible personal property essential in carrying on the trade or business of the taxpayer, the Secretary shall provide for an expedited determination under paragraph (1) if levy on such tangible personal property would prevent the taxpayer from carrying on such trade or business.

(3) Subsequent Levy.–The release of levy on any property under paragraph (1) shall not prevent any subsequent levy on such property.

OMB No. 1545-1504

Department of the Treasury — Internal Revenue Service

**TAXPAYER ADVOCATE**

# Application for Taxpayer Assistance Order (ATAO)

Form **911**
(Rev. 3-2000)

## Section I. Taxpayer Information

| | |
|---|---|
| 1. Name(s) as shown on tax return | 4. Your Social Security Number |
| | 6. Tax Form(s) |
| | 5. Social Security No. of Spouse |
| | 7. Tax Period(s) |
| 2. Current mailing address (Number, Street & Apartment Number) | 8. Employer Identification Number (if applicable) |
| | 9. E-Mail address |
| 3. City, Town or Post Office, State and ZIP Code | 10. Fax number |
| 11. Person to contact | 12. Daytime telephone number | 13. Best time to call |

14. Please describe the problem and the significant hardship it is creating. *(If more space is needed, attach additional sheets.)*

15. Please describe the relief you are requesting. *(If more space is needed, attach additional sheets.)*

I understand that Taxpayer Advocate employees may contact third parties in order to respond to this request and I authorize such contacts to be made. Further, by authorizing the Taxpayer Advocate Service to contact third parties, I understand that I will not receive notice, pursuant to section 7602(c) of the Internal Revenue Code, of third parties contacted in connection with this request.

| 16. Signature of taxpayer or corporate officer | 17. Date | 18. Signature of spouse | 19. Date |
|---|---|---|---|
| | | | |

## Section II. Representative Information (if applicable)

| | |
|---|---|
| 1. Name of Authorized Representative | 3. Centralized Authorization File Number (CAF) |
| | 4. Daytime telephone number |
| 2. Mailing Address | 5. Fax number |
| 6. Signature of Representative | 7. Date |

Cat. No. 16965S

Form **911** (Rev. 3-2000)

## Section III.                    (For Internal Revenue Service only)

| Taxpayer Name | Taxpayer Identification Number (TIN) |
|---|---|

| 1. Name of Initiating Employee | 2. Employee Telephone Number | 3. Operating Division or Function | 4. Office |
|---|---|---|---|

**5. How Identified & Received** (Check the appropriate box)

**IRS Function Identified Issue as Meeting TAS Criteria**
☐ **(r)** Functional referral (Functional area identified TP/Rep issue as meeting TAS criteria)
☐ **(x)** Congressional correspondence/inquiry not addressed to TAS but referred for TAS handling

**Taxpayer or Representative Requested TAS Assistance**
☐ **(c)** Taxpayer or representative filed Form 911 or sent other correspondence to TAS
☐ **(n)** Taxpayer or representative called into a National Taxpayer Advocate (NTA) Toll-Free site
☐ **(p)** Taxpayer or representative called TAS (other than NTA Toll-Free)
☐ **(s)** Functional referral (Taxpayer or representative specifically requested TAS assistance)
☐ **(w)** Taxpayer or representative sought TAS assistance in a TAS walk-in area
☐ **(y)** Congressional corresp/inquiry addressed to TAS or any Congressional specifically requesting TAS assistance

**6. IRS Received Date**

**7. TAS Criteria** (Check the appropriate box)
☐ **(1)** Taxpayer is suffering or about to suffer a significant hardship
☐ **(2)** Taxpayer is facing an immediate threat of adverse action
☐ **(3)** Taxpayer will incur significant costs, including fees for professional representation, if relief is not granted
☐ **(4)** Taxpayer will suffer irreparable injury or long-term adverse impact if relief is not granted
☐ **(5)** Taxpayer experienced an IRS delay of more than 30 calendar days in resolving an account-related problem or inquiry
☐ **(6)** Taxpayer did not receive a response or resolution to their problem by the date promised
☐ **(7)** A system or procedure has either failed to operate as intended or failed to resolve a taxpayer problem or dispute with the IRS
☐ **(8)** Congressional Duplicate of any criteria or non-criteria case already in TAS or on TAMIS
☐ **(9)** Any issue/problem not meeting the above TAS criteria but kept in TAS for handling and resolution

**8. Initiating Employee:** What actions did you take to help resolve the problem?

**9. Initiating Employee:** State reason(s) why relief was not provided.

**Section III Instructions (For Internal Revenue Service only)**
1. Enter your name.
2. Enter your telephone number.
3. Enter your function (i.e.; ACS, Collection, Examination, Customer Service, etc.). If you are now part of one of the new Business Operating Divisions (Wage & Investment Income, Small Business/Self-Employed, Large/Mid-Size Business, Tax-Exempt/Govt Entity), enter the name of the division.
4. Enter the number/Organization Code for your office. (e.g.; 18 for AUSC, 95 for Los Angeles).
5. Check the appropriate box that best reflects how the taxpayer informed us of the problem. For example, did TP call or write an IRS function or TAS? Did TP specifically request TAS assistance/handling or did the function identify the issue as meeting TAS criteria?
6. The IRS Received Date is the date TP/Rep first informed the IRS of the problem. Enter the date the TP/Rep first called, walked in or wrote the IRS to seek assistance with getting the problem resolved.
7. Check the box that best describes the reason/justification for Taxpayer Advocate Service (TAS) assistance and handling.
8. Indicate the actions you took to help resolve taxpayer's problem.
9. State the reason(s) that prevented you from resolving taxpayer's problem and from providing relief. For example, levy proceeds cannot be returned since they were already applied to a valid liability; an overpayment cannot be refunded since the refund statute expired; or current law precludes a specific interest abatement.

## Section IV.                    (For Taxpayer Advocate Service only)

| 1. TAMIS CF# | 2. BOD/Client | 3. How Recd Code | 4. Criteria Code | 5. IRS Recd Date | 6. TAS Recd Date |
|---|---|---|---|---|---|
| 7. Reopen Ind | 8. Func/Unit Assigned | 9. Employee Assigned | 10. Major Issue Code | 11. ATAO Code/Subcode | 12. PSD Code |
| 13. Special Case Code | 14. Complexity Code | 15. Outreach | 16. Local Use Code<br>☐ TP \|__\|__\|__\|__\|<br>☐ Case | 17. Relief Date | 18. TAS Clsd Date |
| 19. Cust Satisfact Cde | 20. Root Cause Code | | | | |

| Hardship<br>☐ Yes   ☐ No | Taxpayer Advocate Signature | Date |
|---|---|---|

Cat. No. 16965S

Form **911** (Rev. 3-2000)

# Instructions

**When to use this form:** Use this form to request relief if any of the following apply to you:

1. You are suffering or about to suffer a significant hardship;
2. You are facing an immediate threat of adverse action;
3. You will incur significant costs, including fees for professional representation, if relief is not granted;
4. You will suffer irreparable injury or long-term adverse impact if relief is not granted;
5. You experienced an IRS delay of more than 30 calendar days in resolving an account-related problem or inquiry;
6. You did not receive a response or resolution to your problem by the date promised;
7. A system or procedure has either failed to operate as intended or failed to resolve your problem or dispute with the IRS.

If an IRS office will not grant the relief requested or will not grant the relief in time to avoid the significant hardship, you may submit this form. No enforcement action will be taken while we are reviewing your application.

**Where to Submit This Form:** Submit this application to the Taxpayer Advocate office located in the state or city where you reside. For the address of the Taxpayer Advocate in your state or city or for additional information call the National Taxpayer Advocate Toll-Free Number 1-877-777-4778.

**Third Party Contact:** You should understand that in order to respond to this request you are also authorizing the Taxpayer Advocate Service to contact third parties when necessary and that you will not receive further notice regarding contacted parties. See IRC 7602(c).

**Overseas Taxpayers:** Taxpayers residing overseas can submit this application by mail to the Taxpayer Advocate, Internal Revenue Service, PO Box 193479, San Juan, Puerto Rico 00919 or in person at 2 Ponce de Leon Avenue, Mercantil Plaza Building, Room GF05A, Hato Rey PR 00918. The application can also be faxed to (787) 759-4535.

**Caution:** Incomplete applications or applications submitted to an Advocate office outside of your geographical location may result in delays. If you do not hear from us within one week of submitting Form 911, please contact the Taxpayer Advocate office where you originally submitted your application.

## Section I Instructions--Taxpayer Information

1. Enter your name(s) as shown on the tax return that relates to this application for relief.
2. Enter your current mailing address, including street number and name and apartment number.
3. Enter your city, town or post office, state and ZIP code.
4. Enter your Social Security Number.
5. Enter the Social Security Number of your spouse if this application relates to a jointly filed return.
6. Enter the number of the Federal tax return or form that relates to this application. For example, an individual taxpayer with an income tax issue would enter Form 1040.
7. Enter the quarterly, annual or other tax period that relates to this application. For example, if this request involves an income tax issue, enter the calendar or fiscal year; if an employment tax issue, enter the calendar quarter.
8. Enter your Employer Identification Number if this relief request involves a business or non-individual entity (e.g.; a partnership, corporation, trust, self-employed individual with employees).
9. Enter your E-mail address.
10. Enter your fax number including the area code.
11. Enter the name of the individual we should contact. For partnerships, corporations, trusts, etc., enter the name of the individual authorized to act on the entity's behalf.
12. Enter your daytime telephone number including the area code.
13. Indicate the best time to call you. Please specify a.m. or p.m. hours.
14. Describe the problem and the significant hardship in the space provided. Specify the actions that the IRS has taken (or not taken) to cause the problem and ensuing hardship. **If the problem involves an IRS delay of more than 30 days in resolving your issue, indicate the date you first contacted the IRS for assistance in resolving your problem.**
15. Describe the relief you are seeking. Specify the actions that you want taken and that you believe necessary to relieve the significant hardship. Furnish if applicable any relevant proof and corroboration as to why relief is warranted or why you cannot or should not meet current IRS demands to satisfy your tax obligations.
16.&18. If this application is a joint relief request relating to a joint tax liability, both spouses should sign in the appropriate blocks. If only one spouse is requesting relief relating to a joint tax liability, only the requesting spouse has to sign the application. If this application is being submitted for another individual, only a person authorized and empowered to act on that individual's behalf should sign the application.
    NOTE: The signing of this application allows the IRS by law to suspend, for the period of time it takes the Advocate to review and decide upon your request, any applicable statutory periods of limitation relating to the assessment or collection of taxes.
17.&19. Enter the date the application was signed.

## Section II Instructions--Representative Information

**Taxpayers:** If you wish to have a representative act on your behalf, you must give him/her power of attorney or tax information authorization for the tax return(s) and period(s) involved. For additional information see Form 2848, Power of Attorney and Declaration of Representative or Form 8821, Tax Information Authorization, and the accompanying instructions.

**Representatives:** If you are an authorized representative submitting this request on behalf of the taxpayer identified in Section I, complete Blocks 1 through 7 of Section II. Attach a copy of Form 2848, Form 8821 or other power of attorney. Enter your Centralized Authorization File (CAF) number in Block 3 of Section II. The CAF number is the unique number that the IRS assigns to a representative after Form 2848 or Form 8821 is filed with an IRS office.

**Paperwork Reduction Act Notice:** We ask for the information on this form to carry out the Internal Revenue laws of the United States. Your response is voluntary. You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by Code section 6103. Although the time needed to complete this form may vary depending on individual circumstances, the estimated average time is 30 minutes. Should you have comments concerning the accuracy of this time estimate or suggestions for making this form simpler, please write to the Internal Revenue Service, Attention: Tax Forms Committee, Western Area Distribution Center, Rancho Cordova, CA 95743-0001.

Cat. No. 16965S

Form **911** (Rev. 3-2000)

# Collection Appeal Rights

You can appeal many IRS collection actions. There are various collection appeal procedures available to you. The two main procedures are **Collection Due Process (CDP)** and **Collection Appeals Program (CAP)**. There are other collection actions which have their own specific appeal procedures. These other actions are discussed at the bottom of page four of this publication.

**Collection Due Process (CDP)** is available if you receive one of the following notices: Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 (Lien Notice), *a Final Notice - Notice of Intent to Levy and Notice of Your Right to A Hearing, a Notice of Jeopardy Levy and Right of Appeal, a Notice of Levy on Your State Tax Refund    Notice of Your Right to a Hearing (Levy Notices)*. If you disagree with the CDP decision, you can go to court. CDP is more thoroughly described on pages one and two of this publication.

**Collection Appeals Program (CAP)** is generally quicker and available for a broader range of collection actions. However, you can't go to court if you disagree with the CAP decision. CAP procedures are described on pages three and four of this publication.

You may represent yourself at CDP, CAP and other Appeals proceedings. Or, you can have an attorney, certified public accountant, or a person enrolled to practice before the IRS represent you. If you want your representative to appear without you, you must provide a properly completed Form 2848, *Power of Attorney and Declaration of Representative*. This form is available at your local IRS office, or by calling 1-800-829-3676, or from our web site at **www.irs.gov**.

---

## HEARING AVAILABLE UNDER COLLECTION DUE PROCESS (CDP)
### For Lien and Levy Notices

---

You have the right to a CDP hearing by the IRS Office of Appeals for these collection actions: the first time a Notice of Federal Tax Lien is filed on a tax period; before we send the first levy on your property for a tax period; when we levy your state refund; and when we issue a jeopardy levy. You may contest the CDP decision in the Tax Court or an U.S. District Court, as appropriate.

**Lien Notice:** The IRS is required to notify you the first time a Notice of Federal Tax Lien is filed for each tax period. We have to notify you within 5 days after the lien notice filing. You then have 30 days, after that 5-day period, to request a hearing with the Office of Appeals. The lien notice you receive will indicate the date this 30-day period expires.

**Levy Notice:** For each tax period, the IRS is required to notify you the first time we intend to collect a tax liability by taking your property or rights to property. We do this by sending you a levy notice. We can't levy or seize your property within 30 days from the date this notice

is mailed, or given to you, or left at your home or office. During that 30-day period, you may request a hearing with the Office of Appeals. There are two exceptions to this notice of intent to levy provision. We may issue a levy without sending this notice or waiting 30 days when collection of the tax is in jeopardy. We may also levy on your state tax refund without sending a notice or waiting 30 days. You can request a hearing after the levy action for both of these instances.

### How do you request a hearing under Collection Due Process with the Office of Appeals?

Complete Form 12153, *Request for a Collection Due Process Hearing*, and send it to us at the address shown on your lien or levy notice within 30 days. Check the IRS action(s) you disagree with, and explain why you disagree. If you received both a lien and a levy notice, you may appeal both actions. You must identify all of your reasons for disagreement with us at this time. You may raise issues relating to the unpaid tax including:

- Appropriateness of collection actions
- Collection alternatives such as installment agreement, offer in compromise, posting a bond or substitution of other assets
- Appropriate spousal defenses
- The existence or amount of the tax, but only if you did not receive a notice of deficiency or did not otherwise have an opportunity to dispute the tax liability.

You may not raise an issue that was raised and considered at a prior administrative or judicial hearing, if you participated meaningfully in the prior hearing or proceeding.

To preserve your right to go to court, you must send us the Form 12153 within 30 days. Form 12153 is also available by calling 1-800-829-3676, or from our web site at **www.irs.gov**. Include a copy of your lien and/or levy notice. List all taxes and tax periods for which you are requesting a hearing. Under CDP, you are entitled to only one hearing relating to a lien notice and one hearing relating to a levy notice, for each taxable period. If you receive a subsequent lien or levy notice after you request a hearing on an earlier notice, Appeals can consider both matters at the same time

Before you formally appeal a lien or levy notice by sending us Form 12153, you may be able to work out a solution with the Collection function that took the action. To do so, contact the IRS employee whose name appears on the lien or levy notice and explain why you disagree with the action. This contact, however, does NOT extend the 30-day period to make a written request for a CDP hearing.

### What will happen when you request a CDP hearing with the Office of Appeals?

After you request a hearing, you can still discuss your concerns with the office collecting the tax or filing the Notice of Federal Tax Lien. If you are able to resolve the issues with that office, you may withdraw your request for a hearing.

The Office of Appeals will contact you to schedule a hearing. Your hearing may be held either in person, by telephone or by correspondence.

Unless we have reason to believe that collection of the tax is in jeopardy, we will stop levy action during the 30 days after the levy notice and, if your appeal is timely, during the appeal process.

Your appeal is timely if you mail your request for a hearing to the address shown on our notice on or before the 30th day after the date of the levy notice or the date shown on the lien notice. If we receive a timely filed Form 12153, we will also suspend the 10-year collection statute of limitations until the date the determination is final or you withdraw, in writing, your request for a hearing.

At the conclusion of the hearing, Appeals will issue a written determination letter. If you agree with Appeals' determination, both you and the IRS are required to live up to the terms of the determination.

If you don't agree with Appeals' determination, you may request judicial review of the determination by initiating a case in a court of proper jurisdiction (United States Tax Court or United States District Court, depending on the circumstances) on or before the 30th day after the date of Appeals' determination. Once the Court rules, its decision will be binding on both you and the IRS.

The Office of Appeals will retain jurisdiction over its determinations and how they are carried out. You may also return to Appeals if your circumstances change and impact the original determination. However, you must exhaust your administrative remedies first.

If your appeal request is not timely, you will be allowed a hearing, but there will be no statutory suspension of collection action and you can't go to court if you disagree with Appeals' decision.

# ADMINISTRATIVE COLLECTION APPEAL RIGHTS
## COLLECTION APPEALS PROGRAM (CAP)

For liens, levies, seizures and installment agreements
under the CAP procedure, you don't have the right to a judicial review of Appeals' decision.

The CAP procedure is available under more circumstances than the Collection Due Process hearing procedure. It is important to note that you can't proceed to court if you don't agree with Appeals' decision in your CAP case. Collection actions you can appeal are:

**Notice of Federal Tax Lien.** You may appeal before or after the IRS files a lien. You may also appeal denied requests to withdraw a Notice of Federal Tax Lien, and denied discharges, subordinations, and non-attachments of a lien. If the IRS files a Notice of Federal Tax Lien, you may have additional Collection Due Process appeal rights. See the preceding information regarding Hearing Available under Collection Due Process.

**Notice of Levy.** You may appeal before or after the IRS places a levy on your wages, bank account or other property. Before a levy is issued, you may have additional Collection Due Process appeal rights. See the preceding information regarding Hearing Available Under Collection Due Process.

**Seizure of Property.** You may appeal before or after the IRS makes a seizure. If you request an appeal after the IRS makes a seizure, you must appeal to the Collection manager within 10 business days after the Notice of Seizure is provided to you, or left at your home or business.

**Denial or Termination of Installment Agreement.** You may appeal when you are notified that the IRS intends to deny you an installment agreement. You may also appeal when we propose to terminate or terminate your installment agreement. The right to appeal denials or terminations of installment agreements is provided by law rather than provided by IRS administratively. As such, there are some differences between CAP for installment agreements and other CAP cases, such as levies etc.

### How do you appeal one of these IRS actions if your only collection contact has been a notice or telephone call?

1. Call the IRS at the telephone number shown on your notice. Be prepared to explain which action(s) you disagree with and why you disagree. You must also offer your solution to your tax problem.

2. If you can't reach an agreement with the employee, tell the employee that you want to appeal their decision. The employee must honor your request and will refer you to a manager. The manager will either speak with you then, or will return your call within 24 hours.

3. Explain which action(s) you disagree with and why you disagree to the manager. The manager will make a decision on the case. If you don't agree with the manager's decision, your case will be forwarded to an Appeals Officer for review.

### How do you appeal one of these IRS collection actions if you have been contacted by a Revenue Officer?

1. If you disagree with the decision of the Revenue Officer, and wish to appeal under CAP, you must first request a conference with a Collection manager.

2. If you do not resolve your disagreement with the Collection manager, you may request Appeals consideration by completing Form 9423, *Collection Appeal Request*. This form is available by calling 1-800-829-3676, or from our web site at www.irs.gov. Check the action(s) you disagree with and explain why you disagree. You must also explain your solution to resolve your tax problem.

3. Submit the Form 9423 to that Collection Office.

4. The Collection Office must receive your appeal request for a lien, levy or seizure within 2 days of your conference with the Collection manager or we will resume collection action. For an appeal request for a denial or termination of an installment agreement, you have 30 days from the date of denial or termination of your installment agreement, to submit your request to the Collection Office.

**Exhibit B**

Form 9423 – Collection Appeal Request" and affidavit in support
(22 pages)

# Collection Appeal Request

| 1. Taxpayer's Name | 2. Representative: (Form 2848, Power of Attorney Attached) | | |
|---|---|---|---|
| Clare Reading (Taxpayer hereinafter means "Claimant") | | | |

| 3. SSN/EIN | 4. Taxpayer's Business Phone | 5. Taxpayer's Home Phone | 6. Representative's Phone |
|---|---|---|---|
| Assigned: Redacted | N/A | Unpublished | N/A |

**7. Taxpayer's Street Address**

2425 East Fox Street

| 8. City | 9. State | 10. Zip Code |
|---|---|---|
| Mesa | Arizona | 85213 |

| 11. Type of Tax (Tax Form) | 12. Tax Periods Being Appealed | 13. Tax Due |
|---|---|---|
| Substitute for Return | 1993, 1994 and 1995 | In Dispute: $173,607.14 |

## Collection Action(s) Appealed

14. Please Check the Collection Action(s) You're Appealing:

- [ ] Federal Tax Lien
- [✓] Levy or Notice of Levy
- [✓] Seizure
- [ ] Denial of Installment Agreement
- [ ] Termination of Installment Agreement

## Explanation

15. Please explain why you disagree with the collection action(s) you checked above and explain how you would resolve your tax problem. Attach additional pages if needed. Attach copies of any documents that you think will support your position.

(Please see attached Petition For Remission OF Seized Property And Notice Of Filing Collection Appeals Request)

Summary Of Verified Violations:

1. 26 U.S.C Sec. 6501 - Violated three years statute of limitations on assessment.
2. 26 U.S.C Sec. 6502 - Violated ten years statute of limitations on collections.
3. 26 U.S.C Sec. 6331(a) and 6303 - Never served a notice and demand for tax.
4. 26 U.S.C Sec. 6212 and 6213 - Failed to issue a Notice of Deficiency.
5. 26 U.S.C Sec. 7214(a)(2) - Knowingly demandings sums greater than allowed by statute
6. 26 U.S.C Sec. 6335 giving rise to 7214(a)(7) Violation for failure to obtain the approval of the Area Director prior to commencing this action.
7. 26 U.S.C Sec. 7214(a)(1) - Proceeding in willful oppression under color of law seizing property under statutory authority that is without jurisdiction over Claimant's property.

Under penalties of perjury, I declare that I have examined this request and the attached documents, and to the best of my knowledge and belief, they are true, correct and complete. A submission by a representative, other than the taxpayer, is based on all information of which preparer has any knowledge.

| 16. Taxpayer's or Authorized Representative's Signature | 17. Date |
|---|---|
| *Clare Louise Reading*     *James Leslie Reading* | OCTOBER 5, A.D. 2006 / octobor 3, A.D. 2006 |
| 18. Collection Manager's Signature | 19. Date Received |
| | |

Certified Mail: 7006 0810 0001 6005 6376

Clare Reading and James Reading
General Manager/Manager of Sudder Group, LLC
C/o 2425 East Fox Street
Mesa, Arizona [PZ 85213]

October 3, 2006

Department of the Treasury
Internal Revenue Service
Ann Taylor, Revenue Officer
300 West Congress Street MS 5126
Tucson, AZ 85701

Re: Notice of Seizure and Levy
Assigned Treasury Account/ TIN:    Redacted

## PETITION FOR REMISSION OF SEIZED PROPERTY AND
## NOTICE OF FILING COLLECTION APPEAL REQUEST

We, Clare Reading and James Reading, Manager and General Manager of Sudder Group, LLC (hereinafter "Claimants") are in receipt and possession of a copy of the Department of the Treasury – Internal Revenue Service non-judicial statutory "Form 668-B(ICS) - Levy" signed and dated May 3rd, 4th and September 23rd, 2006, alleging an assessed liability for tax years 1993, 1994 and 1995 in the total amount of $173,607.14. Included is a non-judicial statutory "Form 2433 – Notice of Seizure", giving the description of the personal property to be seized identified as a 2005 Nissan Titan Pick-up with Camper Top VIN: 1N6AA06B75N511819 (see **Exhibit A**). These instruments appear to be signed and authorized by the following parties:

    (a) Ann Taylor, Revenue Officer bearing an address at: 300 W. Congress St., MS 5126, Tucson, AZ 85701

    (b) Paul Chase, Revenue Officer bearing an address at: 40 W. Baseline Road Suite 211, Tempe, AZ 85283;

    (c) Cindy Mason, Group Manager bearing an address at: 40 W. Baseline Road Suite 211, Tempe, AZ 85283;

    (d) Bob Carey, Territory Manager bearing an address at: 40 W. Baseline Road Suite 211, Tempe, AZ 85283;

hereinafter referred to as "Named Unknown Agents". Whereas for good cause and in good faith, Claimants formally file this Collection Appeal Request demanding the return of illegally seized personal property in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution for the United States of America.

PETITION FOR REMISSION OF SEIZED PROPERTY
AND NOTICE OF COLLECTION APPEAL REQUEST                1 of 8                James Reading and Clare Reading, Claimants
Notary page 7; Exhibit Total: 14 pages

**I.**
## Facts And Summary Of Events Resulting
## In Illegal Seizure Of Personal Property

Upon the illegal seizure and theft of personal property in Claimants' possession and control, Claimants caused to be prepared a four page document titled "AFFIDAVIT OF EVENTS", notarized by a Ministerial Officer of the State of Arizona (see **Exhibit B**). In review, Claimants have evidence sufficient to conclude that Named Unknown Agents Ann Taylor, Paul Chase, Cindy Mason and Bob Carey failed to comply with their IRS administrative procedures prior to issuing the procedurally invalid Levy and Notice of Seizure, as dated above - warranting an appeal for the following documented violations:

1. That on September 22, 2006 at approximately 3:30 p.m., Named Unknown Agents identified as Ann Taylor, Paul Chase, Cindy Mason and Bob Carey appeared at 2425 East Fox St., Mesa Arizona [85213] and caused to be seized personal property in the possession and control of Claimants identified as a 2005 Nissan Titan Pick-up with Camper Top VIN: **1N6AA06B75N511819**, secured under a carport located on Claimants' property.

2. That Claimants observed the Named Unknown Agent Ann Taylor dressed in civilian attire enter what appeared to be a privately owned vehicle, described as a Silver BMW bearing Arizona License plate 134SXZ that was parked on the next block.

3. That Claimants observed Named Unknown Agent Paul Chase proceed onto the private property with a tow truck bearing Arizona License plate CE08456 accompanied by two unknown males from Valley Towing, wherein they illegally seized and hitched Claimants' personal property in their control while other Named Unknown Agents stood and watched.

4. That at no time during the illegal seizure and theft of property were these Named Unknown Agents wearing uniforms that displayed distinguishing badges, markings or vehicles representing the jurisdiction for which they were proceeding under, and presented no evidence of any State, County or City authority having police powers that would give Federal agents jurisdiction to proceed onto the property.

5. That at approximately 4:19 p.m. Claimants contacted the Maricopa County Sheriff's Department and spoke to a person identifying herself as "Cathy", who referred them to the City of Mesa Police Department, where a lady bearing badge #11908 informed Claimants that there was no record of the IRS requesting assistance for a "civil stand-by" for permission to enter onto Claimants' property and seize personal property located thereon.

6. That the instruments used to seize the personal property in Claimants' control have been issued in violation of substantive due process of law, as evidence herein establishes that the Levy and Notice of Seizure are procedurally invalid and fully violate the Fourth, Fifth and Fourteenth Amendments to the Constitution for the United States of America.

PETITION FOR REMISSION OF SEIZED PROPERTY
AND NOTICE OF COLLECTION APPEAL REQUEST          2 of 8          James Reading and Clare Reading, Claimants
                                                                  Notary page 7: Exhibit Total: 14 pages

7. That the Named Unknown Agents proceeded in complete violation of the Fourth Amendment, as they failed to produce an affidavit supported by Oath or Affirmation that evidenced facts on the record sufficient to conclude that seizing the personal property controlled by the Claimant's was in compliance with the common law pursuant to constitutional mandate.

8. That the Named Unknown Agents proceeded in complete violation of the due process clause and the just compensation clause of the Fifth Amendment, as they have caused property to be seized for which Claimants have never been justly compensated.

9. That the Named Unknown Agents proceeded in complete violation of the equal protection of the law clause of the Fourteenth Amendment, as they have intentionally and recklessly caused personal property controlled by Claimants' to be seized under color of law - invoking Acts of Congress that are without jurisdiction and do not authorize the seizure of Claimants' personal property.

## II.
## Notice Of Seizure And Levy Invalid Due To Procedural Violations Of Constitutionally Protected Rights And Substantive Law

10. That Claimants pursued an investigation into the actions of the Named Unknown Agents Ann Taylor, Paul Chase, Cindy Mason and Bob Carey regarding the alleged liability assessed for tax years 1993, 1994 and 1995 indicated on Form 668 B – Levy and discovered that the instrument was issued in willful and reckless disregard for the internal revenue laws in violation of 26 U.S.C § 6501, which prohibits IRS assessment authority from exceeding three years; and Claimant was allegedly assessed on April 23, 2001 for tax years 1994 and 1995 as indicated on Form 668 - Notice of Federal Tax Lien at Column (d) (see **Exhibit C**);

11. That Claimants pursued an investigation into the actions of the Named Unknown Agents Ann Taylor, Paul Chase, Cindy Mason and Bob Carey regarding the alleged liability assessed for tax years 1993, 1994 and 1995 indicated on Form 668 B – Levy and discovered that the instrument was issued in willful and reckless disregard for the internal revenue laws in violation of 26 U.S.C § 6502, which prohibits IRS collections authority from exceeding ten years; and Claimant was allegedly assessed on May 20, 1996 for tax year 1993 – as indicated on the Notice of Federal Tax Lien filed May 9, 2006 signed by Named Unknown Agent Ann Taylor and the IMF Literal transcripts (see **Exhibit C and D**);

12. That in willful and reckless disregard for the internal revenue laws, Named Unknown Agents Ann Taylor, Paul Chase, Cindy Mason and Bob Carey failed to comply with 26 U.S.C. §§ 6212(a) and 6213 and did not issue Claimants a Notice of Deficiency – allowing Claimants 90 days to petition the tax court to challenge the validity of liability and alleged assessment for tax periods ending December 31, 1993, 1994 and 1995 – as indicated on the procedurally invalid Form 668-B – Levy causing the seizure of personal property in Claimants' possession and control;

13. That Claimants pursued an investigation into the actions of the Named Unknown Agents Ann Taylor, Paul Chase, Cindy Mason and Bob Carey regarding the alleged liability for tax years 1993, 1994 and 1995 assessed on Form 668 B – Levy and discovered that the instrument was issued in willful and reckless disregard for the internal revenue laws in violation of 26 U.S.C § 6303, as Service employees

PETITION FOR REMISSION OF SEIZED PROPERTY
AND NOTICE OF COLLECTION APPEAL REQUEST          3 of 8          James Reading and Clare Reading, Claimants
Notary page 7: Exhibit Total: 14 pages

never issued a *notice and demand* for tax due prior to issuing the Notice of Seizure and Levy of personal property in Claimants' possession and control (see **Exhibit E**);

14. That Claimant Clare Reading pursued an investigation into the actions of the Named Unknown Agents Ann Taylor, Paul Chase, Cindy Mason and Bob Carey regarding the alleged liability assessed for tax years 1993, 1994 and 1995 assessed on Form 668 B – Levy and discovered that the instrument was issued in willful and reckless disregard for the internal revenue laws in violation of 26 U.S.C § 6331(a), as Claimants never received a "*Notice of Levy,*" and therefore never received a *notice and demand for tax* applicable to Claimant prior to the Service issuing the Notice of Seizure and Levy of personal property in Claimants' possession and control (see **Exhibit E**);

15. In willful and reckless disregard for the internal revenue laws, Named Unknown Agents Ann Taylor, Paul Chase, Cindy Mason and Bob Carey proceeded in violation of 26 U.S.C. § 7214(a)(2) – *knowingly demanding other and greater sums than authorized by law* (as indicated on the procedurally invalid Form 668-B – Levy) and proceeded under color of law and in bad faith by seeking to extort $66,802.59 for tax period 1993, having first hand knowledge that the ten-year statute of limitations had expired pursuant to 26 U.S.C. § 6502 and said amount is no longer collectable pursuant to 26 U.S.C. § 6343(a)(1)(A), rendering the entire "Levy" void *ab initio* (see **Exhibits C**);

16. That Claimants pursued an investigation into the actions of the Named Unknown Agents Ann Taylor, Paul Chase, Cindy Mason and Bob Carey regarding the alleged liability assessed for tax years 1993, 1994 and 1995 assessed on Form 668 B – Levy and discovered that the instrument lacks jurisdiction for the administrative Levy and seizure of Claimants' personal property, and is only applicable to officers, employees or elected officials of the United States or the District of Columbia, or any agency or instrumentality thereof as indicated on Form 668-B titled "**Applicable Sections of Internal Revenue Code**" citing Sec. 6331. Levy and Distraint – Authority of the Secretary; and Claimants are not now nor have they ever been of such status – invoking a violation of 26 U.S.C. §§ 7214(a)(1) and 7214(a)(7), acting with *willful oppression under color of law* and *knowingly making and signing fraudulent entries in books, made and signed fraudulent certificates, returns and statements* - issuing the procedurally invalid Form 668-B – Levy resulting in the illegal seizure of personal property in Claimants' possession and control (see **Exhibits A**); It must be noted as cited in *Anderson v. United States*, 44 F.3d 795 (9th Cir. 1995), quoting the United States Supreme Court's well established precedent so stating:

> "[W]here, as here, the statute's language is plain, `the sole function of the courts is to enforce it according to its terms.'" *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989).

17. In willful and reckless disregard for the internal revenue laws, Named Unknown Agents Ann Taylor, Paul Chase, Cindy Mason and Bob Carey proceeded in violation of 26 CFR § 301.6335-1(a) and (b) and failed to obtain prior approval from the Area 11 Area Director of the Internal Revenue Service, as no approval signature appears on "Form 668-B – Levy" instrument prior to the issue of the procedurally invalid Form 668-B(ICS) – Levy for tax periods ending December 31, 1993, 1994 and 1995 – effectively invoking a violation of 26 U.S.C. §§ 7214(a)(3) and clearly *attempting to defeat Title 26 of the United States Code at Section 6335* by issuing the procedurally invalid Form 668-B –

PETITION FOR REMISSION OF SEIZED PROPERTY
AND NOTICE OF COLLECTION APPEAL REQUEST                4 of 8                James Reading and Clare Reading, Claimants
Notary page 7: Exhibit Total: 14 pages

### III.
### Demand For Return Of Illegally Seized Property

The failure of Named Unknown Agents Ann Taylor, Paul Chase, Cindy Mason and Bob Carey, the Area 11 Area Director, Compliance Technical Support Manager for Area 11, or any other fiduciary employee of the Department of the Treasury – Internal Revenue Service in receipt of this notice to return the illegally seized property of Claimants for tax years 1993, 1994 and 1995 will result in an action cognizable under 26 U.S.C. §§ 7214 and 7433 and 28 U.S.C. § 2409, 2410, enjoining all statutory matters seeking actual and direct economic damages for violations that shall be effectively enumerated in a properly executed cause of action. Your authority to release Claimants' property is found at Section 6343:

**26 U.S.C. § 6343. Authority to release levy and return property**
**(a) Release of levy and notice of release (1) In general** *Under regulations prescribed by the Secretary, the Secretary shall release the levy upon all, or part of, the property or rights to property levied upon and shall promptly notify the person upon whom such levy was made (if any) that such levy has been released if—*
**(A)** *the liability for which such levy was made is satisfied* or becomes *unenforceable by reason of lapse of time,*

**Claimants herein demands the remedies as follows:**

(a) Claimants demand the Area 11 Area Director, Compliance Technical Support Manager for Area 11, Ann Taylor, Paul Chase, Cindy Mason and Bob Carey issue an order of release and return the illegally seized property herein identified to the custody of Claimants, who have superior claim and title over such property, as they have proceeded in direct violation of the Constitution for the United States of America at Article IV, V and XIV, which prohibits their malicious and capricious acts under color of law;

(b) Claimants demand the Area 11 Area Director, Compliance Technical Support Manager for Area 11, Ann Taylor, Paul Chase, Cindy Mason and Bob Carey issue an order of release and return the illegally seized (stolen) property herein identified to the custody of Claimants, who have superior claim and title to such property, as the evidence is sufficient to establish and conclude that Service employees have failed to comply with procedural requirements giving rise to a valid non-judicial statutory Notice of Seizure and Levy – as enumerated in 1 through 21 *supra* – rendering their willful, intentional and reckless acts a nullity;

Claimants demand that you issue a letter of determination producing evidence that contradicts what Claimants have discovered - or - in the alternative, return the illegally seized property to the rightful owners, which is the only just and proper remedy. Claimants do not wish to continue being injured by the abuse of power and malicious intent of reckless Service employees. Thank you for all your kind assistance in this matter as we look forward to your response and an amicable resolution to this pending, perilous matter.

PETITION FOR REMISSION OF SEIZED PROPERTY
AND NOTICE OF COLLECTION APPEAL REQUEST                6 of 8                James Reading and Clare Reading, Claimants
Notary page 7: Exhibit Total: 14 pages

I/We, James Reading and Clare Reading, declare under penalty of perjury pursuant to the laws of the State of Arizona and 28 U.S.C. § 1746(1), the above to be true and correct to the best of our knowledge, understanding and belief.

Signature: *Clare Louise Reading*

Clare Reading, Claimant

Signature: *James Leslie Reading*

James Reading, Claimant

State of Arizona        )
                        ) ss:
County of *Maricopa*    )

I certify on this __3__ day of __October_____, 2006 that I know or have satisfactory evidence that Clare Reading and James Reading appeared before me and said parties acknowledged that they signed this instrument and acknowledged it to be a free and voluntary act for the uses and purposes mentioned in the instrument.

Witness my hand and official seal.

*Lindsay Conner*

Signature of Notary



OFFICIAL SEAL
LINDSAY CONNER
NOTARY PUBLIC-ARIZONA
MARICOPA COUNTY
My Commission Expires February 14, 2010

My Commission Expires: __Feb 14, 2010__

**Attachments:**
**IRS Form 9423** – Collection Appeal Request

**EXHIBIT A:** Form 668-B (ICS) – Levy, Form 2433 - Notice of Seizure
**EXHIBIT B:** Notarized Affidavit of Events Regarding Seizure Of Property
**EXHIBIT C:** Notice of Federal Tax Lien Dated May 9, 2006 Signed By Ann Taylor (Pseudonym)
**EXHIBIT D:** Individual Master File Literal Transcript Regarding Tax Period 1993, 1994 And 1995
**EXHIBIT E:** Levy Authority And Procedure Obtained From WWW.IRS.GOV

**Mailed to:**

**Department of the Treasury**
Internal Revenue Service
Donald L. Korb, Chief Counsel
1111 Constitution Ave., NW CM#4
Washington, DC 20224.
Certified Mail: 7006 0810 0001 6005 6383

PETITION FOR REMISSION OF SEIZED PROPERTY
AND NOTICE OF COLLECTION APPEAL REQUEST            7 of 8            James Reading and Clare Reading, Claimants
Notary page 7: Exhibit Total: 14 pages

**Department of the Treasury**
Internal Revenue Service
Area Director, Area 11
Compliance Technical Support Manager
600 17th Street
Denver, CO 80202-2490
Certified Mail: 7006 0810 0001 6005 6420

**Treasury Inspector General for Tax Administration**
ATTN: Complaint Management Division
P.O. Box 589
Washington, DC 20044
Certified Mail: 7006 0810 0001 6005 6437

**Department of the Treasury**
Internal Revenue Service
Bob Carey, Territory Manager
40 West Baseline Road Ste. 212
Tempe, AZ 85283-1260
Certified Mail: 7006 0810 0001 6005 6413

**Department of the Treasury**
Internal Revenue Service
Cindy Mason, Group Manager
40 West Baseline Road Ste. 212
Tempe AZ, 85283-1260
Certified Mail: 7006 0810 0001 6005 6406

**Department of the Treasury**
Internal Revenue Service
Paul Chase, Revenue Officer
40 West Baseline Road Ste. 212
Tempe AZ, 85283-1260
Certified Mail: 7006 0810 0001 6005 6390

/ / /

/ / /

/ / /

PETITION FOR REMISSION OF SEIZED PROPERTY
AND NOTICE OF COLLECTION APPEAL REQUEST          8 of 8          James Reading and Clare Reading, Claimants
Notary page 7: Exhibit Total: 14 pages

Form **668-B (ICS)**
(Rev. May 2003)

Department of the Treasury - Internal Revenue Service

## Levy

Du___ m:

**Sudder Group LLC, as nominee and/or alter ego of**
**Clare Reading**
**Superior Claims Mgt Darrell Hill EX**
PO Box 40475
Mesa, AZ 85274-0475

Taxpayer Identification Number: Redacted

Originating Internal Revenue Territory Office

TERRITORY 10 – SALT LAKE CITY

| EXHIBIT | PAGE | OF |
|---------|------|-----|
| **A** | **1** | **3** |

| Kind of Tax | Tax Period Ended | Unpaid Balance Of Assessment | Statutory Additions | Total |
|-------------|------------------|------------------------------|---------------------|-------|
| 1040 | 12/31/1993 | $33,830.75 | $32,971.84 | $66,802.59 |
| 1040 | 12/31/1994 | $69,787.21 | $1,418.67 | $71,205.88 |
| 1040 | 12/31/1995 | $34,658.14 | $ 940.53 | $35,598.67 |
| This levy reaches a 2005 Nissan Titan Pickup VIN# 1N6AA06B75 N511819, AZ LICENSE# CD91432 | | | | |

| | Total amount due ⇒ | $173,607.14 |
|---|---|---|

The amounts shown above are now due, owing, and unpaid to the United States from the above taxpayer for internal revenue taxes. Notice and demand have been made for payment. Chapter 64 of the Internal Revenue Code provides a lien for the above tax and statutory additions. Section 6331 of the Code authorizes collection of taxes by levy on all property or rights to property of a taxpayer, except property that is exempt under section 6334.

Therefore, under the provisions of Code section 6331, so much of the property or rights to property, either real or personal, as may be necessary to pay the unpaid balance of assessment shown, with additions provided by law, including fees, costs, and expenses of this levy, are levied on to pay the taxes and additions

_ated at_ Tucson, AZ  85701
_(Place)_

_09/22_ , _06_
_(Date)_

Signature of Revenue Officer

_Ann Taylor_
Ann Taylor

| | | Telephone number | Date |
|---|---|---|---|
| | | 520-205-5019 | 09/22/06 |

| Concurrence | Printed name of Group Manager | Signature | Date |
|---|---|---|---|
| | Cindy Mason | /s/ Cindy Mason | 5/3/2006 |
| | Printed name of Territory Manager | Signature | Date |
| | Bob Carey | BC | 5/4/06 |
| | Printed name of Area Director, if required | Signature | Date |

_LARE READING_

he ___ve named Individual was present at Inventory.
_(Printed name of taxpayer or taxpayer's representative)_

☑ YES
☐ NO

_Clare Reading_

_was asked to be present during inventory._

_Ann Taylor_
_(Signature of Revenue Officer)_

art 3
o be given to the taxpayer

Catalog No. 36960H

Form 668-B (ICS) (Rev. 5-2003)

cable Sections of Internal Revenue Cod

ec. 6321. Lien for Taxes

ec. 6322. Period of lien

ec. 6323. Validity and Priority Against Certain Persons

ec. 6 324. Special Liens for Estate and Gift Taxes

ec. 6325. Release of lien or discharge of property

ec. 6331. Levy and distraint

ec. 6332. Surrender of property subject to levy

ec. 6334. Property exempt from levy

ec. 6335. Sale of Seized Property

ec. 6339. Legal Effect of Certificate of Sale of Personal Property and Deed of Real Property

ec. 6343. Authority to Release Levy and Return Property

ec. 7429. Review of Jeopardy Levy or Assessment Procedures

## ec. 6331. Levy and Distraint 

(a) Authority of Secretary.-If any person liable to pay any tax neglects or refuses to pay the me within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax (and ch further sum as shall be sufficient to cover the expenses of the levy) by levy upon property and rights to property (except such property as is exempt under section 6634) belonging to ch person or on which there is a lien provided in this chapter for the payment of such tax. Levy may be de upon the accrued salary or wages of any officer, employee, or elected official, of the United States, District of Columbia, or any agency or instrumentality of the United States or the District of Columbia serving a notice of levy on the employer (as defined in section 3401 (d)) of such officer, employee or cted official. If the Secretary makes a finding that the collection of such tax is in jeopardy, notice and mand for immediate payment of such tax may be made by the Secretary and upon failure or refusal to y such tax, collection thereof by levy shall be lawful without regard to the 10-day period provided in this ion.

(b) Seizure and Sale of Property.-The term "levy" as used in this title includes the power of traint and seizure by any means. Except as otherwise provided in subsection (e), a levy all extend only to property possessed and obligations existing at the time thereof. In any se in which the Secretary may levy upon property or rights to property, he may seize and sell such perty or rights to property (whether real or personal, tangible or intangible.)

(f) Uneconomical Levy.-No levy may be made on any property if the amount of the expenses ch the [ ]tary estimates (at the time of levy) would be incurred by the Secretary with respect to the y and [ ] such property exceeds the fair market value of such property at the time of levy.

## ec. 6334. Property Exempt from Levy.

(a) Enumeration.-There shall be exempt from levy-

(1) Wearing apparel and school books.-Such items of wearing apparel and such school ks as are necessary for the taxpayer or members of his family.

(2) Fuel, provisions, furniture, and personal effects.-So much of the fuel, provisions, iture and personal effects in the taxpayer's household, and of the arms for personal use, livestock, poultry of the taxpayer, as does not exceed $6,250 in value.

(3) Books and tools of a trade, business or Profession.-So many of the books and tools essary for the trade, business, or profession of the taxpayer as does not exceed in the aggregate 125 in value.

(13) Residences exempt in small deficiency cases and principal residences and certain iness assets exempt in absence of certain approval or jeopardy.

(A) Residences in small deficiency cases. If the amount of the levy does not exceed XX–

(i) any real property used as a residence by the taxpayer, or

(ii) any real property of the taxpayer (other than real property, which is rented) used by other individual as a residence.

(B) Principal residences and certain business assets.-Except to the extent provided in section (e)-

(i) the principal residence of the taxpayer (within the meaning of section 121); and

(ii) tangible personal property or real property (other than real property which is rented) d in the trade or business of an individual taxpayer.

) Levy allowed on principal residences and certain business assets in certain umstances

(1) Principal residences

(A) Approval required. A principal residence shall not be exempt from levy if a judge or istrate [ ]istrict court of the United States approves (in writing) the levy of such residence.

(B) [ ]diction. The district courts of the United States shall have exclusive jurisdiction to rove a levy under subparagraph (A),

(2) Certain business assets.-Property (other than a principal residence) described in subsection (a)(13)(B) shall not be exempt from levy if-

(A) a district director or assistant district director of the Internal Revenue Service personally approves (in writing) the levy of such property; or

(B) the Secretary finds that the collection of tax is in jeopardy.

An official may not approve a levy under subparagraph (A) unless the official determines that the taxpayer's other assets subject to collection are insufficient to pay the amount due, together with expenses of the proceedings.

(g) Inflation adjustment.

(1) In general. In the case of any calendar year beginning after 1999, each dollar amount referred to in paragraphs (2) and (3) of subsection (a) shall be increased by an amount equal to-

(A) such dollar amount, multiplied by

(B) the cost-of-living adjustment determined under section 1(f)(3) for such calendar year, by substituting "calendar year 1996" for "calendar year 1992" in subparagraph (B) thereof.

## Sec. 6335. Sale of Seized Property

(1) Right to Request Sale of Seized Property Within 60 Days.-The owner of any property seized by levy may request that the Secretary sell such property within 60 days after such request (or within such longer period as may be specified by the owner). The Secretary shall comply with such request unless the Secretary determines (and notifies the owner within such period) that such compliance would not be in the best interest of the United States.

## Sec. 6343. Authority to Release Levy and Return Property

(a) Release of Levy and Notice of Release.-

(1) In general.-Under regulations prescribed by the Secretary, the Secretary shall release the levy upon all, or part of, the property or rights to property levied upon and shall promptly notify the person upon whom such levy was made (if any) that such levy has been released if-

(A) the liability for which such levy was made is satisfied or becomes unenforceable by reason of lapse of time.

(B) release of such levy will facilitate the collection of such liability.

(C) the taxpayer has entered into an agreement under section 6159 to satisfy such liability by means of installment payments, unless such agreement provides otherwise.

(D) the Secretary has determined that such levy is creating an economic hardship due to the financial conditions of the taxpayer, or

(E) the fair market value of the property exceeds such liability and release of the levy on a part of such property could be made without hindering the collection of such liability.

For the purposes of subparagraph (C), the Secretary is not required to release such levy if such release would jeopardize the secured creditor status of the Secretary.

(2) Expedited determination on certain business property.-In the case of any tangible personal property essential in carrying on the trade or business of the taxpayer, the Secretary shall provide for an expedited determination under paragraph (1) if levy on such tangible personal property would prevent the taxpayer from carrying on such trade or business.

(3) Subsequent Levy.-The release of levy on any property under paragraph (1) shall not prevent any subsequent levy on such property.

| EXHIBIT | PAGE | of |
|---------|------|-----|
| A | 2 | 3 |

Cat. No. 36960H

Form 668-B (ICS) (Rev. 5-2003)

Department of the Treasury
Internal Revenue Service
Form 2433 (Rev. Sept. 2001)

# Notice of Seizure

Name and Address: James & Clare Reading
2425 E Fox St
Mesa, AZ 85213

Under the authority in section 6331 of the Internal Revenue Code, and by virtue of a levy from the Area Director of Internal Revenue of the area shown below, I have seized the property below for nonpayment of past due internal revenue taxes.

| Due from CLARE READING | Amount | Internal Revenue Area and Territory |
|---|---|---|
| Nominee and/or Alt. Ego of Ladder Corp LLC Superior Claims Mgt Darrell Hill Ex PO Box 40415 ; Mesa, AZ 85274-0415 | $ | |

**Description of property**

2005 Nissan Titan Pickup with Camper Top
VIN# 1N6AA06B75N511819
Color: White
AZ License Plate CD91432
odometer 319408
Camper Shell

| EXHIBIT | PAGE | of |
|---|---|---|
| A | 3 | 3 |

| Signature of Revenue Officer making seizure | Address 300 W Congress St MS 5126 Tucson, AZ 85701 | Date 09/22/06 |
|---|---|---|
| Signature of accompanying employee Paul Chase | Address 40 W Baseline Rd Ste 211 Tempe, AZ 85283 | Date 09/22/06 |

Part 1— Taxpayer Copy     Cat. No. 21680C     www.irs.gov     Form 2433 (Rev. 9-2001)

| HIBIT | PAGE | of |
|---|---|---|
| **B** | **1** | **5** |

# AFFIDAVIT OF EVENTS

Being of sound mind and over the age of eighteen, and competent to state with first hand knowledge the veracity of the facts, James Leslie Reading, Affiant, and Clare Louise Reading, Affiant, testify to events that occurred on September 22, 2006.

At approximately 3:30 PM MST on September 22, 2006, IRS agent "Ann Taylor" accompanied by IRS agent "Paul Chase" came on to our property with a tow truck driven by 2 men from Valley Towing (602 264-0486) AZ license plate: AZ CE08456 and stole the 2005 white Nissan Titan Pickup truck with camper shell that was parked in our carport.  VIN: 1N6AA06B75N511819.  License Plate: AZ CD91432.

There were no officers from the Maricopa County Sheriff's Department or from the City of Mesa Police Department present and there was no court order presented to us.

When we heard the huge tow truck in our carport we opened the door and stepped outside into the carport.

IRS agents Ann Taylor and Paul Chase announced that they were taking our truck unless we could write them a check at that time.

We were allowed to retrieve items from the interior of the truck and from the truck bed. Our neighbor to the north at 2424 East Fox Street, Raymond Lee, assisted.

Our neighbor said that 'it appeared to him that one of the agents had a firearm in a holster at his hip.'

We asked Ann Taylor and Paul Chase if they were taking the truck under the authority of section 6331 and they said that they were.

We reminded them that section 6331 regards: public employees, officers of (US) corporations and elected officials and that no one has shown us that we are public employees.

They stated that they were not going to argue the law and that the courts have ruled that they have authority.

When one of the men from the tow truck company was told by Clare Louise Reading, Affiant, "You know you are participating in theft, don't you?" he responded by saying that 'the courts have ruled that as long as we did not comply this type of thing would continue.'

Clare Louise Reading, affiant, asked the agent accompanying Ann Taylor what his name was and he showed his identification badge and handed over his business card.  Like Ann Taylor, he is a "Revenue Officer" (not CID, Treasury, ATF, etc.).

Notary Acknowledgment on Page 4

Papers presented to us by Ann Taylor are as follows:

1). Notice of Seizure signed by "Ann Taylor" and "Paul Chase".    (1 page).

The Notice of Seizure (IRS Form 2433) cites authority of section 6331 of the Internal Revenue Code.

Due from:  CLARE READING
                Nominee and/or Alter Ego of Sudder Group LLC
                Superior Claims Mgt Darrell Hill EX
                PO Box 40475; Mesa AZ  85274-0475

The Notice of Seizure listed the Description of Property as:
2005 Nissan Titan Pickup with Camper Top
VIN# 1N6AA06B75N511819
Color: white
AZ License Plate CD91432
Odometer 19408
Camper Shell

The Notice of Seizure was signed by Ann Taylor  on 9/22/06
                300 W Congress St MS 5126
                Tucson, AZ  85701

and Paul Chase on 9/22/06
                40 W. Baseline Rd – Ste 211
                Tempe, AZ  85283

2). A Levy was also presented – form 668-B (ICS)    (2 pages).
Due from:  Sudder Group, LLC, as nominee and/or alter ego of
            Clare Reading
            Superior Claims Mgt Darrell Hill EX
            PO Box 40475
            Mesa, AZ  85274-0475
                Taxpayer Identification number:    Redacted

The Originating Internal Revenue Territory Office:
        TERRITORY 10 – SLAT LAKE CITY

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/1993 | $33,830.75 | $32,971.84 | $66,802.59 |
| 1040 | 12/31/1994 | $69,787.21 | $ 1,418.67 | $71,205.88 |
| 1040 | 12/31/1995 | $34,658.14 | $  940.53 | $35,598.67 |

Notary Acknowledgment on Page 4

EXHIBIT

PAGE

| B | 3 | 5 | of |

The Levy was dated September 22, 2006 and signed by "Ann Taylor".
The "Concurrence" Group Manager, Cindy Mason, signed the Levy on May 3, 2006.
The "Concurrence" Territory Manager, Bob Carey, signed the Levy on May 4, 2006.
The form alleges that the printed name and signature of the Area director were not required.

The Levy states: CLARE READING was asked to be present during inventory.

3). Application for Taxpayer Assistance Order (ATAO) Form 911 (3 pages).

4). Collection Appeal Rights (4 pages).

There was no court order included.

There was no Form 9423 included.

When Clare Louise Reading, Affiant, asked Ann Taylor where the truck was being taken, she pointed to a paper that had been taped to the inside of the truck window with the telephone number: 602 207-8830. Ann Taylor said it would be taken to Phoenix.

When we called 602 207-8830 we received a recorded message from: Fidel Atensio (?) Property Appraiser and Liquidation Specialist for the Internal Revenue Service that he was away from the office.

We followed Ann Taylor to her car which was parked on the next block. Silver BMW AZ License Plate: AZ 134SXZ.

One of the men with the tow truck (possibly also an IRS agent) drove away in a metallic/tan pick-up truck and the license plate was too far away to see.

Agent Paul Chase backed his car all the way down the street after he saw us writing the license plate number from Ann Taylor's car.

At approximately 4:19 PM we telephoned the Maricopa County Sheriff Department and were told by 'Cathy' that there was no record of any IRS agents requesting assistance or permission to enter our property and take the truck. The Sheriff's office referred us to the City of Mesa Police since our area was in their jurisdiction.

At approximately 4:21 PM we telephoned the City of Mesa Police Department and were referred to Dispatch. We were told by a woman with badge # 11908 that there was no record of the IRS requesting assistance of a "civil stand-by" or for permission to enter our property at the Police Department.

I certify that the foregoing Affidavit of Events of September 22, 2006 at approximately 3:30 PM MST as described herein are true and complete to the best of our first hand knowledge as witnesses.

Notary Acknowledgment on Page 4

EXHIBIT | PAGE | of
**B** | **4** | **5**

_James Leslie Reading_
James Leslie Reading

9-23-2006 A.D.
Date

_Clare Louise Reading_
Clare Louise Reading

9-23-2006 A.D.
Date

Arizona State, a Republic )
                          ) ss.
Maricopa County           )

I certify that <u>James Leslie Reading</u> and <u>Clare Louise Reading</u>, personally known to me, appeared before me and provided appropriate valid identification to me and that their signatures were affixed to the Affidavit herein in my presence this 23rd day of September_____, A.D. 2006.

Witness my hand and official seal:

_Lindsay Conner_
Signature of Notary Public

OFFICIAL SEAL
LINDSAY CONNER
NOTARY PUBLIC-ARIZONA
MARICOPA COUNTY
My Commission Expires February 14, 2010

*Seal*

My Commission Expires: Feb. 14, 2010

Notary Acknowledgment on Page 4

EXHIBIT PAGE of

B 5 5

9/22/06  3:30 - 3:45 PM

11 pages total

Clare & Jaimie Reading  480 964-0199


Valley Towing
602 264-0486
Sticker re: safety  078JP
Tow truck lic. # AZ CE08456


Ann Taylor
BMW AZ 134SXZ


Sticker taped to our truck window: call: 602 207-8830
= IRS / Property Appraisal specialist
Badge# 86-16459


Ann Taylor said to Jaimie the sale would be held in 10 days.
(OCT 2?)

Form **668(Y)**
(Rev. 10-1999)

Department of the Treasury — Internal Revenue Service

## Notice of Federal Tax Lien

| Small Business/Self Employed Area: 6 | Serial Number | For Optional Use by Recording Office |
|---|---|---|

As provided by sections 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) Have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

| EXHIBIT | PAGE | of |
|---|---|---|
| C | 1 | 1 |

**Name of Taxpayer**
Sudder Group LLC, as Nominee and/or
Alter Ego of Clare Reading

**Residence**
Superior Claims Mgt Darrell Hill EX
PO Box 40475
Mesa, AZ 95274-0475

IMPORTANT RELEASE INFORMATION: For each assessment listed below, unless notice of lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ended (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1993 | Redacted | 05/20/1996 | 06/19/2006 | $33,830.75 |
| 1040 | 12/31/1994 | Redacted | 04/23/2001 | 05/23/2011 | $69,787.21 |
| 1040 | 12/31/1995 | Redacted | 04/23/2001 | 05/23/2011 | $34,658.14 |

This lien attaches to the bank account in the name of Sudder Group LLC at Bank of America, Account No. Redacted

| Place of Filing | | |
|---|---|---|
| COUNTY RECORDER MARICOPA COUNTY PHOENIX, AZ 85003 | Total | $138,276.10 |

This notice was prepared and signed at Denver, CO, on this, the 9th day of May , 2006 .

| Signature *Ann Taylor* Ann Taylor, Employee # - 86-17536 | Title Revenue Officer, Phone # - 520-205-5019 |
|---|---|

EXHIBIT 3 PAGE 1 of 2

D 13

PAGE NO-0001

DATE REQUESTED 11-04-2005

FORM NUMBER: 1040A

IRS EMPLOYEE 7941514243

PRINT DATE 11-04-2005

TAX PERIOD: DEC 1993

TAXPAYER IDENTIFICATION NUMBER:       Redacted
** SPOUSE TAXPAYER IDENTIFICATION NUMBER:    Redacted

CLARE L READING

BODC-WI BODCLC-

<<<<POWER OF ATTORNEY/TAX INFORMATION AUTHORIZATION (POA/TIA) ON FILE>>>>

--- ANY MINUS BELOW SIGNIFIES A CREDIT AMOUNT ---

ACCOUNT BALANCE:              33,830.75
ACCRUED INTEREST:             32,362.77    AS OF 11-07-2005
ACCRUED PENALTY:               5,478.74    AS OF 11-07-2005

ACCOUNT BALANCE
   PLUS ACCRUALS:             71,672.26

** EXEMPTIONS:
** ADJUSTED GROSS INCOME:      86,228.00    **FILING STATUS: MARRIED FILING SEPARATE
** TAXABLE INCOME:             80,966.00
   TAX PER RETURN:                  0.00

** PER RETURN OR AS ADJUSTED

03-02-1995 RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)
04-17-1995 PROCESSING DATE

TRANSACTIONS

| CODE | EXPLANATION | DATE | MONEY AMOUNT (IF APPLICABLE) |
|------|-------------|------|------------------------------|
| 150 | NO RETURN FILED SUBSTITUTE FOR RETURN 07210-077-25005-5 | 04-17-1995 | 0.00 |
| 170 | ESTIMATED TAX PENALTY 199619 | 05-20-1996 | 917.00 |
| 160 | LATE FILING PENALTY 199619 | 05-20-1996 | 5,479.00 |
| 300 | ADDITIONAL TAX ASSESSED BY EXAMINATION 07247-523-20056-6   199619 | 05-20-1996 | 21,915.00 |
| 336 | INTEREST ASSESSED 199619 | 05-20-1996 | 5,507.75 |
| 290 | ADDITIONAL TAX ASSESSED 29254-484-00228-7   199716 | 04-28-1997 | 0.00 |
| 582 | FEDERAL TAX LIEN | 10-06-1997 | |
| 360 | FEES AND COLLECTION COSTS | 10-27-1997 | 12.00 |
| 960 | RECEIVED POA/TIA | 06-29-1998 | |
| 582 | FEDERAL TAX LIEN | 07-24-1998 | |
| 962 | UPDATED POA/TIA | 01-13-2003 | |

000002

EXHIBIT | PAGE | of

D 2 3

PAGE NO-0001

DATE REQUESTED 11-04-2005

FORM NUMBER: 1040A

IRS EMPLOYEE 7941514243

PRINT DATE 11-04-2005

TAX PERIOD: DEC  1994

TAXPAYER IDENTIFICATION NUMBER:   Redacted
** SPOUSE TAXPAYER IDENTIFICATION NUMBER:   Redacted

CLARE READING

BODC-WI BODCLC-

<<<<POWER OF ATTORNEY/TAX INFORMATION AUTHORIZATION (POA/TIA) ON FILE>>>>

--- ANY MINUS BELOW SIGNIFIES A CREDIT AMOUNT ---

```
ACCOUNT BALANCE:          69,771.21
ACCRUED INTEREST:            799.68   AS OF 11-07-2005
ACCRUED PENALTY:               0.00   AS OF 11-07-2005

ACCOUNT BALANCE
    PLUS ACCRUALS:         70,570.89
```

** EXEMPTIONS: 01
** ADJUSTED GROSS INCOME:     90,302.00       **FILING STATUS: MARRIED FILING SEPARATE
** TAXABLE INCOME:            84,971.00
   TAX PER RETURN:               0.00

** PER RETURN OR AS ADJUSTED

03-11-1998 RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)
05-04-1998 PROCESSING DATE

TRANSACTIONS

| CODE | EXPLANATION | DATE | MONEY AMOUNT (IF APPLICABLE) |
|---|---|---|---|
| 150 | NO RETURN FILED SUBSTITUTE FOR RETURN 29210-094-25428-8 | 05-04-1998 | 0.00 |
| 960 | RECEIVED POA/TIA | 06-29-1998 | |
| 270 | FAILURE TO PAY TAX PENALTY 200115 | 04-23-2001 | 5,810.75 |
| 170 | ESTIMATED TAX PENALTY 200115 | 04-23-2001 | 1,206.09 |
| 160 | LATE FILING PENALTY 200115 | 04-23-2001 | 5,229.67 |
| 300 | ADDITIONAL TAX ASSESSED BY EXAMINATION 29247-492-00036-1  200115 | 04-23-2001 | 23,243.00 |
| 336 | INTEREST ASSESSED 200115 | 04-23-2001 | 19,342.15 |
| 962 | UPDATED POA/TIA | 01-13-2003 | |
| 290 | ADDITIONAL TAX ASSESSED 89254-630-05064-5  200534 | 09-05-2005 | 0.00 |
| 196 | INTEREST ASSESSED 200534 | 09-05-2005 | 14,939.55 |

PAGE NO-0001

DATE REQUESTED 11-04-2005

FORM NUMBER: 1040A

EXHIBIT  PAGE  of

**D  3  3**

IRS EMPLOYEE 7941514243

PRINT DATE 11-04-2005

TAX PERIOD: DEC  1995

TAXPAYER IDENTIFICATION NUMBER:   Redacted
** SPOUSE TAXPAYER IDENTIFICATION NUMBER:   Redacted

CLARE READING

BODC-WI BODCLC-

<<<<POWER OF ATTORNEY/TAX INFORMATION AUTHORIZATION (POA/TIA) ON FILE>>>>

--- ANY MINUS BELOW SIGNIFIES A CREDIT AMOUNT ---

| | | |
|---|---|---|
| ACCOUNT BALANCE: | 34,658.14 | |
| ACCRUED INTEREST: | 397.23 | AS OF 11-07-2005 |
| ACCRUED PENALTY: | 0.00 | AS OF 11-07-2005 |
| ACCOUNT BALANCE PLUS ACCRUALS: | 35,055.37 | |

** EXEMPTIONS: 01
** ADJUSTED GROSS INCOME:      58,824.00    **FILING STATUS: MARRIED FILING SEPARATE
** TAXABLE INCOME:          53,049.00
   TAX PER RETURN:             0.00

** PER RETURN OR AS ADJUSTED

03-11-1998 RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER)
05-11-1998 PROCESSING DATE

TRANSACTIONS

| CODE | EXPLANATION | DATE | MONEY AMOUNT (IF APPLICABLE) |
|---|---|---|---|
| 150 | NO RETURN FILED SUBSTITUTE FOR RETURN 29210-094-25429-8 | 05-11-1998 | 0.00 |
| 960 | RECEIVED POA/TIA | 06-29-1998 | |
| 270 | FAILURE TO PAY TAX PENALTY 200115 | 04-23-2001 | 3,122.25 |
| 170 | ESTIMATED TAX PENALTY 200115 | 04-23-2001 | 677.18 |
| 160 | LATE FILING PENALTY 200115 | 04-23-2001 | 2,810.02 |
| 300 | ADDITIONAL TAX ASSESSED BY EXAMINATION 29247-492-00037-1   200115 | 04-23-2001 | 12,489.00 |
| 336 | INTEREST ASSESSED 200115 | 04-23-2001 | 8,138.62 |
| 962 | UPDATED POA/TIA | 01-13-2003 | |
| 290 | ADDITIONAL TAX ASSESSED 89254-630-05065-5   200534 | 09-05-2005 | 0.00 |
| 196 | INTEREST ASSESSED 200534 | 09-05-2005 | 7,421.07 |

000004

# Internal Revenue Service
## United States Department of the Treasury

| EXHIBIT | PAGE | of |
|---------|------|-----|
| E | 1 | 2 |

## Levy

A levy is a legal seizure of your property to satisfy a tax debt. Levies are different from liens. A lien is a claim used as security for the tax debt, while a levy actually takes the property to satisfy the tax debt.

If you do not pay your taxes (or make arrangements to settle your debt), the IRS may seize and sell any type of real or personal property that you own or have an interest in. For instance,

- We could seize and sell property that you hold (such as your car, boat, or house), or
- We could levy property that is yours but is held by someone else (such as your wages, retirement accounts, dividends, bank accounts, licenses, rental income, accounts receivables, the cash loan value of your life insurance, or commissions).

We usually levy only after these three requirements are met:



- We assessed the tax and sent you a *Notice and Demand for Payment;*
- You neglected or refused to pay the tax; and
- We sent you a *Final Notice of Intent to Levy and Notice of Your Right to A Hearing* (levy notice) at least 30 days before the levy. We may give you this notice in person, leave it at your home or your usual place of business, or send it to your last known address by certified or registered mail, return receipt requested. Please note: if we levy your state tax refund, you may receive a Notice of Levy on Your State Tax Refund, Notice of Your Right to Hearing after the levy.

You may ask an IRS manager to review your case, or you may request a Collection Due Process hearing with the Office of Appeals by filing a request for a Collection Due Process hearing with the IRS office listed on your notice. You must file your request within 30 days of the date on your notice. Some of the issues you may discuss include:

- You paid all you owed before we sent the levy notice,
- We assessed the tax and sent the levy notice when you were in bankruptcy, and subject to the automatic stay during bankruptcy,
- We made a procedural error in an assessment,
- The time to collect the tax (called the statute of limitations) expired before we sent the levy notice,
- You did not have an opportunity to dispute the assessed liability,
- You wish to discuss the collection options, or
- You wish to make a spousal defense.

At the conclusion of your hearing, the Office of Appeals will issue a determination. You will have 30 days after the determination date to bring a suit to contest the determination. Refer to <u>Publication 1660</u> (PDF), *Collection Appeal Rights*, for more information. If your property is levied or seized, contact the employee who took the action. You also may ask the manager to review your case. If the matter is still unresolved, the manager can explain your rights to appeal to the Office of Appeals.

Levying your wages, <u>federal payments, state refunds</u>, or your bank account.

If we levy your wages, salary, or federal payments, the levy will end when:

- The levy is released,
- You pay your tax debt, or
- The time expires for legally collecting the tax.

If we levy your bank account, your bank must hold funds you have on deposit, up to the amount you owe, for 21 days. This holding period allows time to resolve any issues about account ownership. After 21 days, the bank must send the money plus interest, if it applies, to the IRS. To discuss your case, call the IRS employee whose name is shown on the Notice of Levy.

**Filing a claim for reimbursement when we made a mistake in levying your bank account**

If you paid bank charges because of a mistake we made when we levied your account, you may be entitled to a reimbursement. To be reimbursed, you must file a claim with us within 1 year after your bank charged you the fee. Use Form 8546 (PDF), *Claim for Reimbursement of Bank Charges Incurred Due to Erroneous Service Levy or Misplaced Payment Check.*

| EXHIBIT | PAGE | of |
|---------|------|-----|
| E | 2 | 2 |

**Exhibit C**
Collection Appeal decision dated 10/16/2006 stating: "The seizure action is sustained in full"
(4 pages)

Internal Revenue Service
Appeals Office
210 East Earll Drive
MS 8000 PX
Phoenix, AZ 85012

Department of the Treasury

**Person to Contact:**
Paul Baker
Employee ID Number: 86-16917
Tel:  (602) 207-8175
Fax:  (602) 207-8116

Date:  OCT 1 6 2006

**Refer Reply to:**
AP:FW:PHX:PCB

**In Re:**
Collection Appeals Program - Seizure

CLARE READING
GENERAL MANAGER OF SUDDER
GROUP,LLC
2425 EAST FOX STREET
MESA AZ  85213

**Tax Period(s) Ended:**
12/31/1993  12/31/1994  12/31/1995

Dear Ms. Reading:

This letter is regarding your appeal of the Service's collection decision. You are appealing the seizure of a 2005 Nissan Titan Pickup.

The issues you address in your appeal, and our responses to them, are stated below:

- §6501 – Violated the three year statute of limitations on assessment.  This did not occur in the taxpayer's case, since the three year rule only applies to filed returns.  Returns for the periods involved in this appeal were never filed.  The assessments were made by the Service and are known as Substitute for Returns.

- §6502 – Violated the ten year statute of limitations for collection.  The taxpayer appears to be referring to the 1993 assessment that appeared on the Form 668-B, Levy.  This document was signed by both the Group and Territory Managers on May 3, 2006, and May 4, 2006, respectively.  At that time, the ten year statute of limitations for collection of the 1993 liability did not expire until May 20, 2006.  Since the seizure of the vehicle did not occur until September 22, 2006, the Service recognizes that no proceeds from the seizure will be applied to 1993, since its collection statute had expired May 20, 2006.

- §6331(a) and §6303 – Never served a notice and demand for tax. Several demand notices have been issued since these assessments were made.  The final one was sent via certified mail on March 2, 2006.  It was returned to the Revenue Officer by the Postal Service as "Unclaimed."

- §6212 and §6213 – Failed to issue a Notice of Deficiency.  The Service's records indicate that Notices of Deficiency were issued for each Substitute for Return, but that no response was received from he taxpayer.

- §7214(a)(2) – Knowingly demanding sums greater than allowed by statute.  As is noted above, since the collection statute for 1993 expired May 20, 2006, resulting in a current liability of zero, no proceeds from the vehicle seizure will be applied to this period.  With regards to the 1994 and 1995 liabilities, interest and penalty additions made to tax assessments are determined by statute.

§6335 giving rise to §7214(a)(7) — Violation for failure to obtain the approval of the Area Director prior to commencing this action. Since the vehicle seized is classified as personal property, the approval of the Area Director is not a requirement.

- §7214(a)(1) – Proceeding in willful oppression under color of law seizing property under statutory authority that is without jurisdiction over Claimant's property. §6331 authorizes seizure authority. The Service complied with all requirements to affect the seizure of the vehicle, including Area Counsel's approval in issuance of the Nominee Lien and Levy.

Our decision is that the Compliance function was justified in instituting the seizure proceeding. The Service is given authority to collect taxes through levy when the taxpayer has not resolved the tax liability. The seizure action is sustained in full.

Therefore, we are returning your appeal case file to the Compliance Function. Any questions you might have
should be addressed to Revenue Officer Ann Taylor. Her telephone number is (520)205-5019.

Sincerely,

For Mary N. Brown
Appeals Team Manager

CC: Ann Taylor, Revenue Officer

**Internal Revenue Serv**
Area Director

Departm of the Treasury

Date: _10/20/2006_

Social Security or
  Employer Identification Number:
  Redacted
In Reply Refer to:
  06-06-10-061
Person to Contact:
  S. Massel
Contact Telephone Number:
  213-220-5987
Employee Identification Number:
  95-09435

▷  Clare Reading
   2425 E. Fox Street
   Mesa, AZ  85213

The minimum bid worksheet on the back shows how we figured the minimum bid price for the seized property. The minimum bid price is established to protect your interest in the property. It reflects the lowest amount we will accept for that property at our sale. However, the minimum bid cannot be more than your tax liability plus the expenses of the seizure and sale.

If you do not agree with the values used to determine the minimum bid amount, you may request a valuation engineer from the IRS, if one is available, or a professional appraiser, acceptable to both you and the IRS, to re-evaluate the figures used. If the values recommended by the valuation engineer or the professional appraiser are unacceptable, a second appraisal can be requested. We will then use both appraisals to re-figure the value of the property. The appraisal costs are to be paid by you or may be made part of the expenses of levy and sale and added to your tax liability.

If we do not hear from you within 10 days from the date shown above, we will assume you agree with the established minimum bid price. If you have any questions, please contact the person whose name and telephone number are shown above.

Sincerely yours,

Property Appraisal and Liquidation Specialist

| Form **4585** (Rev. June 2002) | Department of the Treasury — Internal Revenue Service<br>## Minimum Bid Worksheet | ☒ Initial<br>☐ Revised |
|---|---|---|

| 1. Taxpayer name *(from Balance Due)*<br>Clare Reading | 2. Seizure number<br>06-06-10-061 |
|---|---|

| 3. **Liability** *(including unassessed accrued amounts)* | $ 2,336,833.95 | ▓▓▓▓▓▓▓▓ |
|---|---|---|
| 4. Estimated expenses of sale *(from Form 2433)* | $ 800.00 | **Amount** |
| 5. Property value *(from Form 2433)* | | $ 19,975.00 |
| 6. Property value reduction *(not to exceed 25%)* | 25 % | $ 4,993.75 |
| 7. Forced sale value *(Line 5 minus Line 6)* | | $ 14,981.25 |
| 8. Percentage of forced sale value *(normally 20%)* | 20 % | $ 2,996.25 |
| 9. Reduced forced sale value *(Line 7 minus Line 8)* | | $ 11,985.00 |

10. **Prior Claims**
*(from Form 2434-B; get Counsel opinion when necessary)*

| Name and Address of Claimant | Type of Claim | Date Recorded | Balance Due / Date Verified |
|---|---|---|---|
| | | | $ |
| | | | |
| | | | |
| | | | |

| 11. Total of prior claims ▶ | 0.00 |
|---|---|
| 12. **MINIMUM BID PRICE** *(Line 9 minus Line 11)* | $ 11,985.00 |

13. Explain how the fair market value was determined.

FMV determined by current market value of vehicle researched on Kelly Blue Book, autotrader.com and trucktrader.com.

14. Remarks *(Explain the basis for the percentage reductions used. For revised minimum bids, explain the reason for the revision.)*

Full reductions of 25% and 20% used because IRS sales are conducted on cash basis; and the IRS cannot guarantee condition or fitness for use.

| 15. Signature of Service employee<br>Steven Massel *(signed)*<br><small>Digitally signed by Steven Massel<br>DN: cn=Steven Massel, o=US, ou=SBSE, ou=PALS Area 4, email=Steven.R.Massel@irs.gov<br>Reason: I am the author of this document<br>Date: 2006.08.23 11:28:37 -07'00'</small> | Date<br>10/13/2006 |
|---|---|
| 16. Approval signature *(signed)* | Title<br>PALS 4 Acting Group Manager | Date<br>10/20/06 |

| Part 3— Taxpayer Copy | **(Remove carbon before completing letter on back of Part 3)** | |
|---|---|---|
| | Catalog No. 23185U | www.irs.gov | Form **4585** (Rev. 6-2002) |

**Exhibit D**
Notice of Public Auction Sale, set for Thursday 11/09/2006 at the IRS office, issued by
STEVEN MASSELL, Property Appraisal & Liquidation Specialist on 10/13/2006
(1 page)



**Department of the Treasury - Internal Revenue Service**

Notice of

# Public Auction Sale

Under the authority in Internal Revenue Code section 6331, the property described below has been seized for nonpayment of internal revenue taxes due from: Clare Reading.
The property will be sold at public auction as provided by Internal Revenue Code section 6335 and related regulations.

**Date of Sale:** Thursday; 11/09/2006

**Time of Sale:** 2:00 pm.    **Bidder Registration:** 1:00 pm.

**Place of Sale:** Internal Revenue Service; 210 E. Earll Drive; Phoenix, AZ.

**Title Offered:** Only the right, title, and interest of the Taxpayer in and to the property will be offered for sale. If requested, the Internal Revenue Service will furnish information about possible encumbrances, which may be useful in determining the value of the interest being sold.

**Description of Property:** 2005 White Nissan Titan pickup truck; SE King Cab Short Bed; V8 5.6 Liter engine; Automatic transmission with optional 4x4 off road package and pickup shell/Cap; VIN 1N6AA06B75N511819.

**Property may be viewed:** Sale location; one hour prior to sale at 210 E. Earll Drive; Phoenix, AZ.

**Payment Terms:** [X] Full payment of the successful winning bid amount within one hour after the auction concludes.

**Form of Payment:** All payments must be by cash, certified check, cashier's or treasurer's check or by a United States postal, bank, express, or telegraph money order. Make check or money order payable to the United States Treasury. Sorry, no credit cards, business checks, personal checks, or letters of credit accepted.

| Signature<br><br>S. Massel | Name and Title (Typed)<br>Steven Massel<br>Property Appraisal & Liquidation Specialist | Date<br><br>10/13/2006 |
|---|---|---|
| Address for information About the Sale<br>300 N Los Angeles St;  MS:5850; Los Angeles, CA  90012<br>Steven.R.Massel@irs.gov | | Phone<br>213-220-5987<br>(mobile number) |

**Exhibit E**
Notice of Lis Pendens executed and recorded on or about 11/07/2006 to stop the sale
of Plaintiffs' 2005 Nissan Titan
(4 pages)



**PINAL COUNTY RECORDER**
**LAURA DEAN-LYTLE**
**31 N PINAL ST - BLDG E**
**PO BOX 848**
**FLORENCE AZ  85232**
**520-866-6830   FAX: 520-866-6831**

**STATE OF ARIZONA)**
                )SS
**COUNTY OF PINAL )**

I hereby certify that this is a true copy of the official records on file
in the office of the Recorder of Pinal County located in

DKT/PG or Fee No: _____ 2006-155245 _____

Pages: _____ 1 _____   thru _____ 3 _____   of _____ 3 _____

Date: _____

Witness my hand and official seal:

**Laura Dean-Lytle,**
**Recorder of Pinal County**

BY: _____
                    Deputy Recorder

DO NOT REMOVE FROM DOCUMENT; THIS IS NOW PART OF THE DOCUMENT.

I:\WINWORD\RECORDER\RECP&P\Certified copy stampFORMRE10.doc

Prepared by:
Clare L. Reading

Recording Requested by:

Clare L. and James L. Reading

When Recorded Mail to:

Clare L. and James L. Reading
c/o 2425 E. Fox Street
Mesa, Arizona [852133]



**OFFICIAL RECORDS OF
PINAL COUNTY RECORDER
LAURA DEAN-LYTLE**

DATE/TIME: 11/07/06 1543
FEE:              $13.00
PAGES:                 3
FEE NUMBER:   2006-155245

## NOTICE OF LIS PENDENS

**TO WHOM IT MAY CONCERN:**

**PLEASE TAKE NOTICE:**

      1.    The white 2005 Nissan Titan, SE, 4X4, ¾ ton pick-up truck with shell, License

No. CD19432, VIN: 1N6AA06B75N511819 is the subject of a lawsuit that was filed on

November 1, 2006, in the United States District Court, District of Columbia, Case No. 1:06-CV-

01873 "RMU," in re Clare L. Reading James L. Reading v. UNITED STATES *aka*, UNITED

STATES OF AMERICA, a Federal Corporation, ANN TAYLOR, PAUL CHASE, CINDY

MASON and BOB CAREY and assigned to the Honorable Judge Ricardo Urbina for

determination.

      2.    Said lawsuit was filed under 28 USC § 2410, for unlawful seizure of Personal

Property violating the Fourth Amendment, both the Just Compensation and Due Process

Clauses of the Fifth Amendment and for Quiet Title. Said suit raises multiple issues that effect

UNITED STATES OF AMERICA and all Defendant(s) therein.

      3.    The illegal sale of said white 2005 Nissan Titan, SE, 4X4, ¾ ton pick-up truck

with shell, License No. CD19432, VIN: 1N6AA06B75N511819 is scheduled on Thursday,

1

November 9, 2006, at a Public Auction at 2 p.m. at the Internal Revenue Service, 210 E Earll Drive, Phoenix, Arizona.

    4.    PLEASE TAKE NOTICE that anyone who purchases this white 2005 Nissan Titan, SE, 4X4, ¾ ton pick-up truck with shell, VIN: 1N6AA06B75N511819, License No. CD19432, will be enjoined in this suit as a party until the issues raised in said suit have been determined and litigated.

    5.    The first page of said complaint is attached and identified in the above styled causes of action and is in fact the *res* of the pleading attached so that there can be no mistake regarding what property is in question and whether that property is subject to the outcome of the attached pleadings.

    I/We declare under penalty of perjury under the laws of the United States of America and of the state of Arizona that the foregoing is true and correct and that this document was executed this 7ᵗʰ day of November 2006, at Mesa, Arizona.

_____
Clare L. Reading, Affiant

_____
James L. Reading, Affiant

State of Arizona    )
                    ) Subscribed and Sworn
County of Maricopa    )

    On this 7 day of *November*, 2006, **Clare L. Reading and James L. Reading** appeared, personally known to me, or proved to me on the basis of satisfactory evidence to be the one whose name is subscribed to within this instrument.

    Witness my hand and official seal

_____
Signature of Notary Public

My Commission Expires: June 17, 2007

OFFICIAL SEAL
MARTHA A. ACIERTO
NOTARY PUBLIC-ARIZONA
MARICOPA COUNTY
My Commission Expires June 17, 2007

2

**FILED**

NOV - 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CASE NUMBER  1:06CV01873

JUDGE: Ricardo M. Urbina

DECK TYPE: Pro se General Civil

DATE STAMP: 11/01/2006

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Clare L. Reading and James L. Reading,<br>2425 *E. 6th Street*<br>*Mesa, Arizona 85213* Plaintiffs, | Case No. |
| vs. | **VERIFIED COMPLAINT** |
| UNITED STATES aka, UNITED STATES<br>OF AMERICA, a Federal Corporation, ANN<br>TAYLOR, PAUL CHASE, CINDY MASON<br>and BOB CAREY | QUIET TITLE ACTION STEMMING FROM<br>VIOLATIONS OF THE FIRST, FOURTH,<br>FIFTH, SIXTH, NINTH, THIRTEENTH<br>FOURTEENTH AND SIXTEENTH<br>AMENDMENTS TO THE CONSTITUTION |
| Defendants. | |

COMES NOW Clare L. Reading and James L. Reading Plaintiffs, proceeding on their own

behalf and with the assistance of Law, bringing this action alleging violations of federal rights due

State Citizens (sentient beings) by federal officer(s) acting under color of federal law. Liken to

President George W. Bush, the Defendants deprived Plaintiffs of rights, privileges and immunities

secured under the Constitution for the United States of America, including but not limited to

Amendments One, Four, Five, Six, Nine, Thirteen, Fourteen and Sixteen thereof. The following

issues give rise to the Plaintiffs' complaint as proper before this Court in seeking such relief as

commanded upon the exhaustion of the administrative remedies, and are not extraordinary.

Plaintiffs are seeking actual and compensatory damages for the injuries to person and personal

Labor Property caused by the Defendants for their reckless and willful acts.