IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| CLARE L. READING and<br>JAMES L. READING<br><br>      Plaintiffs,<br><br>      v.<br><br>UNITED STATES, et al.<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)   No: 1:06-cv-01873-RMU<br>)<br>)<br>)<br>) |

## DEFENDANTS' MOTION TO DISMISS COMPLAINT

DEFENDANTS move under Fed. R. Civ. P. 12(b), to dismiss plaintiffs' complaint. As grounds for this motion, defendants submit that plaintiffs failed to properly serve the defendants and this Court lacks jurisdiction over plaintiffs' claim for damages for the alleged illegal seizure of their pickup truck, and for declaratory and injunctive relief. And plaintiffs have failed to state a claim to quiet title of the truck. A memorandum of points and authorities in support of this motion and a proposed order are also submitted.

DATE: February 16, 2007.

Respectfully submitted,

 /s/ Pat S. Genis
PAT S. GENIS, #446244
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Tel./FAX: (202) 307-6390/614-6866
Email: pat.genis@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

2211614.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| CLARE L. READING and <br> JAMES L. READING <br> <br> Plaintiffs, <br> <br> v. <br> <br> UNITED STATES, et al. <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) No:  1:06-cv-01873-RMU <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

This is a civil action in which plaintiffs allege that the Internal Revenue Service illegally seized their pickup truck.  Plaintiffs seek relief under 28 U.S.C. § 2410 to quiet title to the truck,1/ damages, and injunctive and declaratory relief.

---

1/ In addition to seeking relief under 28 U.S.C. § 2410, plaintiffs assert jurisdiction under 28 U.S.C. §§ 1331 (federal question), 1332 (diversity of citizenship), 1340 (Internal Revenue), 1346 (United States defendants), 1367 (supplemental jurisdiction), 3002(15)(A) (United States federal corporation), 1651 & 1658 (All Writs Act); 5 U.S.C.  § 702 (Administrative Procedures Act); and Fed.R.Civ.P. 57, 65; and "the broad equitable powers of this Court."  None of these statutes provides this Court with jurisdiction.  *See, e.g., Holt v. Davidson*, 441 F.Supp.2d 92, 96-97 (D.D.C. 2006).

Plaintiffs also assert various constitutional claims.  Plaintiffs claim that the seizure of the pickup truck violated their rights under the First, Fourth, Fifth, Sixth, Ninth, Thirteenth, Fourteenth and Sixteenth Amendments of the United States Constitution.  Plaintiffs have no cause of action on constitutional grounds.  A government official may be sued in his/her individual capacity for violation of an individual's constitutional rights.  *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).  But such officials are entitled to immunity if their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Mitchell v. Forsyth*, 472 U.S. 511, 528 (1985) (officials are immune unless "the law clearly proscribed the actions.").  Here, plaintiffs allege that the individual defendants issued a levy and a notice of seizure and seized his pickup truck.  These acts were not

QUESTIONS PRESENTED

1. Plaintiffs attempted to serve initial process on the defendants by having Clare L. Reading send copies of the complaint and summons to the individual defendants and the United States by certified mail. Fed.R.Civ.P. 4(i) requires that United States officers or employees must be served by personal service and Fed.R.Civ.P. 4(c) requires that service be effected by a non-party. Should the Court dismiss plaintiffs' complaint for failure to properly serve the defendants?

2. Plaintiffs allege that the individually-named Internal Revenue Service employees took certain actions in their official capacity while assessing and collecting federal taxes. Claims against such employees in their official capacity is a suit against the United States. Should the Court dismiss the individual defendants and substitute the United States as the proper party defendant?

3. Plaintiffs seek damages for the alleged "illegal" seizure of their pickup truck, injunctive and declaratory relief, and the return of the truck. Plaintiffs have not alleged that they filed a claim for damages, or that they come within any exception to the Anti-Injunction Act or the Declaratory Judgment Act, and they have not admitted they owe

---

proscribed by law; they were authorized by the Internal Revenue Code. *See* 26 U.S.C. §§6335-6339. In addition, the plaintiffs cannot maintain a *Bivens*-type cause of action where, as here, the action pertains to the assessment and/or collection of federal taxes. *See, e.g., Judicial Watch, Inc. v. Rossotti*, 317F.3d 401, 408-413 (4th Cir. 2003) (declining to extend *Bivens* to tax audit). Therefore, plaintiffs' constitutional claims must fail.

taxes, thus barring them from maintaining a quiet title action. Should the Court dismiss plaintiffs' complaint on these grounds?

STATEMENT

1. Introduction & background. Plaintiffs, Clare L. Reading and James L. Reading, filed this complaint on November 1, 2006. On November 27, 2006, plaintiffs filed returns of service showing that "Clare L. Reading" served the United States Attorney for District of Columbia, the United States Attorney General, Ann Taylor, Paul Chase, Cindy Mason and Bob Carey by certified mail on November 7, 2006. (*See* PACER # 2.)

2. Relief sought in the complaint. Plaintiffs seek four kinds of relief: 1) damages of $63,000 for "illegal seizure" of their pickup truck (Compl. at 37, ¶ 3); 2) an injunction to prevent the defendants from selling the pickup truck and to compel defendants to release the federal tax lien (Compl. at 36, ¶¶ a, c); 3) declaratory relief (Compl. at 37, ¶¶ d, f-j); 2/ and 4) the return of a pickup truck that the Internal Revenue Service seized from them on September 22, 2006 (Compl. Compl. at 36, ¶ a).

---

2/ The specific declaratory relief plaintiffs seek is an order declaring that they "are not statutory citizens, persons, entities or like statutory creatures . . . who do not enjoy the protections of the Constitution;" that their labor is a property right protected by the Constitution; that defendants are bound by the Constitution; that the internal revenue laws are subject to Supreme Court precedent; that the defendants are bound by Acts of Congress; and that the plaintiffs are protected by the Fourteenth Amendment. (*See* Compl. p. 37, ¶¶ d, f, g, h, i, and j, respectively.) Plaintiff's request for declaratory relief is barred by the Declaratory Judgment Act. 28 U.S.C. § 2201.

2211614.1                                             3

ARGUMENT

I.

PLAINTIFF FAILED TO PROPERLY SERVE THE DEFENDANTS

A. <u>The individual defendants were not personally served</u>.  Rule 4(i), in relevant part, states that an officer or employee of the United States sued in an individual capacity must be served by delivering a copy of the summons and complaint to the individual personally or by leaving copies thereof at the individual's dwelling or usual place of abode.  Fed.R.Civ.P. 4(i)(2)(B), 4(e).  Here, each of the individual defendants was served by certified mail at their general work addresses, in care of the United States Attorney for the District of Columbia, and in care of the Attorney General.  (*See* PACER #2.)  There is no evidence that any defendant was personally served in his or her individual capacity.  Since this service does not comply with the federal rules, the individual defendants must be dismissed for plaintiffs' failure to properly serve them.

B. <u>Service to all the defendants was ineffective because it was attempted by a party</u>.  Under Fed. R. Civ. P. 4(c)(2), service of a summons and complaint "may be effected by any person *who is not a party*."  (Emphasis added.)  Conversely, a party to litigation may not serve the summons and complaint.  Service of initial process *by a party to the action* is insufficient service.  *See, e.g., Otto v. United* States, 2006 WL 2270399, *2 (D.D.C. 2006) (Rule 4(i) may govern *how* service may be effected in a suit against the United States, it does not change Rule 4(c)(2)'s requirements governing *who* may effect service") (citing *Bernard v. IRS*, 1991 WL 327960, at *3 (N.D. Fl. 1991); *Herman v. Comm'r*

*of Internal Revenue Service*, 1990 WL 10023593, at *1 (C.D. Cal. 1990); *Perkel v. United States*, 2001 WL 58964, *1 (N.D. Cal. 2001)).

Under rule 4(i), the United States must be served by: (1) delivering a copy of the summons and complaint to the United States attorney for the district in which the action is brought, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney; and (2) by sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and (3) by sending a copy of the summons and complaint by registered or certified mail to the officer, employee and/or agency of the United States being sued. Fed. R. Civ. P. 4(i); *Relf v. Gasch*, 511 F.2d 804 (D.C. Cir. 1975); *Hodge v. Rostker*, 501 F.Supp. 332, 332 (D.D.C. 1980).

Failure to properly serve the United States deprives the Court of personal jurisdiction, leaving the Court with no power to compel an answer or response. *Rabiolo v. Weinstein*, 357 F. 2d 167, 168 (7th Cir. 1966); *see also Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 715 n.6 (1982) (Powell, J. concurring). A jurisdictional defect of this sort is fatal to maintenance of an action. *Bland v. Britt*, 271 F.2d 193 (4th Cir. 1959). Accordingly, courts routinely dismiss actions when service is improper. *See Light v. Wolf*, 816 F. 2d 746, 750 (D.C. Cir. 1987). Once a defendant challenges the sufficiency of service of process, the party alleging adequate service of process has the burden of proving that such service was proper. *See Myers v. American*

*Dental Ass'n*, 695 F. 2d 716, 725 n.10 (3d Cir. 1982); *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F. 2d 1134, 1139 (5th Cir. 1980).

In this case, plaintiffs filed returns of service indicating that Clare L. Reading herself, served the summons on the Attorney General, the United States Attorney for the District of Columbia and the individual defendants. Clare L. Reading is, of course, a party to this action, and thus cannot properly serve the summons. Accordingly, plaintiffs have failed to properly serve the defendants, and their complaint must be dismissed.

## II.

### THE UNITED STATES IS THE PROPER PARTY

The United States is the proper party in this action because all the individual defendants were acting in their official capacity. A suit against Internal Revenue Service employees in their official capacity or relating to official tax assessment and collection duties, is essentially a suit against the United States, and the United States is the proper party defendant. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985); *Zinda v. Johnson*, 463 F.Supp.2d 45, 48 (D.D.C. 2006). In this case, plaintiffs allege that defendant Agent Paul Chase removed their truck from their home (Compl. ¶ 10); that defendant Appeals Officer Paul Baker denied their appeal of the seizure (Compl. ¶13); and that defendants Ann Taylor, Paul Chase, Cindy Mason and Bob Carey issued Form 668-B Levy and Form 2433 Notice of Seizure (Comp. ¶ 18). These were acts within the official capacities and duties of these defendants, all the acts related to official tax

2211614.1                                6

assessment and collection duties, and all of the relief sought is against the United States. Because the individual defendants were acting in their official capacities while assessing and collecting federal taxes, plaintiffs' complaint is really an action against the United States. Therefore, this Court should dismiss the individual defendants and substitute the United States as the proper party defendant.3/

### III.

### THIS COURT LACKS JURISDICTION OVER PLAINTIFFS' CLAIMS FOR DAMAGES, AND FOR INJUNCTIVE AND DECLARATORY RELIEF

A. <u>This Court lacks jurisdiction over plaintiffs' claims for damages</u>. Plaintiffs allege numerous violations of the Internal Revenue Code. To the extent plaintiffs' allegations relate to the collection of taxes, plaintiffs' exclusive remedy is a suit for damages under 28 U.S.C. § 7433. 26 U.S.C. § 7433(a); *Shwarz v. United States*, 234 F.3d 428, 432 (9th Cir. 2000); *Holt v. Davidson*, 441 F.Supp.2d 92, 97 (D.D.C. 2006); *and see, e.g.*, *Ross v. United States*, 460 F.Supp.2d 139, 148 (D.D.C. 2006); *Bennett v. United States*, 462 F.Supp.2d 35, 38 (D.D.C. 2006); *Kim v. United States*, 461 F.Supp.2d 34, 36 (D.D.C. 2006); *Koerner v. United States*, ___ F.Supp.2d ___, 2007 WL 159176, *1-*2 (D.D.C. Jan. 23, 2007). But, plaintiffs have not alleged that they meet the statutory requirements to

---

3/ Moreover, to the extent plaintiffs evoke section 2410 to quiet title to the pickup truck, section 2410 permits suits against the United States, not individual federal employees or agents. 28 U.S.C. § 2410. Accordingly, the individual defendants are not proper defendants in a quiet title action, and should be dismissed.

bring suit under that section.  Specifically, plaintiffs have not alleged that they exhausted their administrative remedies by filing a claim for damages before filing this action, as required by section 7433.  *See, e.g.*, *Holt*, 441 F.Supp.2d at 96.

    B.  <u>This Court lacks jurisdiction over plaintiffs' request for injunctive relief</u>.  Plaintiffs seek to enjoin the Internal Revenue Service from selling the seized pickup truck and to release the federal tax lien on real property belonging to them.  (Compl. at 36, ¶¶ a, b, c.)  The Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person."  26 U.S.C. § 7421(a); *see Foodservice & Lodging Institute, Inc. v. Reagan*, 809 F.2d 842, 844-845 (D.C. Cir. 1987); *American Federation of Gov't Employees, AFL-CIO v. United States*, 660 F.Supp. 12, 13, (D.D.C. 1987); *Thrasher v. United States*, 2006 WL 3832860, *3 (D.D.C. 2006).   The relief plaintiffs seek relate to the collection of taxes, relief which is explicitly proscribed by statute.  Plaintiffs have not asserted that they come within any of the statutory or judicial exceptions to the Anti-Injunction Act.  Therefore, this Court lacks jurisdiction to grant plaintiffs' request for injunctive relief.

    C.  <u>This Court lacks jurisdiction over plaintiffs' request for declaratory relief</u>.  Plaintiffs seek an order declaring that they are protected by the constitution (Compl. at 37, ¶¶ d, f, j) and that the Internal Revenue Service is bound by the Constitution, Congress and Supreme Court precedent.  (Compl. at 37, ¶¶ g, h, i.)  The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction,

*except with respect to Federal taxes* . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201; *Foodservice & Lodging Institute*, 809 F.2d at 843; *Lindsey v. United States*, 448 F.Supp.2d 37, 57-58 (D.D.C. 2006); *Thrasher* at *2. Plaintiffs' allegations relate to the assessment and collection of federal taxes; and thus, this Court is expressly barred from granting plaintiffs' request for declaratory relief.

IV.

PLAINTIFFS CANNOT CHALLENGE THE LEVY OF THEIR PROPERTY

Plaintiffs seek the return of their pickup truck under 28 U.S.C. § 2410. Section 2410 waives the United States' sovereign immunity to allow suits against the United States "to quiet title to . . . real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410(a). But, a suit under section 2410 cannot be maintained where, as here, plaintiffs dispute their tax liability. To state a claim under 2410, a taxpayer must "refrain[] from contesting the merits of the underlying tax assessment itself." *Aqua Bar & Lounge, Inc. v. Dept. of Treasury*, 539 F.2d 935, 939-940 (3d Cir. 1976). "[A] taxpayer cannot use section 2410(a) to challenge the extent of, or existence of, substantive tax liability." *Robinson v. United States*, 920 F.2d 1157, 1159 (3rd Cir. 1991). A Court will not consider a claim under 2410 where the plaintiff "attacks [] the amount of the assessment" or asserts that "no tax is owed." *Id.* at 1161; *see also United States v. Landau*, 2000 WL 16926, at *2 (S.D. N.Y. 2000) (a suit contesting the validity of the underlying assessment is "not an action to quiet title").

In this case, plaintiffs allege that the Internal Revenue Service failed to issue them a notice of deficiency as required under 26 U.S.C. § 6212, and thus deprived them of an opportunity to petition the Tax Court.  (Compl. ¶ 25).  But they also insist that the assessments against them are improper (Compl. ¶¶ 36-48) and that they are not "liable for any tax imposed under Title 26." (Compl. ¶ 41.)  Because plaintiffs are not merely questioning the legality of the procedures used to enforce a tax lien, but are instead, challenging the validity of the tax assessments against them, they cannot maintain an action under section 2410.  *See Aqua*, 539 F.2d at 939.  Therefore, plaintiffs' complaint should be dismissed.

Even if plaintiffs are able to state a claim to quiet title, such action should be brought in Arizona where they live (Compl. at 1), where the seized property is located and where all the actions complained of in the complaint occurred.  This Court has the discretion to either dismiss the case for lack of venue, or "in the interests of justice," to transfer it "to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  Thus, as an alternative to dismissal, the Court should transfer plaintiffs' action to Arizona.

## CONCLUSION

Plaintiffs' complaint should be dismissed because they failed to properly serve defendants, the Court has no jurisdiction over their claims for damages and for

injunctive and declaratory relief, and they have failed to state a claim under 28 U.S.C. § 2410, and in any case, the proper venue for such a suit is in Arizona, where plaintiffs reside and the property is located.

DATE: February 16, 2007.　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　 /s/ Pat S. Genis
　　　　　　　　　　　　　　　　　　　PAT S. GENIS, #446244
　　　　　　　　　　　　　　　　　　　Trial Attorney, Tax Division
　　　　　　　　　　　　　　　　　　　U.S. Department of Justice
　　　　　　　　　　　　　　　　　　　Post Office Box 227
　　　　　　　　　　　　　　　　　　　Washington, DC  20044
　　　　　　　　　　　　　　　　　　　Tel./FAX:  (202) 307-6390/614-6866
　　　　　　　　　　　　　　　　　　　Email: pat.genis@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| CLARE L. READING and <br> JAMES L. READING <br> <br> Plaintiffs, <br> <br> v. <br> <br> UNITED STATES, et al. <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No: 1:06-cv-01873-RMU <br> ) <br> ) <br> ) <br> ) |

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the United States' MOTION TO DISMISS and proposed ORDER were served upon plaintiff *pro se* on February 16, 20077 by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

>Clare L. Reading
>James L. Reading
>*Plaintiffs pro se*
>2425 East Fox Street
>Mesa, AZ 85123

>/s/ Pat S. Genis
>PAT S. GENIS, #446244

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CLARE L. READING and<br>JAMES L. READING | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | No: 1:06-cv-01873-RMU |
| UNITED STATES, et al. | )<br>)<br>) | |
| Defendants. | ) | |

**O R D E R**

Having considered the United States' motion to dismiss the complaint, together with the memorandum in support thereof, and having further considered plaintiffs' [lack of] opposition thereto, the Court concludes that the motion ought to be granted. Accordingly, it is this _____ day of _____, 2007, at Washington, District of Columbia,

ORDERED that the United States' motion to dismiss be and is GRANTED;

ORDERED that plaintiffs' complaint be and is DISMISSED; and it is further

ORDERED that the Clerk shall distribute conformed copies of this order to the parties and representatives of the parties listed below.

_____
UNITED STATES DISTRICT JUDGE

2248113.1

COPIES TO:

PAT S. GENIS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044

Clare L. Reading
James L. Reading
*Plaintiffs' pro se*
2425 East Fox Street
Mesa, AZ 85123

2248113.1