UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| CLARE READING *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 06-1873 (RMU) |
| | : | | |
| v. | : | Document No.: | 67 |
| | : | | |
| UNITED STATES *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

### MEMORANDUM ORDER

### GRANTING THE DEFENDANTS' MOTION TO DISMISS

The *pro se* plaintiffs bring this case to enjoin the defendant from selling their pickup truck at a tax auction. The defendants maintain that the United States seized the plaintiffs' truck in relation to the government's tax assessment and collection duties. Defs.' Mot. to Dismiss at 7. Presumably, the government seized the plaintiffs' pickup truck because the plaintiffs have failed to pay their taxes. The defendants move for dismissal, arguing that the plaintiffs failed to properly serve the defendants, that the individual defendants are entitled to qualified immunity, and that the plaintiffs have failed to (and exhaust) seek administrative remedies. *Id.* For these reasons and more, the court grants the defendants' motion to dismiss.

Because the defendants filed their motion to dismiss on February 16, 2007, the plaintiffs' opposition was due by February 28, 2007. LcvR 7(b); FED. R. CIV. P. 6(a). The plaintiffs did not file an opposition. The court deems the plaintiffs' failure to oppose as a concession of the motion. *Fox v. American Airlines, Inc.*, 389 F.3d 1291, 1295 (D.C. Cir. 2004) (stating that "as we have often observed, '[w]here the district court relies on the absence of response as a basis for treating the motion as conceded, we honor its enforcement of the rule'") (internal citations

omitted). On this basis alone, the court grants the defendants' motion for dismissal.

As alternative grounds, the court notes briefly the following. First, plaintiff Clare Reading, by effecting service personally, Proof of Service (Nov. 27, 2006), has violated the Federal Rule 4, which requires that service be made "by any person who is not a party." FED. R. CIV. P. 4(c)(2). Without proper service, the court lacks personal jurisdiction over the defendants, and dismissal is routine. *Light v. Wolf*, 816 F.2d 746, 750-751 (D.C. Cir. 1987). Second, because the plaintiffs complaint raises questions as to the Internal Revenue Code, their exclusive remedy is suit brought under 26 U.S.C. § 7433, which requires that the plaintiffs exhaust administrative remedies. 26 U.S.C. § 7433 (d)(1); *See Holt v. Davidson*, 441 F. Supp. 2d 92, 96 (D.D.C. 2006) (noting that the plaintiffs' failure to allege exhaustion deprives the court, pursuant to § 7433, of the authority to entertain the claims). Finally, the plaintiffs' underlying claim is that the defendants wrongfully seized their pickup truck. And yet, to maintain the suit, the plaintiffs must concede the lawfulness of the tax assessments and liabilities. 28 U.S.C. § 2410(a); *Aqua Bar & Lounge, Inc. v. Dep't of Treasury*, 539 F.2d 935, 939-940 (3d Cir. 1976). Because the plaintiffs dispute their tax liability in the first instance, Compl. ¶ 36-48, their suit pursuant to § 7433 fails; they must bring suit in Tax Court or concede and satisfy their tax liability and then bring suit under § 7433. *Id.*

For these reasons, it is this 2nd day of March, 2007 hereby

**ORDERED** that the defendants' motion to dismiss is **GRANTED**.

**SO ORDERED**.

                                               RICARDO M. URBINA
                                               United States District Judge