Internal Revenue Service  
Appeals Office  
210 East Earll Drive  
MS 8000 PX  
Phoenix, AZ 85012

Department of the Treasury

**Person to Contact:**
Paul Baker
Employee ID Number: 86-16917
Tel: (602) 207-8175
Fax: (602) 207-8116

Date: OCT 1 6 2006

**Refer Reply to:**
AP:FW:PHX:PCB

**In Re:**
Collection Appeals Program - Seizure

CLARE READING
GENERAL MANAGER OF SUDDER
GROUP, LLC
2425 EAST FOX STREET
MESA AZ 85213

**Tax Period(s) Ended:**
12/31/1993 12/31/1994 12/31/1995

Dear Ms. Reading:

This letter is regarding your appeal of the Service's collection decision. You are appealing the seizure of a 2005 Nissan Titan Pickup.

The issues you address in your appeal, and our responses to them, are stated below:

- §6501 – Violated the three year statute of limitations on assessment. This did not occur in the taxpayer's case, since the three year rule only applies to filed returns. Returns for the periods involved in this appeal were never filed. The assessments were made by the Service and are known as Substitute for Returns.
- §6502 – Violated the ten year statute of limitations for collection. The taxpayer appears to be referring to the 1993 assessment that appeared on the Form 668-B, Levy. This document was signed by both the Group and Territory Managers on May 3, 2006, and May 4, 2006, respectively. At that time, the ten year statute of limitations for collection of the 1993 liability did not expire until May 20, 2006. Since the seizure of the vehicle did not occur until September 22, 2006, the Service recognizes that no proceeds from the seizure will be applied to 1993, since its collection statute had expired May 20, 2006.
- §6331(a) and §6303 – Never served a notice and demand for tax. Several demand notices have been issued since these assessments were made. The final one was sent via certified mail on March 2, 2006. It was returned to the Revenue Officer by the Postal Service as "Unclaimed."
- §6212 and §6213 – Failed to issue a Notice of Deficiency. The Service's records indicate that Notices of Deficiency were issued for each Substitute for Return, but that no response was received from he taxpayer.
- §7214(a)(2) – Knowingly demanding sums greater than allowed by statute. As is noted above, since the collection statute for 1993 expired May 20, 2006, resulting in a current liability of zero, no proceeds from the vehicle seizure will be applied to this period. With regards to the 1994 and 1995 liabilities, interest and penalty additions made to tax assessments are determined by statute.



EXHIBIT: A   PAGE: 1   of 2

- §6335 giving rise to §7214(a)(7) — Violation for failure to obtain the Area Director prior to commencing this action. Since the vehicle seized is classified as personal property, the approval of the Area Director is not a requirement.
- §7214(a)(1) — Proceeding in willful oppression under color of law seizing property under statutory authority that is without jurisdiction over Claimant's property. §6331 authorizes seizure authority. The Service complied with all requirements to affect the seizure of the vehicle, including Area Counsel's approval in issuance of the Nominee Lien and Levy.

Our decision is that the Compliance function was justified in instituting the seizure proceeding. The Service is given authority to collect taxes through levy when the taxpayer has not resolved the tax liability. The seizure action is sustained in full.

Therefore, we are returning your appeal case file to the Compliance Function. Any questions you might have
should be addressed to Revenue Officer Ann Taylor. Her telephone number is (520)205-5019.

Sincerely,

For Mary N. Brown
Appeals Team Manager

CC: Ann Taylor, Revenue Officer



EXHIBIT A  PAGE 2  of 2

U.S. District Court

District of Columbia (Washington, DC)

CIVIL DOCKET FOR CASE #: 1:06-cv-01873-RMU

READING et al v. UNITED STATES et al  
Assigned to: Judge Ricardo M. Urbina  
Demand: $63,000  
Cause: 28:1345 Property Damage

Date Filed: 11/01/2006  
Jury Demand: None  
Nature of Suit: 380 Personal Property: Other  
Jurisdiction: U.S. Government Defendant

| Date Filed | # | Docket Text |
|---|---|---|
| 03/02/2007 | 11 | ORDER granting 7 Motion to Dismiss. Signed by Judge Ricardo M. Urbina on 3/2/07. (djr) (Entered: 03/02/2007) |
| 03/01/2007 |  | Remark: Order entered on 3/1/2007, will not reflect a paper order. The order entered was a Minute Order. (jwd) (Entered: 03/01/2007) |
| 03/01/2007 |  | MINUTE ORDER granting 8 Motion to Vacate clerk's entry of default. Signed by Judge Ricardo M. Urbina on 3/1/07. (djr) Modified on 3/1/2007 (jwd). (Entered: 03/01/2007) |
| 02/26/2007 | 10 | MOTION for Preliminary Injunction by CLARE L. READING, JAMES L. READING. (Attachments: # 1 Exhibit # 2 Text of Proposed Order)(jf, ) (Entered: 03/01/2007) |
| 02/26/2007 | 9 | MOTION for Temporary Restraining Order by CLARE L. READING, JAMES L. READING. (Attachments: # 1 Exhibit # 2 Text of Proposed Order)(jf, ) (Entered: 03/01/2007) |
| 02/22/2007 | 8 | MOTION to Vacate *Entry of Default* by UNITED STATES. (Attachments: # 1 Text of Proposed Order)(Genis, Pat) (Entered: 02/22/2007) |
| 02/16/2007 | 7 | MOTION to Dismiss *, memorandum in support* by UNITED STATES. (Attachments: # 1 Text of Proposed Order)(Genis, Pat) (Entered: 02/16/2007) |
| 02/16/2007 | 6 | VACATED PURSUANT TO ORDER OF 3/1/2007.....Clerk's ENTRY OF DEFAULT as to UNITED STATES (jf, ) Modified on 3/2/2007 (nmw, ). (Entered: 02/16/2007) |
| 02/09/2007 | 5 | AFFIDAVIT FOR DEFAULT by CLARE L. READING, JAMES L. READING. (jf, ) (Entered: 02/16/2007) |

EXHIBIT **B** | PAGE **1** | of **2**

| 01/30/2007 | 4 | NOTICE of Lis Pendens by CLARE L. READING, JAMES L. READING (jf, ) (Entered: 01/31/2007) |
| --- | --- | --- |
| 12/15/2006 | 3 | ADDITIONAL ATTACHMENT by CLARE L. READING, JAMES L. READING 1 Complaint filed by CLARE L. READING,, JAMES L. READING,. (Attachments: # 1 Exhibit)(jf, ) (Entered: 12/19/2006) |
| 11/27/2006 | 2 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to UNITED STATES ; ANN TAYLOR; PAUL CHASE; CINDY MASON; BOB CAREY served on 11/13/2006, answer due 1/12/2007, RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the US Attorney. UNITED STATES served on 11/13/2006, answer due 1/12/2007; ANN TAYLOR served on 11/13/2006, answer due 1/12/2007; PAUL CHASE served on 11/13/2006, answer due 1/12/2007; CINDY MASON served on 11/13/2006, answer due 1/12/2007; BOB CAREY served on 11/13/2006, answer due 1/12/2007 (jf, ) (Entered: 11/30/2006) |
| 11/01/2006 |   | SUMMONS (6) Issued as to UNITED STATES, ANN TAYLOR, PAUL CHASE, CINDY MASON, BOB CAREY, U.S. Attorney and U.S. Attorney General (jf, ) (Entered: 11/06/2006) |
| 11/01/2006 | 1 | COMPLAINT against UNITED STATES, ANN TAYLOR, PAUL CHASE, CINDY MASON, BOB CAREY ( Filing fee $ 350 receipt number 4616000085.)filed by CLARE L. READING, JAMES L. READING. (Attachments: # 1 Civil Cover Sheet)(jf, ) (Entered: 11/06/2006) |

| EXHIBIT | PAGE | of |
| --- | --- | --- |
| B | 2 | 2 |

Default - Rule 55A (CO 40 Revised-DC 02/00)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

READING et al

    Plaintiff(s)

v.

UNITED STATES et al

    Defendant(s)

Civil Action No. 1:06-cv-01873-RMU

UNITED STATES

RE:

## DEFAULT

It appearing that the above-named defendant(s) failed to plead or otherwise defend this action though duly served with summons and copy of the complaint on November 31, 2006, and an affidavit on behalf of the plaintiff having been filed, it is this 16th day of February, 2006 declared that defendant(s) is/are in default.

| EXHIBIT | PAGE | of |
|---|---|---|
| C | 1 | 1 |

NANCY MAYER-WHITTINGTON, Clerk

By: _____ Jackie Francis _____
        Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICK LEE BOHALL,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES GOVERNMENT,<br><br>Defendant. | Civil Action 06-01482 (HHK) |

ORDER DIRECTING PLAINTIFF TO RESPOND
TO DEFENDANT'S MOTION TO DISMISS

Defendant filed a motion to dismiss on January 16, 2007 [#8]. In *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the D.C. Circuit held that a district court must take pains to advise a *pro se* party of the consequences of failing to respond to a dispositive motion. "That notice ... should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case." *Id.* at 509. Plaintiffs are also referred to Local Rule 7(b) which provides that a party has 11 days within which to respond to a motion. Otherwise, under certain circumstances, the court may treat the motion as conceded.

Accordingly, it is by the court this 7th day of February, 2007, hereby

EXHIBIT D   PAGE 1   of 2

**ORDERED** that plaintiff file an opposition to defendant's motion on or before March 6, 2007. If plaintiff fails to file a response or opposition to defendant's motion by this deadline, the court may enter judgment in favor of defendant.

Henry H. Kennedy, Jr.
United States District Judge

| EXHIBIT | PAGE | of |
|---------|------|-----|
| D | 2 | 2 |

Department of the Treasury - Internal Revenue Service



Notice of

# Public Auction Sale

Under the authority in Internal Revenue Code section 6331, the property described below has been seized for nonpayment of internal revenue taxes due from: Clare Reading.
The property will be sold at public auction as provided by Internal Revenue Code section 6335 and related regulations.

| | |
|---|---|
| Date of Sale: | Friday; 03/09/2006 |
| Time of Sale: | 10:00 am.    Bidder Registration: 9:00 am. |
| Place of Sale: | Valley Towing; 2617 N. 16th Street; Phoenix, AZ. |
| Title Offered: | Only the right, title, and interest of the Taxpayer in and to the property will be offered for sale. If requested, the Internal Revenue Service will furnish information about possible encumbrances, which may be useful in determining the value of the interest being sold. |
| Description of Property: | 2002 Ford Expedition XLT; 4 door wagon/sport utility vehicle; 5.4 liter V8 engine; VIN 1FMRU15L22LA51534. Odometer reading 19,424 miles (approximate). |
| Property may be viewed: | Sale location; one hour prior to sale at 2617 N. 16th Street; Phoenix, AZ. |
| Payment Terms: | [X] Full payment of the successful winning bid amount within one hour after the auction concludes Prospective bidders must have 20% of their expected winning bid money at time of registration to bid on vehicle. Funds will be verified. See form of payment below. |
| Form of Payment: | All payments must be by cash, certified check, cashier's or treasurer's check or by a United States postal, bank, express, or telegraph money order. Make check or money order payable to the United States Treasury. Sorry, no credit cards, business checks, personal checks, or letters of credit accepted. |

| Signature<br>S. Massel  *S. Massel* | Name and Title (Typed)<br>Steven Massel<br>Property Appraisal & Liquidation Specialist | Date<br>02/01/2007 |
|---|---|---|
| Address for information About the Sale<br>300 N Los Angeles St; MS:5850; Los Angeles, CA 90012<br>Steven.R.Massel@irs.gov | | Phone<br>213-220-5987<br>(mobile number) |

| EXHIBIT | PAGE | of |
|---|---|---|
| E | 1 | 5 |

**Internal Revenue Service**
Area Director

Department of the Treasury

Date: 02/07/2007

Social Security or
Employer Identification Number:

In Reply Refer to:
06-06-10-061
Person to Contact:
S. Massel
Contact Telephone Number:
213-220-5987
Employee Identification Number:
95-09435

Clare Reading
2425 E. Fox Street
Mesa, AZ 85213

The minimum bid worksheet on the back shows how we figured the minimum bid price for the seized property. The minimum bid price is established to protect your interest in the property. It reflects the lowest amount we will accept for that property at our sale. However, the minimum bid cannot be more than your tax liability plus the expenses of the seizure and sale.

If you do not agree with the values used to determine the minimum bid amount, you may request a valuation engineer from the IRS, if one is available, or a professional appraiser, acceptable to both you and the IRS, to re-evaluate the figures used. If the values recommended by the valuation engineer or the professional appraiser are unacceptable, a second appraisal can be requested. We will then use both appraisals to re-figure the value of the property. The appraisal costs are to be paid by you or may be made part of the expenses of levy and sale and added to your tax liability.

If we do not hear from you within 10 days from the date shown above, we will assume you agree with the established minimum bid price. If you have any questions, please contact the person whose name and telephone number are shown above.

Sincerely yours,

Property Appraisal and Liquidation Specialist



| EXHIBIT | PAGE | of |
|---|---|---|
| E | 2 | 5 |

*(Reverse side of Part 3 — Taxpayer Copy)*  Catalog No. 23185U   www.irs.gov   Form **4585** (Rev. 6-2002)

| Form **4585** (Rev. June 2002) | Department of the Treasury — Internal Revenue Service<br>**Minimum Bid Worksheet** | ☒ Initial<br>☐ Revised | |
|---|---|---|---|
| 1. Taxpayer name *(from Balance Due)*<br>Clare Reading | | 2. Seizure number<br>06-06-10-061 | |
| 3. Liability *(including unassessed accrued amounts)* | | $ 2,336,833.95 | |
| 4. Estimated expenses of sale *(from Form 2433)* | | $ 800.00 | **Amount** |
| 5. Property value *(from Form 2433)* | | | $ 19,975.00 |
| 6. Property value reduction *(not to exceed 25%)* | | 25 % | $ 4,993.75 |
| 7. Forced sale value *(Line 5 minus Line 6)* | | | $ 14,981.25 |
| 8. Percentage of forced sale value *(normally 20%)* | | 20 % | $ 2,996.25 |
| 9. Reduced forced sale value *(Line 7 minus Line 8)* | | | $ 11,985.00 |

10. **Prior Claims**
*(from Form 2434-B, get Counsel opinion when necessary)*

| Name and Address of Claimant | Type of Claim | Date Recorded | Balance Due / Date Verified |
|---|---|---|---|
| | | | $ -0- |
| | | | |
| | | | |

| 11. Total of prior claims | ▶ | -0- |
|---|---|---|
| 12. MINIMUM BID PRICE *(Line 9 minus Line 11)* | | $ 11,985.00 |

13. Explain how the fair market value was determined.
FMV determined by current market value of vehicle researched on Kelly Blue Book, autotrader.com and trucktrader.com.

14. Remarks *(Explain the basis for the percentage reductions used. For revised minimum bids, explain the reason for the revision.)*
Full reductions of 25% and 20% used because IRS sales are conducted on cash basis; and the IRS cannot guarantee condition or fitness for use.



| 15. Signature of Service employee<br>Steven Massel | | Date<br>02/07/2007 |
|---|---|---|
| 16. Approval signature<br>Gary A Smith | Title<br>PALS Group Manager | Date<br>02/07/2007 |

*(Remove carbon before completing letter on back of Part 3)*
Part 3— Taxpayer Copy    Catalog No. 23185U    www.irs.gov    Form **4585** (Rev 6-2002)

# AFFIDAVIT OF EVENTS

On Tuesday, February 20, 2007 at approximately 9:00 A.M. we telephoned Steven R. Massel, IRS Property Appraiser and Liquidation Specialist, to let him know our 3 main objections to the papers he delivered on Friday, February 16, 2007 at approximately 2:40 P.M.

The 3 papers delivered to us by Steven Massel regarded the re-scheduling of the Public Auction Sale of property seized by the Internal Revenue Service from 2425 East Fox Street, Mesa, Arizona on the afternoon of Friday, September 22, 2006 and 2 pages from Form 4585 regarding the Minimum Bid Worksheet.

Steven Massel did not answer our call so we left a message on his voice mail and he returned our call on Tuesday, February 20, 2007 at approximately 5:50 P.M.

During that conversation we told Steven Massel that the property was incorrectly identified as a 2002 Ford Expedition XLT which was not the property seized from 2425 East Fox Street, Mesa, Arizona on September 22, 2006.

We demanded that Steven Massel send documents identifying the property correctly.

We told Steven Massel that the Minimum Bid he calculated was far less than the true value of the seized property, as the IRS is not an Auto Dealer conducting a trade-in or a retail sale and that the Kelly Blue Book Private Sale for the seized property in excellent condition should be used.

Steven Massel said that we could use another IRS appraiser, but that we would be charged, or we could hire our own appraiser if we did not agree with the Minimum Bid.
He said that he did not recommend using an IRS appraiser, as a private appraiser would more likely come up with a higher figure.

Steven Massel said that we could verify the Minimum Bid procedure by looking in the Internal Revenue Manual at 5.10.4.6.

We told him that since the Notice of Public Auction Sale was dated February 1, 2007 and that since Form 4585 was dated February 7, 2007 with the statement: "If you do not agree ... you have ten days from the date noted above ..." was not delivered to us until February 16, 2007 (the 10th day being Saturday, February 17, 2007) was a malicious act.

Steven Massel said that the proper Public Notice appeared in the *Record Reporter* on February 14, 2007.

When we visited the *Record Reporter* in downtown Phoenix in October of 2006, we were told that the 'official notices for sale of IRS seized property is the *Phoenix Business Gazette*', once again adding to our list of frustrations in our attempts to receive straight, honest answers in anything having to do with the Internal Revenue Service.

Telephone Call from S. Massel 2-20-07



| EXHIBIT | PAGE | of |
|---|---|---|
| E | 4 | 5 |

Page 1 of 2

Steven Massel said that 'that doesn't matter because the sale isn't until March 9, 2007, so you still have plenty of time'.

We told Steven Massel that when dealing with correspondence and notices and Title 26 of the United States Code and other statutes and lower and Supreme Court Rulings that it is our belief that it is strictly the words printed in black and white upon which we should rely and that he and his agency not following this principle is one of our main contentions.

We reminded Steven Massel that the valid Lis Pendens regarding the property seized by the IRS from 2425 East Fox Street, Mesa, Arizona on September 22, 2006 was still in effect and that the current litigation had not yet been decided by the judge.

Steven Massel said that he was "only following instructions" to resume the sale and that any legal matter would have to be directed to the IRS attorneys.

We asked if there was a log kept of phone conversations such as this one and Steven Massel said that he did keep a log. We asked him to be certain to note in the log that the Lis Pendens is still valid and that the current litigation has not been decided upon by the court.

We also old Steven Massel that we had sent a letter to him noting our objections to the papers he delivered to us on February 16, 2007.

I declare under penalty of perjury under the laws of the United States of America pursuant to Title 28 § 1746(1) that the foregoing is true and correct to the best of my knowledge, understanding and belief and that this is my true and correct signature.
All rights retained without recourse.

_Clare Louise Reading_  
Clare Louise Reading

_James Leslie Reading_  
James Leslie Reading

Arizona State, a Republic   )
                            ) ss.
Maricopa County             )

The foregoing instrument was acknowledged before me this __2__ day of ___March___, 2007, by Clare Louise Reading and James Leslie Reading, who are personally known to me.

_John A Wilson_   My Commission expires: _12-19-08_
Signature of Notary Public

seal

John A. Wilson
Notary Public - Arizona
Maricopa County
My Commission Expires
December 19, 2008

EXHIBIT E   PAGE 5   of 5

Telephone Call from S. Massel 2-20-07                Page 2 of 2