IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| CLARE L. READING and<br>JAMES L. READING<br><br>   Plaintiffs,<br><br>   v.<br><br>UNITED STATES, et al.<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)  No: 1:06-cv-01873-RMU<br>)<br>)<br>)<br>) |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION FOR RECONSIDERATION AND
WITHDRAWAL OF ORDER**

This is a civil action in which plaintiffs sought to quiet title under 28 U.S.C. § 2410, to enjoin the Internal Revenue Service from selling their pickup truck, damages and declaratory relief.

STATEMENT & DISCUSSION

1. <u>Background</u>.  Plaintiffs, Clare L. & James L. Reading, filed a complaint on November 1, 2006 seeking to quiet title under 28 U.S.C. § 2410 of their pickup truck which the Internal Revenue Service had seized because of plaintiffs' failure to pay federal income taxes.  (PACER #1.)  Plaintiffs filed an affidavit of default on February 9, 2007, which the Clerk entered on February 16, 2007.  (PACER # 5 & 6.)   The United States filed a motion to dismiss on February 16, 2007 and a motion to vacate entry of default on February 22, 2007.  (PACER #7 & 8.)  The Court vacated the entry of default on March 1, 2007 and dismissed plaintiffs' complaint on March 2, 2007.  (PACER #11.)

2339261.1

2. <u>The United States motion to dismiss</u>.  The United States asserted in its motion to dismiss that 1) plaintiffs failed to properly serve the United States; 2) the individual defendants are entitled to qualified immunity; and 3) plaintiffs failed to exhaust administrative remedies.

3. <u>The Court's order of dismissal</u>.  In its March 2, 2007 memorandum order, the Court dismissed plaintiffs' complaint on the grounds stated in the United States' motion to dismiss.  (Mem. at 1.)  The Court also dismissed the complaint on the grounds that the motion to dismiss was deemed conceded by plaintiffs' failure to file an opposition to the motion.  (Mem. at 1-2.)  And, the Court dismissed the complaint on the following alternate grounds: 1) the attempt by plaintiff Clare Reading to herself effect service on the United States violated Fed.R.Civ.P 4(c)(2), which requires service by a non-party, and thus deprived the Court of personal jurisdiction over the United States; 2) plaintiffs' exclusive remedy for claims arising under the Internal Revenue Code is under 26 U.S.C. § 7433, and plaintiffs failed to exhaust the administrative remedies required by the statute; and 3) plaintiffs failed to state a claim under 28 U.S.C. § 2410(a) because they failed to concede the lawfulness of the tax assessments and liabilities.  (Mem. at 2.)

3. <u>Plaintiffs' motion for reconsideration</u>.  Plaintiffs argue that 1) their complaint established subject-matter jurisdiction in this Court; 2) the Court failed to advise them of their duty to respond to the motion to dismiss as required by *Fox v Strickland,* 837 F.2d 507, (D.D.C. 1988); 3) service by Clare L. Reading was proper; 4) they were not allowed to oppose the United States' motion to vacate the entry of default; and 5) the Court has jurisdiction over their claims under numerous statutes and the Fed.R.Civ.P. 57 & 65.

For the reasons stated in the United States' motion to dismiss, motion to vacate entry of default and the Court's memorandum order, the Court properly vacated the entry of default and dismissed plaintiffs' complaint. No further discussion of plaintiffs' arguments 1, 3, 4 & 5 is required here.

With respect to argument #2, plaintiffs assert that the Court failed to issue a *Strickland* order advising them to respond to the United States' motion to dismiss. In *Fox v. Strickland*, the Court of Appeals held that a district court must take pains to advise an incarcerated *pro se* plaintiff of the consequences of failing to respond to a summary judgment motion. 837 F.2d at 509. "That notice . . .should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case." *Id*. Were it the case that the Court dismissed plaintiffs case solely because they did not respond to the United States' motion to dismiss, plaintiffs' argument might make sense. But in this case, the Court gave several other reasons why the case should be dismissed, including lack of personal jurisdiction over the United States and plaintiffs' failure to exhaust administrative remedies. Accordingly, plaintiffs' response or lack thereof would not have changed the irrefutable legal grounds compelling dismissal of their complaint. Thus the lack of a *Strickland* notice is immaterial.1/

---

1/ *Strickand*, by its terms, should apply only to <u>incarcerated</u> *pro se* litigants and motions for summary judgment. However, this Court has routinely cited the case as requiring the court to so advise every *pro se* litigant about any dispositive motion. *See, e.g., Stephens v. United States*, 437 F.Supp.2d 106, 108 (D.D.C. 2006).

2339261.1                                  2

## CONCLUSION

It is the position of the United States that plaintiffs' motion for reconsideration should be denied.

DATE: March 23, 2007.                    Respectfully submitted,

                                                    /s/ Pat S. Genis
                                                 PAT S. GENIS, #446244
                                                 Trial Attorney, Tax Division
                                                 U.S. Department of Justice
                                                 Post Office Box 227
                                                 Washington, DC  20044
                                                 Tel./FAX:  (202) 307-6390/614-6866
                                                 Email: pat.genis@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the United States' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION AND WITHDRAWAL OF ORDER was served upon plaintiffs *pro se* on March 23, 2007 by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

>Clare L. Reading
>James L. Reading
>*Plaintiffs pro se*
>2425 East Fox Street
>Mesa, AZ 85123

>/s/ Pat S. Genis
>PAT S. GENIS, #446244