Clare L. Reading and James L. Reading
c/o 2425 East Fox Street
Mesa, Arizona [85213]

(480) 964-0199

Plaintiffs, in *Pro Se*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Clare L. Reading and James L. Reading,<br><br>  Plaintiffs,<br><br>vs.<br><br>UNITED STATES *aka*, UNITED STATES OF AMERICA, a Federal Corporation, ANN TAYLOR, PAUL CHASE, CINDY MASON and BOB CAREY,<br><br>  Defendants. | Case No. 1:06-cv-01873-RMU<br><br>MOTION TO STRIKE DEFENDANTS' MEMORANDUM IN OPPOSITION TO MOTION FOR RECONSIDERATION AS UNTIMELY AND MOOT AND GRANT MOTION FOR RECONSIDERATION AS CONCEDED<br><br>Clare L. Reading and James L. Reading |

COMES NOW Clare L. Reading and James L. Reading Plaintiffs, proceeding on their own behalf, moving this court to strike the United States' untimely memorandum in opposition to Plaintiffs' motion for reconsideration as untimely and moot and grant motion for reconsideration as conceded.

As the Court's record reflects, Defendants have failed to reply to Plaintiffs' motion for reconsideration within 11 days, as required by LCvR 7(b). Unlike *pro se* Plaintiffs, Counsel for the Defendants is a United States Attorney, is a licensed Bar member and again has

intentionally abused the Court's process attempting to strategize against the Plaintiffs as *pro se* litigants who must meet the procedural challenge of the complex civil process.

For these and other reasons, Plaintiffs move this Court to strike the United States' memorandum in opposition as it is untimely and moot or in the alternative, grant motion for reconsideration as conceded.

I.

### Statement of the Case

1. Plaintiffs filed their Verified Complaint pursuant to an illegal seizure and taking of personal property on November 2, 2006 and Defendants were duly served with the Summons and Complaint on November 13, 2006.

2. On November 30, 2006, the Court entered a docket entry giving the Defendants 60 days or until January 12, 2007 to answer or otherwise respond (see Docket #2).

3. Defendants failed to answer or otherwise respond and on February 2, 2007, Plaintiffs filed an affidavit for default (see Docket #5) and the Court Clerk entered a default against Defendants on February 16, 2007 (see Docket 6).

4. Thirty-five (35) days past the 60-day time to answer or respond and – after the default was entered – Defendants filed a motion to dismiss on February 16, 2007 (see Docket #7).

5. Defendants' motion to dismiss was not accompanied by a motion to set aside the default..

6. Five (5) days after Defendants filed their motion to dismiss, they decided to file a motion to set aside the default; however, said motion failed to be accompanied by a "Verified Answer" as required by LCvR 7(g). Moreover, the motion to dismiss cannot be considered

verified answer to satisfy this local rule because it was not verified and it did not accompany the motion to set aside the default.

7. On February 26, 2007, Plaintiffs filed a motion for a temporary restraining order and a motion for preliminary injunction (see Docket # 9 and #10).

8. On March 1, 2007, regardless of the untimely filing of the procedurally invalid motion to set aside the default that violated LCvR 7(g), the Court granted the motion and set aside the default (see Docket Entry 03/01/2007).

9. On March 2, 2007, the Court ruled on Defendants' untimely filed motion to dismiss, granting said motion and terminating this case without allowing Plaintiffs due process of filing a motion for reconsideration or an appeal (see Docket #11).

10. Plaintiffs filed a motion for reconsideration with a memorandum of points and authorities on March 8, 2007.

11. The Defendants filed an untimely memorandum in opposition on March 23, 2007, which also violates the local rules of this Court, specifically LCvR 7(b), which specifies that within eleven (11) days "the opposing party shall serve and file a memorandum in opposition to the motion" and "If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded."

12. Defendants' memorandum in opposition (which simply reiterates the presumed conclusions found the Court's memorandum order; i.e. Plaintiffs failed to exhaust administration remedies, etc.) was not filed and served within the eleven (11) days or March 19, 2007, but was filed and served on the fifteenth (15th) day, in violation of LCvR 7(b) The Defendants' memorandum was untimely filed and; therefore, should be stricken as moot.

II.

## Memorandum of Points and Authorities

### Questions For Clarification

- Does this Court hold Defendants and their Counsel to the same stringent standards to comply with the Court's local rules as they hold *Pro Se* litigants?

- Does this Court show bias against *Pro Se* litigants and show favoritism to Defendants' Counsel when making decisions on their motions?

- Will this Court consider Defendants' memorandum in opposition to Plaintiffs' motion for reconsideration when it was filed and served four (4) days after the required deadline to be considered conceded?

13. As the Court's record reflects, the Defendants have violated LCvR 7(g) by (1) filing a motion to dismiss **after the entry of default**, (2) filing a motion to set aside the entry of **default which did not contain the required "Verified Answer"** all without any recognition from the clerk or the Court.

14. In disregard of Defendants' violation of LCvR 7(g), the Court granted Defendants' procedurally invalid motion to set aside the entry of default and the very next day granted Defendants' motion to dismiss then closed the case without allowing for a motion for reconsideration or an appeal.

15. Continuing on the course of violation of the local rules, Defendant's caused a memorandum in opposition to be filed fifteen (15) days from service of Plaintiffs' motion for reconsideration instead of the proscribed eleven (11) days, in violation of Local Civil Rule 7(b).

16. Plaintiffs, in and on their own behalf, are giving notice and moving this Court, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, for an Order striking the entire pleading as it is untimely and is therefore, without the Court's jurisdiction.

17. Furthermore, a read of the Defendants' motion is wholly redundant and immaterial. Rule 12(f) provides that a court "may order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." The Ninth Circuit ruled in: *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) stating in pertinent part:" Rule 12(f) provides that a court "may order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. . . ." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1382, at 706-07 (1990). "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* at 711. Superfluous historical allegations are a proper subject of a motion to strike. See, e.g., *Healing v. Jones*, 174 F. Supp. 211, 220 (D.Ariz. 1959)"

18. In this instant case, Defendants have failed to file and timely serve a Reply pursuant to LCvR 7(b) which states: **"Within *eleven days* of service . . . an opposing party shall serve a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded."** "Service by U.S. mail . . . is complete on the date of mailing." See *Russell v. City of Milwaukee*, 338 F.3d 662, 665-667 (7th Cir. 2003);

## Conclusion

The Court must hold Defendants and their Counsel to the same standards that they have held the *pro se* litigants. Without belaboring the issues before the Court, the Plaintiffs have fully established that the Defendants' memorandum in opposition is untimely served and filed and; therefore, is moot and should be stricken and Plaintiffs' motion for reconsideration should be granted as conceded.

**WHEREFORE**, Plaintiffs Clare L. Reading and James L. Reading moves this Court issue an Order striking Defendants' memorandum in opposition as untimely and moot and grant Plaintiffs' motion for reconsideration as conceded which are the only just and proper remedies.

## VERIFICATION

I, Clare L. Reading and James L. Reading, declare under penalty of perjury pursuant to 28 U.S.C. § 1746(1) that the foregoing to be true and correct to the best of my knowledge, understanding and belief. All Rights retained without recourse.

On this 28th day of March 2007

/s/: *Clare Louise Reading*
Clare L. Reading, Plaintiff

/s/: *James Leslie Reading*
James L. Reading, Plaintiff

*Martha A. Acierto*
Notary
Commission Expires:
June 17, 2007

March 28, 2007



OFFICIAL SEAL
MARTHA A. ACIERTO
NOTARY PUBLIC-ARIZONA
MARICOPA COUNTY
My Commission Expires June 17, 2007

## CERTIFICATE OF SERVICE

I, Clare L. Reading, certify that on this 28th day of March 2007, I mailed a true copy of the MOTION TO STRIKE UNITED STATES' REPLY AS UNTIMELY AND MOOT AND GRANT THE MOTION FOR RECONSIDERATION AS CONCEDED, MEMORANDUM OF POINTS AND AUTHORITIES by certified mail postage fully prepaid addressed to the following:

Pat S. Genis, Trial Attorney
U.S. DOJ, Tax Division
PO Box 227
Ben Franklin Sta.
Washington D.C. 20044

Certified Mail No. 7006 2760 0003 9688 4934

/s/: *Clare Louise Reading*
Clare L. Reading, Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Clare L. Reading and James L. Reading, )
)
        Plaintiffs, )
)
vs. )    Case No. 1:06-cv-01873-RMU
)
UNITED STATES, et al., )
)
        Defendants. )

## ORDER

Having considered the Plaintiffs' motion to strike Defendants' memorandum in opposition to Plaintiffs' motion for reconsideration or in the alternative grant the motion for reconsideration as conceded, together with the memorandum in support thereof, and any opposition thereto, the Court concludes that the motion ought to be granted. Accordingly, it is this ___ day of _____, 2007, at Washington, D.C.

**ORDERED** that Plaintiffs' motion to strike Defendants' memorandum in opposition to Plaintiffs' motion for reconsideration or in the alternative grant the motion for reconsideration as conceded be and is **GRANTED**;

**ORDERED** that _____

_____; and it is further

**ORDERED** that the Clerk shall distribute a conformed copies of this Order to the representatives of the parties listed below.

_____
UNITED STATES DISTRICT JUDGE

MAIL COPY TO:

Pat S. Genis, Trial Attorney
U.S. DOJ, Tax Division
PO Box 227
Ben Franklin Sta.
Washington D.C. 20044


Clare L. Reading
James L. Reading
c/o 2425 East Fox Street
Mesa, Arizona [85213]