James L. Reading and Clare L. Reading
c/o 2425 East Fox Street
Mesa, Arizona [85213]
(480) 964-0199

Plaintiffs, in Pro Se

RECEIVED
AUG 2 4 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Clare L. Reading and James L. Reading,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES a.k.a. UNITED STATES OF AMERICA, a Federal Corporation, ANN TAYLOR, PAUL CHASE, CINDY MASON and BOB CAREY,<br><br>Defendants. | Case No. 06-cv-01873-RMU<br><br>**MOTION FOR ORDERS DISPOSING OF THE MOTIONS PENDING BEFORE THE COURT**<br><br>(No Oral Arguments Requested) |

COMES NOW Clare L. Reading and James L. Reading, Plaintiffs in the above-referenced matter, moving for Orders disposing of the motions pending before the Court, for good cause as follows.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

#### I.
#### Statement of the Facts

1. Plaintiffs filed their Verified Complaint pursuant to an illegal seizure and taking of personal property on November 1, 2006 and Defendants were duly served with the Summons and Complaint on November 13, 2006(see Docket #1).

2. On November 30, 2006, the Court entered a docket entry giving the Defendants 60 days or until January 12, 2007 to answer or otherwise respond (see Docket #2).

3. Defendants failed to answer or otherwise respond and on February 2, 2007, Plaintiffs filed an affidavit for default (see Docket #5) and the Court Clerk entered a default against Defendants on February 16, 2007 (see Docket 6).

4. Thirty-five (35) days past the 60-day time to answer or respond and – after the default was entered – Defendants filed a motion to dismiss on February 16, 2007 (see Docket #7).

5. Defendants' motion to dismiss was not accompanied by a motion to set aside the default.

6. Five (5) days after Defendants filed their motion to dismiss, they decided to file a motion to set aside the default; however, said motion failed to be accompanied by a "Verified Answer" as required by LCvR 7(g). Moreover, the motion to dismiss cannot be considered a verified answer to satisfy this local rule because it was not verified and it did not accompany the motion to set aside the default.

7. On February 26, 2007, Plaintiffs filed a motion for a temporary restraining order and a motion for preliminary injunction (see Docket # 9 and #10).

8. On March 1, 2007, regardless of the untimely filing of the procedurally invalid motion to set aside the default that violated LCvR 7(g), the Court granted the motion and set aside the default (see Docket Entry 03/01/2007).

9. On March 2, 2007, the Court ruled on Defendants' untimely filed motion to dismiss, granting said motion and terminating this case without allowing Plaintiffs due process of filing a motion for reconsideration or an appeal (see Docket #11).

10. Plaintiffs filed a motion for reconsideration with a memorandum of points and authorities on March 8, 2007 (see Docket#12).

11. The Defendants filed an untimely memorandum in opposition on March 23, 2007, which also violates the local rules of this Court, specifically LCvR 7(b), which specifies that within eleven (11) days "the opposing party shall serve and file a memorandum in opposition to the motion" and "If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded." (See Docket #13)

12. Defendants' memorandum in opposition (which simply reiterates the presumed conclusions found the Court's memorandum order; i.e. Plaintiffs failed to exhaust administration remedies, etc.) was not filed and served within the eleven (11) days or March 19, 2007, but was filed and served on the fifteenth (15th) day, in violation of LCvR 7(b). The Defendants' memorandum was untimely filed and; therefore, should be stricken as moot (see Docket #14).

13. On March 28, 2007, The Plaintiffs filed a motion to strike Defendants' memorandum in opposition to Plaintiffs' motion for reconsideration as untimely and, therefore, moot (see Docket #15).

## II.
## Memorandum Of Points And Authorities

- Can either party file a Motion for Summary Judgment when the court has not disposed of motions pending before the Court?

9. In *Brainard v. American Skandia Life Assur. Corp.*, 432 F.3d 655, 667 (6th Cir. 2005) the court states:

> "Generally, a district court should dispose of motions that affect the record on summary judgment before ruling on the parties' summary judgment motions. E.g., *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 n. 5, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Indeed, such an approach makes sense given that a court cannot determine the scope of materials properly before it without first ruling on any pending evidentiary or other discovery motions."

- What do the local rules state regarding disposing of motions?

10. Because it has been more than 162 days from the filing of Plaintiffs' Motion for Reconsideration, in the interest of justice and judicial economy, the Plaintiffs move this Court dispose of motions pending as the only just and proper remedy.

**WHEREFORE,** The Plaintiffs' motions are entitled to be timely disposed of by this Court and Plaintiffs Clare L. Reading and James L. Reading pray for relief as follows:

i. Grant this Motion for Orders to dispose of motion pending before this Court;

ii. The Court issue a finding of facts and conclusions of law in disposing of the motions;

iii. The Court deny the UNITED STATES' Motion to Dismiss

iv. The Court grant Plaintiffs' Application for Preliminary Injunction and Restraining Order;

v. Other remedy the Court deems just and proper.

### VERIFICATION

I/we, Clare L. Reading and James L. Reading, declare under penalty of perjury under the laws of the United States of America and pursuant to 28 U.S.C. § 1746(1), believe the above to be true and correct to the best of our knowledge and understanding. All rights retained without recourse.

This 21 day of August 2007

_____
Clare L. Reading, Plaintiff
c/o 2425 East Fox Street
Mesa, Arizona [85213]
(480) 964-0199

_____
James L. Reading, Plaintiff
c/o 2425 East Fox Street
Mesa, Arizona [85213]
(480) 964-0199

## CERTIFICATE OF SERVICE

I, Clare L. Reading, certify that on August 21, 2007, I mailed a true copy of the above MOTION FOR ORDERS DISPOSING OF PENDING MOTIONS BEFORE THE COURT by certified mail, postage fully prepaid and addressed as follows:

Pat S. Genis, Trial Attorney
U.S. DOJ, Tax Division
PO Box 227
Ben Franklin Sta.
Washington D.C. 20044

Certified Mail No. 7006 0100 0002 2116 3692

/s/: _Clare Louise Reading_
Clare L. Reading