UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| CLARE READING *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 06-1873 (RMU) |
| | : | | |
| v. | : | Document Nos.: | 12, 15, 17 |
| | : | | |
| UNITED STATES *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

DENYING THE PLAINTIFFS' MOTION FOR RECONSIDERATION;
DENYING THE PLAINTIFFS' MOTION TO STRIKE; AND DENYING AS MOOT
THE PLAINTIFFS' MOTION TO DISPOSE OF MOTIONS

**I. INTRODUCTION AND BACKGROUND**

The *pro se* plaintiffs return to the court with a motion for reconsideration of the order dismissing their complaint. The complaint maintains that the United States seized the plaintiffs' truck in relation to the government's tax assessment and collection duties. Compl. ¶¶ 8-16. It seeks an injunction preventing the defendants from selling the truck at a tax auction, the vehicle's return and monetary damages. *Id.* at 36-37. The plaintiffs filed an affidavit of default on February 9, 2007. On February 16, 2007, the clerk of the court entered a default against the defendants. The same day, the defendants moved for dismissal. Defs.' Mot. to Dismiss at 16. On February 22, 2007, the defendants followed up with a motion to vacate the entry of default. The plaintiffs filed no response to either motion. On March 2, 2007, the court granted both of the defendants' motions and dismissed the plaintiffs' complaint, citing lack of service, failure to exhaust remedies, lack of subject-matter jurisdiction and concession by failure to respond.

On March 8, 2007, the plaintiffs filed a motion for reconsideration. On March 23, 2007,

the defendants filed an opposition. The plaintiffs replied on March 28, 2007 with a motion to strike the opposition. The defendants did not respond. On August 24, 2007, the plaintiffs filed a motion requesting that the court dispose of the pending matters. Because the plaintiffs offer no persuasive reasoning for the court to reverse its decision or to strike the defendant's opposition, the court denies their motion for reconsideration and their motion to strike. Because this disposes of all pending matters, the court denies the plaintiffs' August 24, 2007 motion as moot.

## II. ANALYSIS

Challenging the order of dismissal, the plaintiffs argue that the court failed to advise them of their duty to respond to the motion to dismiss, that they were denied an opportunity to oppose the defendants' motion to vacate the entry of default, that service was proper, that the court has jurisdiction over their claims under numerous statutes and that they did exhaust administrative remedies and further efforts would have been futile. Pls.' Mot. for Reconsid. ¶¶ 21, 25, 27, 43.

### A. Legal Standard for Motion for Reconsideration of Final Judgment

Under Rule 60(b), the Court may grant a party relief from an adverse judgment on grounds, *inter alia*, of "mistake, inadvertence, surprise, . . . excusable neglect[,] . . . [or] newly discovered evidence which by due diligence could not have been discovered." FED. R. CIV. P. 60(b); *see Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005) (stating that "Rule 60(b) allows a party to seek relief from a final judgment . . . under a limited set of circumstances") (footnote omitted). "Relief under Rule 60(b)(1) motions is rare; such motions allow district courts to correct only limited types of substantive errors." *Hall v. CIA*, 437 F.3d 94, 99 (D.C. Cir. 2006). In general, "Rule 60(b) was intended to preserve the delicate balance between the sanctity of final judgments

and the incessant command of the court's conscience that justice be done in light of all the facts." *Smalls v. United States*, 471 F.3d 186, 191 (D.C. Cir. 2006) (internal quotation marks and citation omitted).  The rule "cannot be employed simply to rescue a litigant from strategic choices that later turn out to be improvident." *Id.* (internal quotation marks and citation omitted).  Moreover, "[t]o obtain Rule 60(b) relief, the movant must give the [court] reason to believe that vacating the judgment will not be an empty exercise or a futile gesture." *Norman v. United States*, 467 F.3d 773, 775 (D.C. Cir. 2006) (internal quotation marks and citation omitted).

Because the plaintiffs never responded to the defendants' motion to dismiss and motion to vacate, and in light of the absence of a letter from the court to the *pro se* plaintiffs advising them that this omission jeopardized their case, the court will not apply the standard of a motion for reconsideration.  Instead, the court will construe the plaintiffs' motion for reconsideration as an opposition to the above motions and apply the legal standard appropriate for deciding a motion to dismiss and a motion to vacate entry of default, which are set forth below.

### B. The Plaintiffs' Procedural Rights Have Not Been Infringed

The plaintiffs argue that because they were denied an opportunity to oppose the defendants' motion to vacate the entry of default their procedural rights were infringed, and, therefore, the court should vacate its order of dismissal.  Pls.' Mot. for Reconsid. ¶ 21.  Default judgments are disfavored by modern courts.  *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980).  Accordingly, under Federal Rule of Civil Procedure 55(c), so long as judgment has not yet been entered, a default may be set aside for "good cause shown." *Id.* (quoting FED. R. CIV. P. 55(c)).  The decision to set aside an entry of default rests in the discretion of the district court. *Keegel v. Key West & Caribbean Trading Co., Inc.*, 627 F.2d 372, 373 (D.C. Cir. 1980).  In

exercising such discretion, a court must consider whether (1) the default was willful, (2) a vacatur would prejudice the plaintiff, and (3) the alleged defense was meritorious. *Id.*

The defendants filed their motion to vacate the entry of default on February 22, 2007, six days after they filed their motion to dismiss. Significantly, the motion to vacate recited the same arguments that appeared in the motion to dismiss. Defs.' Mot. to Vacate Default at 1 (referring the court to the motion to dismiss for the arguments in support of the motion to vacate). Among other points, the motion to dismiss argued that the plaintiffs, by personally serving the defendants, failed to effect proper service. Mar. 2, 2007 Order at 2.

As an initial matter, good cause exists for vacatur when the defendant pleads a failure to effect service by the plaintiffs. *Bennett v. United States*, 462 F. Supp. 2d 35 (D.D.C. 2006). Lack of prejudice to the plaintiffs further supports the court's granting of vacatur. The "entry of a default is largely a formal matter and is in no sense a judgment by default." MOORE'S FED. PRAC. ¶ 55.03[2], at 55-21 (2d ed.1994). Indeed, where the United States is the defendant, a default judgment may not be entered "unless the claimant establishes a claim or right to relief by evidence satisfactory to the court." FED. R. CIV. P. 55(e). Consequently, the plaintiffs could not have merely rested their case on the entry of default by the Clerk's office; rather, they would have had to respond to the defendants' arguments in the motion to dismiss. Under these circumstances, the vacatur caused no prejudice.

Additional reasons demonstrate an absence of harm. When a plaintiff is ultimately granted an opportunity to respond on the merits, he suffers no prejudice. *See Guthery v. United States*, 2007 WL 259940 at *2 (D.D.C. Jan. 30, 2007) (granting vacatur on grounds of lack of prejudice to the *pro se* plaintiff from the defendant filing motion to dismiss two days late). The

4

court has construed the plaintiffs' current motion for reconsideration as an opposition to the defendants' original motions, and foregone applying the more stringent standard associated with a motion for reconsideration. The plaintiffs' inability to respond to the motion to vacate, therefore, caused them no harm, as they were ultimately afforded an opportunity to adjudicate this case on the merits.

The plaintiffs also claim that because the court failed to advise them of their duty to respond to the motion to dismiss, it denied them their procedural rights under *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), requiring the trial court to issue a notice to a *pro se* plaintiff of the consequences of failing to respond to a dispositive motion. Pls.' Mot. for Reconsid. ¶ 21. Here, however, the absence of an order advising the plaintiffs to respond to the motion to dismiss did not prejudice them. As an initial matter, the court disposed of the motion on several grounds independent of concession by the plaintiffs for failure to respond. Mar. 2, 2007 Order at 2; *cf. Fox*, 837 F.2d at 509 (noting that trial court dismissed complaint after treating motion to dismiss as conceded). Furthermore, the court's subsequent consideration of the plaintiffs' motion for reconsideration provided them a renewed opportunity to respond in full to the motion to dismiss. *Guthery*, 2007 WL at *2; *see also Wemhoff v. Floria*, 961 F.2d 964, 964 (D.C. Cir. 1992) (finding no prejudice when court ultimately addressed the arguments of the opponent to a motion to dismiss in a final order); *Donovan v. Local 6, Wash. Teachers' Union, AFL-CIO*, 747 F.2d 711, 720 (D.C. Cir. 1984). The opportunity for the *pro se* plaintiff to respond to a dispositive motion is precisely the right that the notice requirement secures. *Ham v. Smith*, 653 F.2d 628, 630 (D.C. Cir. 1981). Were the court to grant the plaintiffs' motion for reconsideration due to the alleged procedural defects, the granted relief (renewed briefing on the motion to dismiss)

would accomplish nothing other than to waste the parties and the court's time – a frivolous end, indeed.

The plaintiffs further argue that because the defendants filed their opposition to the motion for reconsideration three days late, it should be stricken. The local rules provide only that, in such circumstances, "the Court may treat the motion as conceded." LcvR 7(b). As the plaintiffs can demonstrate no prejudice from this minor delay, and as the doctrine of the law of the case cautions the court against rendering inconsistent judgments on the same law and facts, the interests of justice militate against striking the opposition. *Yesudian ex rel. U.S. v. Howard Univ.*, 270 F.3d 969, 971 (D.C. Cir. 2001) (affirming district court's decision to accept the defendant's late response because the "court [found] lack of prejudice to plaintiff, delay was brief, and there was no suggestion of material effect on proceedings or of bad faith").

For their last salvo on procedural grounds, the plaintiffs contend that, because the defendants did not attach an answer to their motion to vacate the entry of default, the court erred in granting it. Pls.' Mot. to Strike ¶ 6. Local Rule 7(g) requires a motion to vacate entry of default to be accompanied by "a verified answer presenting a defense sufficient to bar the claim in whole or in part." LCvR 7(g). Although the defendants did not file a verified answer with their motion, they had already filed a motion to dismiss. The Federal Rules of Civil Procedure permit a party to file a motion to dismiss for lack of subject matter jurisdiction or failure to state a claim instead of an answer. FED. R. CIV. P. 12(b). Given that the motion to dismiss was filed prior to the motion to vacate the entry of default, the court did not err in granting it. *See Owens v. Republic of Sudan*, 374 F. Supp. 2d 1, 9 (D.D.C. 2005) (declaring that "this Court is unaware of any decision in which a court has struck a motion to dismiss following an entry of default

because the motion to vacate the default was filed without an answer").

### C. The Plaintiffs Did Not Properly Effectuate Service

The plaintiffs also dispute the court's ruling on failure of service. The court held that plaintiff Clare Reading, by effectuating service personally, violated the Federal Rules of Civil Procedure, which require that service be made "by any person who is not a party." March 2, 2007 Order at 2; FED. R. CIV. P. 4(c)(2). The plaintiffs argue that Rule 4(i) permit service by certified mail, which is how they performed service. Pls.' Mot. for Reconsid. ¶ 12. But Rule 4(c) expressly and clearly prohibits a plaintiff from effectuating service on a defendant. *See, e.g.*, *Otto v. United States*, 2006 WL 2270399, at *2 (D.D.C. 2006) (explaining that while "Rule 4(i) may govern govern *how* service may be effected in a suit against the United States, it does not change Rule 4(c)(2)'s requirements governing *who* may effect service").

Indeed, Rule 4 is not so wide in scope as to encompass the notion of a plaintiff (even one proceeding *pro se*) "effectuat[ing] service by Certified Mail via the Post Master General," as the plaintiffs here argue. Pls.' Mot. for Reconsid. ¶ 7; *see Powell v. Bureau of Prisons*, 927 F.2d 1239, 1248-49 (D.C. Cir. 1991) (Sentelle, J., dissenting) (observing that "even pro se claimants are subject to procedural requirements, particularly where those requirements are established for reasons of judicial efficiency"). "The plaintiff generally bears responsibility for appointing an appropriate person to serve a copy of his complaint and the summons upon a defendant," who "is usually a commercial process server plaintiff has contracted with to effectuate service for a fee." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996); FED. R. CIV. P. 4(c)(1). Plaintiffs in special circumstances, such as those proceeding *in forma pauperis*, however, may employ alternative means, as it is likely that they cannot afford to hire a process server. *Byrd*, 94 F.3d at 219. For

this reason, Congress has provided that the officers of the court "shall issue and serve all process" when a plaintiff is proceeding without costs. 28 U.S.C. § 1915(c). The court can find no authority, however, for the proposition that Congress ever contemplated carving a loophole into the procedural rules to permit a plaintiff to serve a defendant by indirectly effectuating service through the postal service. As the absence of proper service deprives the court of personal jurisdiction over the defendants, dismissal is required not only *de rigueur* but *de jure*. *Light v. Wolf*, 816 F.2d 746, 750-751 (D.C. Cir. 1987).

### D. The Plaintiffs Did Not Bring Suit Under § 7433, Their Exclusive Remedy for Damages

In its dismissal order, the court also held that because the plaintiffs' complaint claims $63,000 in treble damages incurred by a tax collection, their exclusive remedy is a suit brought under 26 U.S.C. § 7433, requiring the plaintiffs to exhaust administrative remedies. Mar. 2, 2007 Order at 2; 26 U.S.C. § 7433 (d)(1); *see Holt v. Davidson*, 441 F. Supp. 2d 92, 96 (D.D.C. 2006) (noting that the plaintiffs' failure to allege exhaustion deprives the court, pursuant to § 7433, of the authority to entertain the claims). The plaintiffs argue that they did exhaust remedies, citing a letter denying their appeal of the seizure of their vehicle. Pls.' Mot. for Reconsid. ¶ 26. To properly exhaust remedies a taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer. 26 C.F.R § 301.7433-1(e)(1); *Holt*, 441 F. Supp. 2d at 96. The plaintiffs do allege that they presented such a claim for damages to the IRS. Compl. ¶¶ 12-14. They do not allege a claim under § 7433, however. Thus, the court cannot

entertain their complaint.

### E. The Plaintiffs' Complaint Lacks a Proper Jurisdictional Foundation

In its dismissal order the court also held that to maintain their quiet title suit for the seized truck, the plaintiffs would have to concede the lawfulness of the tax assessments and liabilities. Mar. 2, 2007 Order at 2; 28 U.S.C. § 2410(a) ("Quiet Title"); *Aqua Bar & Lounge, Inc. v. Dep't of Treasury*, 539 F.2d 935, 939-940 (3d Cir. 1976). Noting that the plaintiffs dispute their tax liability, Compl. ¶ 36-48, the court ruled that their suit necessarily failed because they must bring suit in Tax Court or concede and satisfy their tax liability and then bring suit under § 7433. *Aqua Bar*, 539 F.2d at 939-940.

The plaintiffs counter that they are not bringing suit under § 2410 but under 5 U.S.C. §§ 701-06, the Administrative Procedure Act ("the APA"). Pls.' Mot. for Reconsider. ¶ 43. But this maneuver is bootless. An action brought under the APA is barred if it concerns the assessment or collection of federal taxes. *McGuirl v. United States*, 360 F. Supp. 2d 129, 131-32 (citing *Foodservice and Lodging Inst., Inc. v. Regan*, 809 F.2d 842, 844 (D.C. Cir. 1987)). The APA's waiver of sovereign immunity, moreover, does not apply to suits for money damages. *Larsen v. Navy*, 346 F. Supp. 2d 122, 128 (D.D.C. 2004). Therefore, the APA does not grant the court jurisdiction over the plaintiffs' claims against the United States.

The plaintiffs also assert that, even if the above bases are inadequate, they may maintain their suit under numerous other provisions, namely: 28 U.S.C. § 1651 (the All Writs Act); 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332 (diversity of citizenship jurisdiction); 28 U.S.C. § 1340 (acts involving internal revenue); 28 U.S.C. § 1346 (recovery of illegal tax); 28 U.S.C. § 1367 (supplemental jurisdiction); 28 U.S.C. § 3002(15)(a) (provision

defining "United States"); FED. R. CIV. P. 57 (declaratory judgments); and FED. R. CIV. P. 65 (injunctions). Compl. at 2; Pls.' Mot. for Reconsider. ¶ 25.

None of these statutes establishes the prerequisite to a suit against the federal government – waiver of sovereign immunity. *Lombard v. United States*, 690 F.2d 215, 218 (D.C. Cir. 1982). Section 1651 does not waive sovereign immunity. *Benvenuti v. Dep't of Defense*, 587 F. Supp. 348, 352 (D.D.C. 1984). Similarly, merely raising an issue of federal question or diversity does not effect a waiver, *id.* at 352, nor does the general grant of jurisdiction of § 1340. *Aqua Bar*, 539 F.2d at 935. Section 1346 does not constitute a waiver because, as noted earlier, the exclusive remedy for a tax suit is 26 U.S.C. § 7433. *Ross v. United States*, 460 F. Supp. 2d 139, 149 (D.D.C. 2006). As for supplemental jurisdiction, it is nonexistent absent a basis for original jurisdiction. *Hurt v. Borders*, 210 Fed. Appx. 15, 15 (D.C. Cir. 2006). Section 3002(15)(a) merely defines "United States" for the purposes of 28 U.S.C. §§ 3001 *et. seq.* 28 U.S.C. § 3002(15). Finally, as far as the Federal Rules of Civil Procedure are concerned, "Congress has preserved the immunity of the United States from declaratory and injunctive relief with respect to all tax controversies [unrelated to non-profits]." *Murphy v. IRS*, 2007 WL 1892238, at *3 (D.C. Cir. July 3, 2007). Consequently, none of the plaintiffs' claims survive.

### III.  CONCLUSION

For the foregoing reasons, the court denies the defendants' motion to strike, motion for reconsideration and motion to dispose. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 13th day of September, 2007.

RICARDO M. URBINA<br>
United States District Judge